UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

    Plaintiff,

v.                                                                                             Case No: 6:24-cv-2098-JSS-UAM

JOHN C. VETTER, LINDA E. COCO,
JEFFREY S. WEISS, SANDRA M.
SOVINSKI, SVETLANA S. SHTROM,
YOUNDY C. COOK, ELIZABETH A.
KLONOFF, KAREN C. KLINE,
ROBERT A. SWEETAPPLE, ALEN
H. HSU, FLOYD E. ANDERSON,
JOHN M. BUSTAMANTE, ARY M.
CHANG, JOE F. SOUTHRON,
ROBIN S. FORET, LATIKA K.
EIFERT, DEBORAH V. VAN
VECHTEN, JEFFREY M.
SHAINLINE, MICHAEL D.
GERHOLD, MILTON M. FENG,
PAUL R. PINSUKANJANA,
YUNPENG SONG, MARK W.
BERANEK, CHARLES B. KUZNIA,
HANNIBAL M. WARE, RON D.
DESANTIS, MELINDA M. MIGUEL,
ASHLEY M. MOODY, PAETRA T.
BROWNLEE, ANGELA M.
GALLAGHER, BAHAA E. SALEH,
SABINE M. O'NEAL, ROBERT J.
TAFT, TINA M. MAIER, MARK. S.
SOLOMON, KEVIN A. KEELING,
and JOHN M. TABOADA,

    Defendants.
_____/

**ORDER**

Plaintiff moves to disqualify the undersigned, (Dkts. 12, 39), and, in the alternative, for a certificate of appeal, (Dkt. 39 at 10). Upon consideration, and for the reasons outlined below, the motions are denied.

**BACKGROUND**

Plaintiff initiated this action ("*Deppe II*") on November 15, 2024, alleging "attempted extortion and stalking, cyber-stalking, assaults, batteries[,] and additional crimes committed by Florida and Texas attorneys conspiring with judges, government employees, employees of universities, and others . . . while litigating evidence of the crimes of perjury the attorneys had committed as part of an intellectual property theft scheme." (Dkt. 1 at 4.) This "intellectual property theft scheme" refers to another case currently pending before the undersigned, *Deppe v. Sovinski*, No. 6:23-cv-1484-JSS-UAM ("*Deppe I*"). Though *Deppe II* was originally assigned to District Judge Wendy Berger and then-Magistrate-Judge Embry Kidd, Judge Berger transferred the case to the undersigned on December 17, 2024, pursuant to Local Rule 1.07(a). (Dkt. 18.) Since then, Judge Kidd has been appointed to the Eleventh Circuit Court of Appeals, and thus, the case is not currently assigned to a designated magistrate judge. (*See* Dkt. 29.)

On December 5, 2024, Plaintiff filed a Motion for Disqualifications and Recusals "pursuant to 28 U.S.C. §§ 133, 455 for the judges who are already identified in the Complaint of this lawsuit[] as having participated in the organized government

crime that became part of the court proceedings they oversaw," that is, *Deppe I*.[1] (Dkt. 12 at 1.) This included Judge Berger, Judge Kidd, and the undersigned, as well as District Judge Timothy Corrigan, who also sits in this district but who has not presided over either this case or *Deppe I*. (*Id.* at 7.) On January 8, 2025, after this case was transferred to the undersigned, Plaintiff filed a renewed motion for disqualification of the undersigned specifically. (Dkt. 39.) He alleges that the undersigned "is identified in the Complaint and has a conflict of interest due to her participation in using the court system in criminal stalking, assaults, and batteries," and, therefore, that the undersigned's "involvement in the proceedings violates 28 U.S.C. § 455." (*Id.* at 1.)

These allegations stem from Plaintiff's claims in *Deppe I*, where he alleges that the University of Central Florida "fil[ed] false ownership documents into the [United States Patent and Trademark Office] patent records in . . . 2019" in an effort to appropriate certain of Plaintiff's inventions. (*Id.* at 2.) As a result, Plaintiff brought suit in state and federal court. (*Id.* at 4.) At that point, he contends that this court and Florida's Ninth Judicial Circuit Court became involved in the "organized government crime scheme," participating "in extortion, stalking, assaults and batteries, and additional perjury on the courts' dockets." (*Id.* at 3.) Plaintiff claims that the judges in these matters "were assigned to the court proceedings for the purpose of assisting the attorneys in obstructing justice and covering up the government crimes." (*Id.*) He

