UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

    Plaintiff,

v.                                          Case No: 6:24-cv-2098-JSS-UAM

JOHN C. VETTER, LINDA E. COCO,
JEFFREY S. WEISS, SANDRA M.
SOVINSKI, SVETLANA S. SHTROM,
YOUNDY C. COOK, ELIZABETH A.
KLONOFF, KAREN C. KLINE,
ROBERT A. SWEETAPPLE, ALEN
H. HSU, FLOYD E. ANDERSON,
JOHN M. BUSTAMANTE, ARY M.
CHANG, JOE F. SOUTHRON,
ROBIN S. FORET, LATIKA K.
EIFERT, DEBORAH V. VAN
VECHTEN, JEFFREY M.
SHAINLINE, MICHAEL D.
GERHOLD, MILTON M. FENG,
PAUL R. PINSUKANJANA,
YUNPENG SONG, MARK W.
BERANEK, CHARLES B. KUZNIA,
HANNIBAL M. WARE, RON D.
DESANTIS, MELINDA M. MIGUEL,
ASHLEY M. MOODY, PAETRA T.
BROWNLEE, ANGELA M.
GALLAGHER, BAHAA E. SALEH,
SABINE M. O'NEAL, ROBERT J.
TAFT, TINA M. MAIER, MARK. S.
SOLOMON, KEVIN A. KEELING,
and JOHN M. TABOADA,

    Defendants.
_____/

## ORDER

On February 6, 2025, Plaintiff filed an unopposed Motion for Enlargement of Time to Serve Remaining Defendants and Amended Certificates of Service. (Dkt. 114.) Upon consideration, and for the reasons outlined below, the motion is granted.

Plaintiff filed his initial complaint on November 15, 2024, and thus had until February 13, 2025, to serve the Defendants named in that complaint under Federal Rule of Civil Procedure 4(m).[1] He requests a thirty-day extension to serve eight Defendants: Yunpeng Song, Michael D. Gerhold, Linda E. Coco, Floyd Anderson, John Vetter, Ary Chang, Paul Pinsukanjana, and Angela Gallagher. (*Id.* at 2, 6.) In his motion, Plaintiff outlines the attempts he has made to serve each of these individuals, with the exception of Gerhold. (*See id.*) Nevertheless, he states in his motion that he "has been diligent in attempting service on all [D]efendants," which the court credits. (*Id.* at 5.)

Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve defendant within 90 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). While good cause exists under Rule 4(m) "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service," *Nelson v. Barden*, 145 F. App'x 303, 309 (11th Cir. 2005)

---

[1] While Plaintiff has since filed an amended complaint, all of the Defendants who Plaintiff seeks more time to serve were named in the original complaint, and thus filing the amended complaint does not restart his time to serve them. *See Dahdouh v. Road Runner Moving & Storage, Inc.*, No. 20-CV-61935-RAR, 2021 WL 1617693, at *1 (S.D. Fla. Mar. 4, 2021) ("It is only when an amended complaint names a new defendant that the timetable for service upon the added defendant restarts." (citing *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011)).

(cleaned up), "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). *Accord Durgin v. Mon*, 659 F. Supp. 2d 1240, 1259 (S.D. Fla. 2009). Given Plaintiff's demonstrated efforts to locate and serve the remaining Defendants, and his stated diligence in attempting to serve all Defendants, the court determines that good cause exists to extend the time to effect service.

Accordingly:

1. Plaintiff's motion (Dkt. 114) is **GRANTED**.
2. Plaintiff is granted an additional thirty days from the date of this Order to serve Defendants Yunpeng Song, Michael D. Gerhold, Linda E. Coco, Floyd Anderson, John Vetter, Ary Chang, Paul Pinsukanjana, and Angela Gallagher.

**ORDERED** in Orlando, Florida, on February 18, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties