UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

    Plaintiff,

v.                                        Case No: 6:24-cv-2098-JSS-UAM

JOHN C. VETTER, LINDA E. COCO, JEFFREY S. WEISS, SANDRA M. SOVINSKI, SVETLANA S. SHTROM, YOUNDY C. COOK, ELIZABETH A. KLONOFF, KAREN C. KLINE, ROBERT A. SWEETAPPLE, ALEN H. HSU, FLOYD E. ANDERSON, JOHN M. BUSTAMANTE, ARY M. CHANG, JOE F. SOUTHRON, ROBIN S. FORET, LATIKA K. EIFERT, DEBORAH V. VAN VECHTEN, JEFFREY M. SHAINLINE, MICHAEL D. GERHOLD, MILTON M. FENG, PAUL R. PINSUKANJANA, YUNPENG SONG, MARK W. BERANEK, CHARLES B. KUZNIA, HANNIBAL M. WARE, RON D. DESANTIS, MELINDA M. MIGUEL, ASHLEY M. MOODY, PAETRA T. BROWNLEE, ANGELA M. GALLAGHER, BAHAA E. SALEH, SABINE M. O'NEAL, ROBERT J. TAFT, TINA M. MAIER, MARK. S. SOLOMON, KEVIN A. KEELING, and JOHN M. TABOADA,

    Defendants.
_____/

## ORDER

Defendants Sandra M. Sovinski, Svetlana S. Shtrom, Youndy C. Cook, Elizabeth A. Klonoff, Bahaa E. Saleh, and Sabine M. O'Neal move to stay the deadline for conducting the case management conference "and report responsibilities" until all Defendants have been served or accepted service of process and all forthcoming dispositive motions have been resolved. (Dkt. 76.) Plaintiff, Dr. Dennis G. Deppe, proceeding pro se, has since filed a separate motion to stay these proceedings until March 17, 2025, to allow him time to prepare a second amended complaint, which he asserts will address deficiencies in the operative amended complaint that certain of Defendants' counsel have identified for him. (Dkt. 149.) Plaintiff notes that "the majority" of Defendants are not opposed to his motion. (*Id.* at 11.)

District courts are afforded broad discretion in managing their docket. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases . . . [and] ensur[ing] that their cases move to a reasonably timely and orderly conclusion. This discretion is not wholly unfettered, but it is and must be broad."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre[]trial activities, including discovery and scheduling." (collecting cases)). Plaintiff intends to move to amend his complaint on or before March 17, 2025. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice

so requires."). Given Plaintiff's intended motion to amend, the court finds that a brief stay of these proceedings is warranted. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket."). However, the court denies Defendants' motion to stay at this time. Defendants may raise a subsequent motion to stay after they file their intended dispositive motions.

Accordingly:

1. Defendants' Motion to Stay and Reschedule Case Management Conference (Dkt. 76) is **DENIED**.

2. Plaintiff's Motion to Stay Proceedings for Plaintiff to Correct Deficiencies in Causes of Actions in First Amended Complaint and Move for Leave to File Second Amended Complaint (Dkt. 149) is **GRANTED**.

3. Plaintiff shall move to amend his complaint on or before March 17, 2025. Plaintiff is advised that failure to comply with this order may result in the dismissal of this action without further notice. (*See* Dkt. 8.)

4. This case is **STAYED** until March 17, 2025.

**ORDERED** in Orlando, Florida, on February 26, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties