UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

    Plaintiff,

v.   Case No: 6:24-cv-2098-JSS-UAM

JOHN C. VETTER, LINDA E. COCO, JEFFREY S. WEISS, SANDRA M. SOVINSKI, SVETLANA S. SHTROM, YOUNDY C. COOK, ELIZABETH A. KLONOFF, KAREN C. KLINE, ROBERT A. SWEETAPPLE, ALEN H. HSU, FLOYD E. ANDERSON, JOHN M. BUSTAMANTE, ARY M. CHANG, JOE F. SOUTHRON, ROBIN S. FORET, LATIKA K. EIFERT, DEBORAH V. VAN VECHTEN, JEFFREY M. SHAINLINE, MICHAEL D. GERHOLD, MILTON M. FENG, PAUL R. PINSUKANJANA, YUNPENG SONG, MARK W. BERANEK, CHARLES B. KUZNIA, HANNIBAL M. WARE, RON D. DESANTIS, MELINDA M. MIGUEL, ASHLEY M. MOODY, PAETRA T. BROWNLEE, ANGELA M. GALLAGHER, BAHAA E. SALEH, SABINE M. O'NEAL, ROBERT J. TAFT, TINA M. MAIER, MARK. S. SOLOMON, KEVIN A. KEELING, and JOHN M. TABOADA,

    Defendants.
_____/

## ORDER

Plaintiff moves to disqualify the undersigned. (Dkt. 172.) In that motion, Plaintiff indicated that he planned to name the undersigned as a defendant in this matter. (*Id.* at 2–3.) Plaintiff has since moved to amend his amended complaint to, among other things, name the undersigned as a defendant. (*See* Dkts. 176, 176-1.)

Recusal is mandatory where a judge is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i) (stating that a judge "shall . . . disqualify [her]self" when she "[i]s a party to the proceeding"); *see Davis v. Kvalheim*, 261 F. App'x 231, 233 (11th Cir. 2008) ("Federal law states that a judge 'shall disqualify h[er]self' when [s]he is a party to the proceeding, and the parties cannot waive this provision." (quoting 28 U.S.C. § 455(b)(5)(i), (e))). Moreover, 28 U.S.C. § 455(a) requires a judge to disqualify "[her]self in any proceeding in which h[er] impartiality might reasonably be questioned." *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) ("The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."). Because the undersigned is called to rule upon a motion that seeks to add her as a party to the action, the court finds that recusal is proper. *See Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 890 (2014) ("A judge's impartiality might reasonably be questioned if an objective, fully informed lay observer would entertain significant doubt about h[er] impartiality.").

Accordingly, Plaintiff's Second Motion to Disqualify Judge Sneed from the Court Pursuant to 28 U.S.C. § 455 (Dkt. 172) is **GRANTED**. The Clerk is **DIRECTED** to reassign this case pursuant to its normal procedures.

**ORDERED** in Orlando, Florida, on March 25, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties