UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DENNIS G. DEPPE,**

      **Plaintiff,**

v.                                              Case No. 6:24-cv-2098-CEM-NWH

**JOHN C. VETTER, LINDA E. COCO, JEFFREY S. WEISS, SANDRA M. SOVINSKI, SVETLANA S. SHTROM, YOUNDY C. COOK, ELIZABETH A. KLONOFF, KAREN C. KLINE, ROBERT A. SWEETAPPLE, ALEN H. HSU, JOHN MARCUS BUSTAMANTE, JOE F. SOUTHRON, ROBIN S. FORET, LATIKA K. EIFERT, DEBORAH V. VAN VECHTEN, JEFFREY M. SHAINLINE, MILTON M. FENG, PAUL R. PINSUKANJANA, MARK W. BERANEK, CHARLES B. KUZNIA, HANNIBAL M. WARE, RON D. DESANTIS, MELINDA M. MIGUEL, ASHLEY M. MOODY, PAETRA T. BROWNLEE, BAHAA E. SALEH, SABINE M. O'NEAL, JOHN MARTIN TABOADA, WENDY W. BERGER, EMBRY J. KIDD, JULIE S. SNEED, AND ELIZABETH M. WARREN,**

      **Defendants.**
_____/

# ORDER

THIS CAUSE is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 229, 230, 237, 238, 239, 240, 241, 242, 243, 244, 251, 254, 255, 257, 258, 276), to which Plaintiff filed Responses (Doc. Nos. 246, 248, 260, 261, 262, 263, 264, 265, 266, 268, 272, 273, 274, 277, 278, 289). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 291), recommending that the Motions to Dismiss be granted in part and denied in part. Plaintiff filed Objections (Doc. 306), to which Defendant Jeffrey S. Weiss filed a Response (Doc. 309). Several Defendants also filed Objections (Doc. Nos. 299, 301, 302, 309[1]), to which Plaintiff filed Responses (Doc. Nos. 307, 308).[2] This cause is also before the Court on Plaintiff's Amended Motion to Disqualify Judges (Doc. 286), to which Defendant Jeffrey S. Weiss filed a Response (Doc. 294).

Additionally, this cause is before the Court on Plaintiff's Objection (Doc. 304) to the Magistrate Judge's Order (Doc. 292), denying as moot Plaintiff's Motion for Judicial Notice Pursuant to Rule 201 of the Federal Rules of Evidence and to Correct Order [Doc. 183] Pursuant to Local Rule 1.11 (Doc. 202).

The analysis herein will also render the following motions moot: Plaintiff's Motion to Correct Defendant List (Doc. 225); Plaintiff's Motion for Judicial Notice

---

[1] Technically, this filing is a response to Plaintiff's Objections, but therein Weiss also makes objections.
[2] Plaintiff did not respond to Defendant Milton Feng's Objections (Doc. 302).

of FL. ST. § 48.031 on Serving Summons and Civil Complaints (Doc. 281); Plaintiff's Motion to Disqualify Judges (Doc. 283); Plaintiff's Motion for Enlargement of Time to Serve Defendants (Doc. 288); Plaintiff's Second Motion to Stay Proceedings to Prepare Third Amended Complaint (Doc. 290); and the Motion to Stay Deadline for Responding to the Second Amended Complaint filed by several Defendants (Doc. 310). Additionally, Plaintiff's Objection (Doc. 275) to the Magistrate Judge's Order (Doc. 269) denying Plaintiff's Motion for Stay of Proceedings to Prepare Third Amended Complaint (Doc. 259) will be rendered moot.

Finally, in reviewing the docket, the Court noticed that Plaintiff filed several "objections" to orders issued by the then-presiding district judges in this matter. (Doc. Nos. 24, 111, 112, 113, 187). Unlike magistrate judge orders, there is no procedural mechanism by which a party file can to file objections to district judge orders. Thus, those documents were improperly filed and will be stricken.

