FILED - USDC - FLMD - ORL
SEP 18 2026 AM9:25

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. DEPPE
Plaintiff, CASE NO.: 6:24-cv-2098-CEM-NWH
v.

JOHN C. VETTER, ET AL., (Individually)
Defendants.
____________________________________/

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF THE U.S. CONSTITUTION AS A CONTRACT AND ADJUDICATIVE FACT, PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE**

The Plaintiff Dennis G. Deppe files this Motion for Judicial Notice of of the U.S. Constitution as an Adjudicative Fact, Pursuant to Rule 201 of the Federal Rules of Evidence. In conferring on the Motion pursuant to Local Rule 3.01(g), there was no dispute that contracts constitute adjudicative facts that are required to be judicially noticed by the Court, and that the Constitution is such a contract that contractually binds those who take its oath.

## BACKGROUND

Contracts are well-known in civil cases, including in Florida, to constitute adjudicative facts. Florida state courts in fact require contracts in dispute to attach those contracts to complaints in state lawsuits.[1] Plain language legal definitions also specifically identify contracts as adjudicative facts in civil lawsuits.[2]

[1] See Rule 1.130 of the Florida Rules of Civil Procedure.
[2] See for example, https://definitions.lsd.law/adjudicative-fact.

In the current case there has been an assertion of immunity by a federal judge [Doc. 312], that requires the examination of the contractual terms set by the oath to the Constitution. As generally the case in contract disputes, the four-corners of the contract is first examined to determine contractual terms related to the issues or facts in dispute. Therefore, the Constitution is the contract at issue in this case, and constitutes and adjudicative fact.

The question arose from a prior motion filed September 9, 2021, as to whether all facts included in that motion were adjudicative. To address the issue as to the Constitution, the Plaintiff provided Harwell and all other counsel and self-represented attorneys an advance draft of this Motion prior to filing. Harwell represents three judges, Wendy Berger, Julie Sneed, and Embry Kidd, who have been named defendants in this proceeding.

In conferring on this Motion pursuant to Local Rule 3.01(g), there is no dispute, including by Mr. Harwell and all other counsels and self-represented attorneys, that:

1.) Contracts constitute adjudicative facts that must be judicially noticed by the Court pursuant to Rule 201 of the Federal Rules of Evidence;

2.) That the Constitution contractually binds those who take its oath, and is such a contract; and

3.) That the Constitution is a contract and the Constitution and the content of the four-corners of the Constitution constitute adjudicative facts that must be

judicially noticed by this Court pursuant to Rule 201 of the Federal Rules of Evidence.

## MEMORANDUM OF LAW

Rule 201 of the Federal Rules of Evidence is shown below. The facts to be judicially noticed are pursuant to Rule 201(c)(2), Rule 201(d), and Rule 201(e).

ARTICLE II. JUDICIAL NOTICE

**Rule 201. Judicial Notice of Adjudicative Facts**

(a) SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b) KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) TAKING NOTICE. The court:

(1) may take judicial notice on its own; or

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) TIMING. The court may take judicial notice at any stage of the proceeding.

(e) OPPORTUNITY TO BE HEARD. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(f) INSTRUCTING THE JURY. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

(As amended Apr. 26, 2011, eff. Dec. 1, 2011.)

The Constitution is attached in **Exhibit A** for judicial notice. That the terms of the Constitution contractually bind those who take the oath to the Constitution has been since its inception, and further determined in *Randall v. Brigham*, U.S. 523 (1868) and *Bradley v. Fisher*, U.S. 335 (1871). **Exhibit B** presents a plain

language definition of adjudicative facts from the site to show contracts are adjudicative facts.

## CONSTITUTION AS A CONTRACT AND ADJUDICATIVE FACT FOR JUDICIAL NOTICE AND REQUIREMENTS OF RULE 201

The Constitution is attached in **Exhibit A**. A plain language definition of adjudicative facts related to civil complaints that define contracts as adjudicative facts is shown in **Exhibit B**.

The question of whether federal officers are contractually bound by an oath to the Constitution is answered in the affirmative in Article VI shown below (**Exhibit A**):

> The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States.

Therefore, the oath contractually binds all federal and state officers to adhere to the Constitution.

As required by Rule 201(b), the Constitution sets the contractual terms of all judges and Mr. Harwell, its content is not subject to reasonable dispute, and it can be accurately determined by the Court. Rule 201(c)(2) states that the Court ***must*** take judicial notice if a party requests it and the court is supplied with the necessary information, and the Court is supplied the Constitution in **Exhibit A**.

## HEARING REQUESTED PURSUANT TO RULE 201(e)

This Motion requests the Court set a hearing pursuant to Rule 201(e), which provides the Plaintiff the opportunity to heard on this Motion involving the

Constitution as a contract and its contractual terms regarding for judges based on the four-corners of the Constitution.

## CONCLUSIONS

The oath to the Constitution is shown to contractually bind Mr. Harwell, the judges, and others who have taken its oath, and there is no dispute among any counsels or judges who are defendants that the Constitution shown in **Exhibit A** constitutes a contract that is an adjudicative fact that the Court must judicially notice in this case pursuant to Rule 201.

## RULE 3.01(g) CERTIFICATION OF COMPLIANCE

The Plaintiff certifies that he conferred with defendants' counsels in good faith on the Motion. He has provided all attorneys including Mr. Harwell and the Florida AG James Uthmeier, through counsel, the advanced draft of the Motion. There was no dispute in conferring that the Constitution constitutes the contract of the judges and Mr. Harwell that must be judicially noticed by the Court pursuant to Rule 201 of the Federal Rules of Evidence.

Respectfully submitted this 18th day of September, 2026.

/s/ Dennis G. Deppe
DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2026, I filed the above document through the U.S. District Court of the Middle District – Orlando, which will provide electronic service to self-represented defendants and defendants' counsels.

/s/ Dennis G. Deppe
DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com