---

[1] As in *Deppe II*, Judge Berger and Judge Kidd were originally assigned to *Deppe I*, but that case, too, was subsequently reassigned to the undersigned. *See Deppe I*, 6:23-cv-1484-JSS-UAM, (Mar. 18, 2024) (Dkt. 71).

alleges a quid pro quo relationship between the judges involved in these cases and the government defendants, asserting that the judges "worked with attorneys in attempts to throw the cases," (Dkt. 12 at 3), in exchange for their judicial appointments:

> Each of the judges assigned in these cases that have included government stalking have been newly appointed judges, including . . . [the undersigned] . . . . The implications are that the newly appointed judges are being required to do favors in obstructing justice for the high-ranking elected and appointed government officials who may have engaged in malfeasance or other wrongdoing[] as part of obtaining their judicial appointments.

(Dkt. 1-24 at 7.)

Plaintiff moves to disqualify Judge Berger, Judge Kidd, Judge Corrigan, and the undersigned from presiding over this action. (Dkts. 12, 39.) If his motions are denied, he requests the court certify the denial for appeal. (Dkt. 39 at 10.)

## APPLICABLE STANDARDS

Pursuant to this court's local rules, new cases must be "randomly assign[ed]," and "[t]he clerk cannot change the initial assignment without an order from the judge or the chief judge." M.D. Fla. R. 1.05(a). Moreover, "[t]he clerk must report promptly to the chief judge an apparent attempt to evade the random assignment of an initial paper." *Id.* "[A] judge can temporarily modify or suspend the application of any rule, except Local Rule 1.05(a)." M.D. Fla. R. 1.01(b). However, Local Rule 1.07(a)(2) permits a case to be subsequently reassigned to another judge with the transferee judge's consent "at any time and for any reason" or at the direction of the chief judge in certain circumstances.

Under 28 U.S.C. § 144, a judge must recuse herself when a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." However, to warrant recusal under this provision, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Similarly, "[a] judge should recuse [herself] under § 455(a) when there is an appearance of impropriety." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(a)). "[T]he standard of review for a § 455(a) motion is 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]'" *Id.* (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Section 455(b) of Title 28 of the United States Code requires disqualification when a judge has "a personal bias or prejudice concerning a party," any "interest that could be substantially affected by the outcome of the proceeding," or "[i]s to the judge's knowledge likely to be a material witness in the proceeding." "Under [§ 455(b)] . . . recusal is mandatory" because "[i]n such situations, the potential for conflicts of interest are readily apparent." *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001) (quotation omitted). While "any doubts must be resolved in favor of recusal," *Patti*, 337 F.3d at 1321, "[a] judge should not recuse [herself] based upon unsupported, irrational, or tenuous allegations," *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988).

Under 28 U.S.C. § 1292(b), a district judge may certify interlocutory orders for immediate appeal to the Circuit Court of Appeals. However, this is only allowed where (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and where (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory review under § 1292(b) is the "rare exception" to the rule that the "great bulk of [the appellate court's] review must be conducted after final judgment." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

## ANALYSIS

The court first considers Plaintiff's arguments that the undersigned recuse herself from this matter. Because the court determines that Plaintiff has stated no basis for recusal, the court then turns to his request for a certificate of appeal.

### A. Motions for Disqualification

As a preliminary matter, Plaintiff's request that Judge Berger, Judge Kidd, and Judge Corrigan recuse themselves from this matter is due to be denied as moot. Judge Berger has transferred the case to the undersigned and is therefore no longer presiding over it. (*See* Dkt. 18.) Similarly, because Judge Kidd has been elevated to the Eleventh Circuit, he no longer presides over this matter as the assigned magistrate judge. The request to disqualify Judge Corrigan is singular given that he has never presided over this matter. To the extent that Plaintiff believes Judge Corrigan may have had authority over this matter as the previous chief judge of this district, Judge Corrigan is no longer the chief judge and thus has no connection to this matter.