## I.   BACKGROUND

Plaintiff is an inventor and, as relevant here, worked on developing oxide and an oxide-free vertical cavity surface emitting lasers. (Second Am. Compl., Doc. 205, at 7–8).[3] Plaintiff alleges that because of these developments, the "military set up an

---

[3] Pincites are to the electronic filing page number. Additionally, while the Second Amended Complaint is filed under seal, none of the confidential information is referenced in this Order, and therefore, the Order need not be sealed.

expansive intellectual property theft scheme within the federal government." (*Id.* at 8). This conspiracy is alleged to have spread to include Plaintiff's work with several universities, his state court whistleblower lawsuit and related federal cases, fraud at the U.S. Patent and Trademark Office, and "criminal stalking, assaults, batteries, [and] extortion attempts." (*Id.* at 7, 9–11). Plaintiff summarizes this case as including:

> government stalking, cyberstalking, assaults, and batteries, with improper use of the Florida Whistleblower system, with retaliation including alleged stalking, cyber-stalking, assaults, and batteries, that became part of extortion attempts in t[he] Florida Whistleblower Case No. 2019-CA-015042-O, and in additional civil rights violations in the U.S. District Court of the Florida Middle District (FLMD) in Case No. 6:20-cv-1588-WWB, followed by use of the Florida Whistleblower system by employees of UCF and the Florida governor's office, in stalking, cyber-stalking, assaults, batteries, using military and police-style radio frequency (RF) transmitters with powers boosted to dangerous and injury causing levels, food and water poisoning, and other civil rights violations related to the intellectual property theft, and during the proceedings of the Florida Middle District Case No. 6:23-cv-1484-JSS-EJK.

(*Id.* at 6–7).

The Court will begin with the Motion to Disqualify and then move on to the substantive motions.

## II.     MOTION TO DISQUALIFY

In his Amended Motion to Disqualify,[4] Plaintiff seeks to disqualify both the undersigned and the assigned Magistrate Judge pursuant to 28 U.S.C. § 455(a), which provides that a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Court must determine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

The only complaints directed at the undersigned in the Motion to Disqualify relate to maintaining the Second Amended Complaint under seal. "A judge's rulings in the same or a related case may not serve as the basis for a recusal motion unless the movant demonstrates 'pervasive bias and prejudice.'" *Hicks-Washington v. Hous. Auth. of the City of Ft. Lauderdale*, 803 F. App'x 295, 303–304 (11th Cir. 2020) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (holding that allegations of bias stemming from a mere disagreement with

---

[4] The original Motion to Disqualify (Doc. 283) will be denied as moot in light of the amended motion.

rulings did not demonstrate pervasive bias and prejudice)). Plaintiff has not demonstrated bias or prejudice. There is no basis for the recusal of the undersigned.[5]

### III. OBJECTIONS TO THE R&R

The R&R recommends that the Second Amended Complaint be dismissed with prejudice as to Judges Julie S. Sneed, Wendy W. Berger, Embry J. Kidd, and Paetra T. Brownlee and as to the Clerk of Court Elizabeth M. Warren on the basis of immunity. The R&R recommends that the Second Amended Complaint be dismissed without prejudice as to the remaining Defendants because it is a shotgun pleading. Finally, the R&R recommends that Plaintiff be permitted to file a Third Amended Complaint against the remaining Defendants if he has a good faith basis to do so but that the response deadline for Defendants be stayed until further order of the Court. Plaintiff objects to the recommendations regarding immunity and to the Magistrate Judge's recitation of certain allegations. Certain Defendants also filed Objections, agreeing with most of the R&R but arguing that the claims against them should be dismissed with prejudice.

### A. Legal Framework

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning

---

[5] Plaintiff also appears to misunderstand effect of maintaining a document under seal. Defendants and reviewing courts are still permitted to access the document, but it is not available electronically or publicly.

specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.    Analysis**

*1.    Immunity*

Plaintiff first objects to the R&R's conclusion that the judicial Defendants and Clerk Warren are entitled to immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Dixon v. Abruzzo*, No. 23-12277, 2024 WL 4132504, at *1 (11th Cir. Sept. 10, 2024) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Similarly, "[n]on-judicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Higdon v. Tusan*, 746 F. App'x 805, 811 (11th Cir. 2018) (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)).

Plaintiff objects to the R&R's conclusion that Judges Berger, Sneed, and Kidd, as well as Clerk Warren are immune from suit for the claims arising from alleged violations of Local Rule 1.05(a) in assigning and then reassigning his cases.

Similarly, Plaintiff objects to the conclusion that Judge Brownlee is entitled to judicial immunity for the claims arising from the assignment of Plaintiff's state court case to her and for Judge Brownlee placing a letter on the public docket that Plaintiff deemed confidential.

However, all of Plaintiff's arguments in his Objections relate to whether these assignments and reassignments violated the local and procedural rules. That is not the relevant issue. The question is whether the complained of acts fall within the Defendants' judicial and quasi-judicial capacities. If the actions were within their jurisdiction, they are entitled to immunity even if the assignment and reassignment of the case "was in error, was done maliciously, or was in excess of [their] authority." *Shuler v. Duke*, 792 F. App'x 697, 701 (11th Cir. 2019) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978))).