With regard to the undersigned, Plaintiff contends that there is a high likelihood that Local Rule 1.05(a) was violated, given the random assignment of *Deppe II* to Judge Berger and Judge Kidd. (Dkt. 39 at 7; *see id.* ("[T]he actual statistics . . . produce odds greater than 99.9% that the court system violated Local Rule 1.05(a) in assigning the judges.").) However, Plaintiff does not explain how this supports his argument for the undersigned's recusal, nor is the court aware of any such basis. Similarly, Plaintiff's intimation that Judge Berger's transfer of this case to the undersigned constitutes a "clear message" that this court "and the clerk's office are being told to use the court system in such a fashion even in the face of violations of local rules or federal statutes" misapprehends the court's rules. (*Id.*) This case was transferred to the undersigned because it is related to Plaintiff's earlier-filed case that is currently pending before the undersigned, *Deppe I*. *See* M.D. Fla. R. 1.07(a)(2)(A) ("If the transferee judge consents, the judge to whom the clerk assigns an action can transfer the action at any time and for any reason."); *Wall v. State*, No. 8:22-cv-664-KKM-SPF, 2022 WL 2872514, at *2 ("[A]lthough cases must be randomly assigned at initiation, the Clerk can change an assignment with an order from the judge or chief judge. Local Rule 1.07(a)(2)(C) even contemplates that non-random transfers to the judge presiding over an earlier filed and related case *should* occur."). Accordingly, nothing about this case's original assignment or subsequent reassignment warrants the undersigned's recusal.

Plaintiff next argues that recusal is required by § 455(a) because the undersigned is "named in the Complaint and alleged to have taken part in the stalking, assaults, batteries, and additional perjury that occurred during" the proceedings in *Deppe I*.

- 7 -

(Dkt. 39 at 8.) The undersigned is not aware of any involvement she is purported to have had with such allegations, nor do Plaintiff's filings describe the undersigned's role in any of these allegations in detail. (*See, e.g.*, Dkt. 1 at 97 ("The stalking in [*Deppe I*] occurred from March[] 2024 through May[] 2024. The stalking also included actions by the judges on the court.").) "[A] judge, having been assigned to a case, should not recuse [herself] on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). Plaintiff's allegations as to the undersigned are too tenuous to warrant recusal. (*See* Dkt. 1-24 at 7 ("Each of the judges assigned in these cases that have included government stalking have been newly appointed judges . . . . The implications are that the newly appointed judges are being required to do favors in obstructing justice for the high-ranking elected and appointed government officials who may have engaged in malfeasance or other wrongdoing, as part of obtaining their judicial appointments.").) Thus, to grant Plaintiff's motions and recuse herself, the undersigned would be granting Plaintiff undue power over these proceedings. *See Wilkinson v. Tucker*, No. 12-80756-CIV-RYSKAMP/HOPKINS, 2013 WL 11762144, at *1 (S.D. Fla. Aug. 28, 2013) (reasoning that a judge should not unnecessarily recuse herself because otherwise "litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges" (quoting *Thomas v. Trs. for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998)). Plaintiff's motion to disqualify the undersigned pursuant to § 144 fails for the same reasons. (*See* Dkt. 12 at 5, 8.) *See Planned Parenthood of Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-

00236-WHO (JD), 2017 WL 4641940, at *2 (N.D. Cal. Oct. 17, 2017) ("[R]ecusal is not warranted under § 144 or § 455 based on mere speculation[.]" (citing *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)).

Plaintiff also raises three grounds for recusal under 28 U.S.C. § 455(b), claiming that the undersigned "has a personal bias or prejudice" against him, has an "interest that could be substantially affected by the outcome of the proceeding," and is "likely to be a material witness in the proceeding." (Dkt. 39 at 9 (quoting 28 U.S.C. § 455(b)).) The court addresses each in turn. First, the undersigned finds that Plaintiff's allegation that she is biased or prejudiced against him is unavailing because the grounds for this allegation, that she was "involve[d] in stalking, assaults, and batteries" against Plaintiff, are speculative and attenuated. *See Barnes v. Uhler*, No. 6:18-CV-06428 EAW, 2021 WL 780196, at *2 (W.D.N.Y. Mar. 1, 2021) ("Put simply, there is no evidence justifying recusal nor is there any basis for it. Petitioner's speculative claims of bias lack any factual basis and fail to provide grounds for the undersigned's recusal."). Second, and similarly, the undersigned does not find that Plaintiff's allegation that the undersigned "ha[s] participated in the organized government crime scheme" against him warrants dismissal under § 455(b)(4) because that allegation, too, lacks a factual basis. *See E.A. Renfroe & Co. v. Rigsby*, No. 06-AR-1752-S, 2008 WL 11375428, at *5 (N.D. Ala. Jan. 4, 2008) ("The word 'substantial' used in § 455(b)(4) means 'real,' in contrast to 'illusory' or 'speculative.'").