"[M]inisterial acts involved in managing a case's docket are functions 'normally performed by a judge,' and, thus, within the contemplated protection of judicial immunity." *Higdon v. Tusan*, 746 F. App'x 805, 812 (11th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Judges Berger, Sneed, Kidd, and Brownlee, as well as Clerk Warren are entitled to immunity for Plaintiff's claims

arising from the assignment and reassignment of his cases as well as the filing of documents on the case dockets.[6]

### 2. *Shotgun Pleading*

Plaintiff does not directly object to the shotgun pleading analysis in the R&R. Instead, he takes issue with the recitation of certain facts in the R&R, arguing that they misrepresented or misconstrued the Second Amended Complaint. It is difficult for the Court to address these arguments because Plaintiff makes somewhat broad references and does not provide pincites to the purported misrepresentations in the R&R.[7] Regardless, these objections to specific facts do not undermine the R&R's analysis that the Second Amended Complaint is a shotgun pleading. If anything, the fact that the Magistrate Judge had difficulty understanding what, precisely, Plaintiff was alleging only supports that conclusion.

Because Plaintiff does not make any specific objections to the shotgun pleading analysis, the Court need not conduct a *de novo* review. Plaintiff has not provided any basis for the Court to disagree with that analysis.

---

[6] This analysis also encompasses a judge's decision to place a document under seal. While none of the claims in the Second Amended Complaint relate to this issue, Plaintiff complains of the decision to seal his Second Amended Complaint as though he has asserted a claim thereon. To the extent he wishes to amend his complaint to assert such a claim, he will not be permitted to do so; the amendment would be futile because that decision is subject to judicial immunity.

[7] Plaintiff provides pincites to the Second Amended Complaint but only refers generally to the R&R.

3. *Defendants' Objections*

Several Defendants also filed Objections. These Objections agree with the analysis in the R&R and only object insofar as the R&R did not address their alternative arguments regarding personal jurisdiction, statute of limitations, and litigation privilege. However, as explained in the R&R—and as acknowledged by Defendants—Plaintiff's allegations regarding the alleged conspiracy are so convoluted that it is difficult to make heads or tails of it, much less engage in a meaningful substantive discussion.[8] That is the very nature of a shotgun pleading.

Therefore, the Court agrees with the R&R that the better course of action at this time is to allow Plaintiff one final chance to amend his claims and rectify the shotgun pleading issues.[9] *Anderson v. Gurmeet Ahluwalia*, No. 22-10961, 2022 U.S. App. LEXIS 21849, at *2 (11th Cir. Aug. 8, 2022) ("Although the district court properly found that the complaint was an impermissible shotgun pleading, our precedent requires the district court to sua sponte grant a plaintiff leave to amend before dismissing with prejudice on shotgun pleading grounds."). Failure to do so will result in the dismissal of this action with prejudice. *Id.*

---

[8] Notably, the judicial immunity analysis only involved a discrete, ancillary set of facts that made such an analysis manageable, unlike the larger alleged conspiracy.

[9] Plaintiff was apprised of the shotgun pleading issues via Defendants' previous motions to dismiss, but the Court did not directly rule on those issues. (Doc. 203 at 3). Nevertheless, Plaintiff was warned that he would "not have innumerable opportunities to redraft his complaint." (*Id.*).

Additionally, the Court agrees with the R&R's recommendation to limit the burden of litigation, and it will stay Defendants' response deadlines and all other deadlines in the case until Plaintiff files his Third Amended Complaint at which time the Court will conduct a *sua sponte* review to ensure it is not a shotgun pleading. *See The FBG, Ltd. Liab. Co. v. Opko Health Inc., Ltd. Liab. Co.*, No. 24-10493, 2024 U.S. App. LEXIS 29239, at *5 (11th Cir. Nov. 18, 2024) (affirming the district court's *sua sponte* review of a complaint for shotgun pleading issues). Accordingly, the parties Objections are overruled and the Magistrate Judge's recommended disposition is accepted.

### IV. MOOT MOTIONS AND OBJECTIONS

In light of the above analysis, several motions and objections have been rendered moot. First, Plaintiff's Motion to Correct Defendant List in Second Amended Complaint (Doc. 225), indicates that Plaintiff inadvertently left a few Defendants off the list in the Second Amended Complaint and asks to correct the list to add them. Because the Second Amended Complaint is being dismissed and Plaintiff is permitted to amend, this is request is now moot.