Finally, Plaintiff argues that the undersigned is likely to be a material witness in these proceedings because she is "identified in the Complaint . . . as having

participated in the organized government crime that became part of the court systems." (Dkt. 39 at 9.) This claim fails for the same reason that Plaintiff's other arguments under § 455(b) fail—the allegations of the undersigned's involvement in the purported conspiracy are too speculative to be given credence. Moreover, the alleged conspiracy at issue in this case is far-ranging, involving all three branches of the federal government, the United States military, and the Federal Bureau of Investigation, among others. (*See, e.g.*, Dkt. 1-24 at 2–8.) Because Plaintiff does not claim that the undersigned's testimony might offer something unique or distinguishable from the testimony that could be adduced by any number of other government officials, recusal is not warranted. *See Arrowood Indem. Co. v. City of Warren*, 54 F. Supp. 3d 723, 728 (E.D. Mich. Apr. 22, 2014) ("[A] judge is not required to recuse when there are other available witnesses that could provide the same testimony as that judge. It is well established that a judge is not a material witness where there are other available witnesses who can give the same testimony." (quotation omitted)); *see also United States v. Edwards*, 39 F. Supp. 2d 692, 706 (M.D. La. 1999) ("Attempts to disqualify judges by indicating that the judge will be called as a witness are not favored and are rarely granted. Such an easy method of disqualifying a judge should not be encouraged or allowed."). In sum, Plaintiff has not presented allegations sufficient to warrant recusal in this case. *See Washington v. United States*, No. 23-cv-00447-JST (RS), 2023 WL 7351836, at *1 (N.D. Cal. Oct. 30, 2023) ("A federal judge is presumed to be impartial, and the burden is therefore on the party seeking recusal to overcome this presumption.

Recusal is not warranted where claims of bias are purely speculative." (internal citation omitted)).

"[T]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Carter v. West Publ'g Co.*, No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. 1999) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). The court finds that Plaintiff has not demonstrated any basis for disqualification. The allegations Plaintiff raises in attempting to connect the undersigned to the purported government conspiracy at issue in this case are speculative and attenuated. Accordingly, the undersigned declines to recuse herself from this matter.

### B. Certificate of Appeal

Because the court will deny Plaintiff's motion, it must now consider Plaintiff's request for a certificate of appeal. (Dkt. 39 at 10.) This requires Plaintiff to show (1) that the court's order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) where an immediate appeal from the order may materially advance the termination of the litigation. 28 U.S.C. § 1292(b). Interlocutory appeals under § 1292(b) should "be used only in the exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is a serious doubt as to how it should be decided." *McFarlin*, 381 F.3d at 1256 (quotation omitted).

Here, the court does not find that certification is warranted, and Plaintiff's conclusory statements to the contrary are unavailing. (*See* Dkt. 39 at 10.) The question of law at issue in this Order is not the proper subject of a certificate of appeal under § 1292(b). *See McFarlin*, 381 F.3d at 1258 ("The term 'question of law' [as used in § 1292(b)] does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals can decide quickly and cleanly without having to study the record." (quotation omitted)). Even if it were, and even if Plaintiff had demonstrated that an interlocutory appeal would advance the litigation—which he has not—Plaintiff has not demonstrated that a substantial difference of opinion exists on this matter. (*See* Dkt. 39 at 10.) *See Daker v. Owens*, No. 6:14-cv-47, 2022 WL 3287919, at *4 (S.D. Ga. Aug. 11, 2022) ("[Plaintiff] has not shown that there is a substantial difference of opinion among courts, which is what [§] 1292(b) requires."). For these reasons, Plaintiff's request for a certificate of appeal is denied.

## CONCLUSION

Accordingly:

1. Plaintiff's Motion for Disqualification and Recusals (Dkt. 12) and Plaintiff's Motion Pursuant to 28 U.S.C. § 455 for Judge Sneed's Disqualification from the Court (Dkt. 39) are **DENIED**.

- 13 -

2. Plaintiff's request for a certificate of appeal (Dkt. 39 at 10) is **DENIED**.

**ORDERED** in Orlando, Florida, on January 31, 2025.

JULIE S. SNEED<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party