Next, Plaintiff filed an Objection (Doc. 275) to the Magistrate Judge's Order (Doc. 269) that denied without prejudice Plaintiff's Motion for Stay of Proceedings to Prepare Third Amended Complaint (Doc. 259), which was asking to amend the operative complaint. There, the Magistrate Judge determined it would be better to

rule on the pending Motions to Dismiss and clarify the issues prior to amendment. (Doc. 269 at 2–3). Subsequently, Plaintiff filed his Second Motion to Stay Proceedings to Prepare Third Amended Complaint (Doc. 290), seeking the same relief. As with the previous motion, because Plaintiff is being given leave to amend, the Objection and Motion are moot.

Plaintiff also filed a Motion for Judicial Notice of FL. ST. § 48.031 on Serving Summons and Civil Complaints (Doc. 281), which asks the Court to arrange for Judges Berger, Sneed, and Kidd as well as Clerk Warren to be served. Similarly, Plaintiff filed a Motion for Enlargement of Time to Serve Defendants (Doc. 288), asking for additional time to serve Judges Berger and Kidd. Because the claims against those Defendants are being dismissed with prejudice, there is no need to serve them. These Motions are moot.

Finally, several Defendants filed a Motion to Stay Deadline for Responding to Second Amended Complaint (Doc. 310). Because the Second Amended Complaint is being dismissed and the Court is staying the response deadline to any Third Amended Complaint, this Motion is moot.

## V. SEALED FILINGS

One final issue permeates Plaintiff's arguments, which is what Plaintiff sees as the improper sealing of his Second Amended Complaint. Plaintiff has made arguments regarding this issue throughout several motions and objections, including

his Objection (Doc. 304) to the Magistrate Judge's Endorsed Order (Doc. 292), which denied as moot Plaintiff's Motion for Judicial Notice Pursuant to Rule 201 of the Federal Rules of Evidence and Correct Order [Doc. 183] Pursuant to Local Rule 1.11 ("Motion to Correct Order," Doc. 202). A brief procedural history is necessary here.

On March 24, 2025, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Doc. 176). Attached to this Motion were the Proposed Second Amended Complaint (Doc. 176-1) and exhibits to the Proposed Second Amended Complaint (Doc. 176-2). The Proposed Second Amended Complaint contained what was alleged to be the home addresses of judicial officers, which are confidential.[10] The next day, the Court entered an Endorsed Order directing the Clerk to place these documents under seal (Doc. 183). Thereafter, Plaintiff filed his Motion to Correct Order, which requested, among other things,[11] that he be permitted to file a redacted version of the Proposed Second Amended Complaint.

Before the Motion to Correct Order was ruled on, Plaintiff was granted leave to amend and to file his Second Amended Complaint as the operative pleading. (Doc. 203 at 4). The Magistrate Judge at the time ordered that it be filed under seal pursuant

---

[10] Whether or not these are the correct addresses, they are still properly sealed because they could put the residents at those addresses in danger by the allegation that the judicial officers reside there.

[11] Plaintiff also requested relief regarding the case management conference, which is not at issue here.

to the Court's previous directive. (*Id.*). Plaintiff complied. (Doc. 205). Subsequently, in light of the filing of the operative Second Amended Complaint, the Proposed Second Amended Complaint was no longer at issue, and the Magistrate Judge denied as moot the Motion to Correct Order. (Doc. 292). Plaintiff then filed the now at issue Objection (Doc. 304) to that Order.

Objections to a Magistrate Judge's Order are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Hallford v. Allen*, No. 07-0401-WS-C, 2007 U.S. Dist. LEXIS 64956, at *3 (S.D. Ala. Aug. 30, 2007) (citing additional authority). "In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that . . . leave the district judge 'with the definite and firm conviction that a mistake has been committed.'" *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 U.S. Dist. LEXIS 143735, at *4 (M.D. Fla. Oct. 18, 2016) (quotation omitted); *see also Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

While Plaintiff lobs accusations of witness tampering, the reality appears to be one of procedural misunderstanding. Plaintiff's previous Motion to Correct Order was focused on the Proposed Amended Complaint—as it must have been given that it was filed prior to Plaintiff being granted leave to amend. This became a non-issue once leave to amend was granted, justifying the Magistrate Judge in denying that

motion as moot. But understandably, given the complicated procedural issue here, Plaintiff did not realize that he had not properly put before the Court his arguments that the operative Second Amended Complaint should not be filed under seal. As such, the Magistrate Judge's Order was not clearly erroneous or contrary to law. But, in the interests of justice, the Court will construe the Objection as a motion to file a redacted version of the Second Amended Complaint and to lift the seal on the exhibits thereto.

As noted above, the Proposed Second Amended Complaint (Doc. 176-1) was sealed because it contained purported home addresses of judicial officers, which are confidential. The operative Second Amended Complaint (Doc. 205) was sealed for the same reason. The Court agrees, and those documents will remain under seal. However, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 176), the exhibits to the Proposed Second Amended Complaint (Doc. 176-2), and the exhibits to the operative Second Amended Complaint (Doc. 205-1) do not contain such confidential information, and therefore, those documents will be unsealed.

Additionally, Plaintiff's Motion to Correct Defendant List (Doc. 225) was filed under seal by Plaintiff. This Motion sought to amend the list of defendants in the Second Amended Complaint. Here, it appears that Plaintiff filed the Motion under seal in an effort to comply with the Court's previous order directing that the

Second Amended Complaint be filed under seal. However, upon review, this filing and the attachment thereto (Doc. 225-1) contain no confidential information and there is no need to maintain it under seal.

Finally, Plaintiff's proposed redacted version of his Second Amended Complaint (Doc. 205-2) seeks to redact the confidential aspects to allow it to be placed on the public docket. And while it largely does so, the redactions fail to remove confidential information related to Judge Brownlee and now Senator Moody. In an abundance of caution, the Court will keep all allegations in the Second Amended Complaint relating to the parties' addresses under seal but will unseal the remaining portions. In Plaintiff's Third Amended Complaint, he is directed to not include any personal contact information for any of the parties.

## VI. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Correct Defendant List (Doc. 225) is **DENIED as moot**.

2. The Report and Recommendation (Doc. 291) is **ADOPTED** and made a part of this Order.

3. Defendants' Motions to Dismiss (Doc. Nos. 229, 230, 237, 238, 239, 240, 241, 242, 243, 244, 251, 254, 255, 257, 258, 276) are **GRANTED in part** and **DENIED in part**.

    a. The claims asserted against Defendants Wendy W. Berger, Julie S. Sneed, Embry J. Kidd, Elizabeth M. Warren, and Paetra T. Brownlee are **DISMISSED with prejudice**.

    b. The remaining claims are **DISMISSED without prejudice**.

4. **On or before November 12. 2025**, Plaintiff may file a Third Amended Complaint that complies with this Order and that remedies the shotgun pleading issues. Failure to do so will result in the dismissal of these claims with prejudice without further notice.

5. All deadlines other than the deadline for Plaintiff to file his Third Amended Complaint, including Defendants' response deadlines, are **STAYED** pending further order of the Court.

6. Plaintiff's Objection (Doc. 275) to the Magistrate Judge's Order (Doc. 269) is **DEEMED moot**.

7. Plaintiff's Motion for Judicial Notice of FL. ST. § 48.031 on Serving Summons and Civil Complaints (Doc. 281) is **DENIED as moot**.

8. Plaintiff's Motion to Disqualify Judges (Doc. 283) is **DENIED as moot**.

9. Plaintiff's Amended Motion to Disqualify Judges (Doc. 286) is **DENIED in part** and **REFERRED in part**.

    a. It is **DENIED** insofar as it seeks the recusal of the undersigned.

    b. It is **REFERRED** to the United States Magistrate Judge insofar as it seeks his recusal.

10. Plaintiff's Motion for Enlargement of Time to Serve Defendants (Doc. 288) is **DENIED as moot**.

11. Plaintiff's Second Motion to Stay Proceedings to Prepare Third Amended Complaint (Doc. 290) is **DENIED as moot**.

12. The Motion to Stay Deadline for Responding to the Second Amended Complaint filed by several Defendants (Doc. 310) is **DENIED as moot**.

13. Plaintiff' Objection (Doc. 304) is **OVERRULED** to the extent objects to the Magistrate Judge's Order (Doc. 292), but to the extent the Court construes this filing as a Motion to Lift the Seal, it is **GRANTED in part**.

    a. The Clerk is directed to lift the seal on the following docket entries: 176, 176-2, and 205-1.

    b. The following docket entries shall remain under seal: 176-1, 205, and 205-2.

14. The Objections (Doc. Nos. 24, 111, 112, 113, 187) to district judge Orders are **STRICKEN**.

   a. The Clerk is directed to file a redacted version of the Second Amended Complaint (Doc. 205) on the public docket, redacting the allegations under the heading "Parties" on electronic page numbers 11–18.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party