**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. DEPPE
Plaintiff, CASE NO.: 6:24-cv-2098-CEM-NWH
v.

JOHN C. VETTER, ET AL., (Individually)
Defendants.
_________________________________/

**PLAINTIFF'S UNAPPOSED MOTION FOR DISQUALIFICATION OF CARLOS MENDOZA FROM THE COURT PURSUANT TO 28 U.S.C. §455, VIOLATIONS OF THE CONSTITUTION AS THE JUDGE'S CONTRACT, AND FRAUD UPON THE COURT INVOLVING VIOLATIONS OF THE COURT'S LOCAL RULE 1.05(a)**

This unopposed Motion is brought by the Plaintiff Dennis G. Deppe (Plaintiff) for disqualification of Carlos Mendoza from the Court pursuant to 28 U.S.C. §455(a), false assertions of immunity to commit judicial fraud in violation of the Constitution as the judge's contract, and fraud upon the court involving violations of the Court's Local Rule 1.05(a).

**BACKGROUND**

The records of the proceeding show that the U.S. District Court of the Middle District of Florida (FLMD) judge Carlos Mendoza has taken part, knowingly or unknowingly, in a fraud scheme involving judicial immunity [Doc. 312]. It is undisputed in this proceeding that entitlements of immunity to government

officials, including judges, are contractually set by the Constitution shown in **Exhibit A**, to which those officials are bound by oath.

The judicial fraud scheme that involves Mendoza's false assertions of immunity in his order, [Doc. 312], in which Mendoza asserts he possesses judicial immunity to use judicial position to commit unlawful acts and violate the Court's Local Rule 1.05(a), was explained in earlier motions [Docs. 331, 332].

The Constitution as a contract shows that Mendoza and other judges are subject to suit for their unlawful acts that have used this and earlier proceedings in fraud upon the court, the Local Rule 1.05(a) violations, white-collar crimes as part of the proceeding, as well as stalking, assaults, batteries, and property damage during the FLMD proceedings [Docs. 101, 315, 318].

All defendants' counsels and self-represented defendants were provided a draft of this Motion to confer on its content. The Motion is **unopposed** because it involves the contractual binding by oath to the Constitution. The counsels and self-represented defendants are also bound by the same Constitutional oath. That the Court is required to judicially notice the Constitution as the contract that binds Carlos Mendoza and defines immunity is undisputed [Doc. 332].

Independent of those motions, the same requirement now exists for the FLMD judge Carlos Mendoza in this Motion, pursuant to **Exhibit A** to which he is contractually bound. 28 U.S.C. §455 requires Mendoza's disqualification from the Court for his unlawful actions and liabilities to the Plaintiff, in which Mendoza's employed the judicial fraud scheme [Doc. 312] to assert he and his colleagues

possess immunity to commit unlawful acts against the Plaintiff as part of the Local Rule 1.05(a) violations.

The defendants and their counsels, include the U.S. Department of Justice (DOJ) attorney, Randy Harwell, and the judges Wendy Berger, Julie Sneed, Embry Kidd, and Paetra Brownlee. In conferring on this unopposed Motion and prior motions, there is no dispute that:

1.) Contracts constitute adjudicative facts that must be judicially noticed by the Court pursuant to Rule 201 of the Federal Rules of Evidence; and

2.) That the Constitution shown in **Exhibit A** contractually binds those who take its oath, including Carlos Mendoza, and sets the true entitlements to immunities for government officials that provide the right to sue government officials who use their judicial positions to take unlawful acts against those citizens.

## MEMORANDUM OF LAW

The Constitution is attached in **Exhibit A** and is the actual contract that defines the terms under which Carlos Mendoza serves as an FLMD judge, and those terms make Carlos Mendoza subject to suit by the Plaintiff and others against whom Mendoza acts unlawfully.

28 U.S.C. §455(a) states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

The 11th Circuit has ruled that under 28 U.S.C. §455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned...," and "The standard is further whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christ v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

The Supreme Court has further ruled that the touchstone for recusal under 28 U.S.C. § 455(a) is "not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). And "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "any doubts must be resolved in favor of recusal." Id.

The Code of Conduct of U.S. Judges[1] is also relevant and discussed below.

## ARGUMENT: THE U.S. CONSTITUTION AS MENDOZA'S CONTRACT AND 28 U.S.C. §455

The Constitution is attached in **Exhibit A**. The prior motions, [Docs. 331, 332], explain the judicial fraud scheme that was implemented by Carlos Mendoza in his order, [Doc. 312], as part of the Local Rule 1.05(a) violations and fraud upon the Court. The Constitution as a contract in fact sets entitlements for those who have immunity and those who do not directly in the contractual terms of the Constitution, and these terms are binding to those who take its oath. There is no

[1] See https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges

need to look outside the Constitution, and in fact the Constitution is written to make any changes to the Constitution intentionally difficult.

Every attorney and judge on this case has the legal training in contract law to analyze and determine as shown below, that the Constitution is designed to hold government officials accountable the same as other citizens, if those government officials use their government positions to commit unlawful acts. Conferring on the motions, including this one, shows the "bright line" the attorneys and judges in this case will not cross to participate in the judicial fraud as part of the Mendoza order, [Doc. 312], that would otherwise require the attorneys to deny their oaths to the Constitution, and that also contractually binds those attorneys.

The first question in analyzing the Constitution as a contract is whether federal officers are contractually required to be bound by oath to the Constitution, and is answered in the affirmative in Article VI shown below (**Exhibit A**):

> The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States.

Therefore, the oath required of federal officers in each of the three branches of government contractually binds all federal and state officers to adhere to the Constitution.

The next question is whether the authors and signers of the Constitution understood how to grant immunity, and if so to whom did the Constitution grant immunity and for what, and to whom did the Constitution not grant immunity.

There were fifty-five (55) framers of the U.S. Constitution. Thirty-two (32) of these framers were lawyers.[2] Therefore, the founding fathers and drafters of the Constitution understood law and how to entitle and to not entitle immunity.

The Constitution shows those who are entitled to immunity for their acts, whether official or not, and those acts that entitle immunity, are given in Article I, Section 6. The Constitution entitles only Senators and Representatives of the House to specific immunity, and defines the acts that entitle immunity (**Exhibit A)**:

> **Section. 6.** The Senators and Representatives shall receive a Compensation for their Services, to be ascertained by Law, and paid out of the Treasury of the United States. They shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; and for any Speech or Debate in either House, they shall not be questioned in any other Place.

A final question is whether the Constitution somehow links impeachment and removal to immunity. The answer is no, the impeachment and removal procedures are given in Article 1, Sections 2 and 3, and define the same procedure for impeachment and removal of federal officers. Article 1, Section 2 defines impeachment as the task for the House and states (**Exhibit A**):

> The House of Representatives shall chuse their Speaker and other Officers; and shall have the sole Power of Impeachment.

Article II, Section 1, explicitly states that Judges are required to hold their Offices only during good Behavior. Therefore, impeachment does not require unlawful

[2] See for example, https://usconstitution.net/constframedata-html/

acts for conviction. Article 1, Section 3 defines trial and conviction as the task for the Senate and shown below (**Exhibit A**).

> The Senate shall have the sole Power to try all Impeachments. When sitting for that Purpose, they shall be on Oath or Affirmation. When the President of the United States is tried, the Chief Justice shall preside: And no Person shall be convicted without the Concurrence of two thirds of the Members present.

The impeachment procedures are defined by the Constitution as identical for all federal officers of the three branches of government, and impeachment and removal have no connection to the immunities defined in the U.S. Constitution to which only selected officers are entitled.

The Constitution analyzed as a contract set by oath shows that immunities are already specifically entitled for federal and state officials who take the oath to uphold that contract. The Constitution truly requires federal and state government officials to be held liable to the same laws as other U.S. citizens, except for those in the Senate and House for specified acts, and prohibits the supreme court justices from changing what is set in the Constitution.

The FLMD judge Carlos Mendoza has participated in judicial fraud by asserting immunity to violate Local Rule 1.05(a) in his order, [Doc. 312]. Along with other white-collar crimes, Mendoza ordered the eight-month stay in the proceeding,[3] [Doc. 312], during which the Plaintiff was again stalked, assaulted,

[3] Such stays in themselves and separately, even absent the stalking, assaults, batteries, and property damage during the proceeding under Mendoza, violate Canon 3(A)(5) of the Code of Conduct of U.S. Judges.

battered, and suffered property damage, to deter the Plaintiff from further litigation.

These actions and the Constitution as Carlos Mendoza's contract make him liable to suit by the Plaintiff, and causes a conflict of interest for Mendoza because of Mendoza's unlawful acts, to remain as judge on the case. 28 U.S.C. §455(a) is clear and states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(a), the Constitution as his contract, and the Code of Conduct of U.S. Judges require Mendoza to disqualify from the Court due to the conflict of interest.

## CONCLUSION

This Motion shows that the judicial immunity asserted by the FLMD judge Carlos Mendoza in order, [Doc. 312], is based on fraud, and contradicts the judge's contractual obligations set by his oath to the Constitution that make him subject to suit for his unlawful actions by the Plaintiff.

The judge's participation in violations of the Court's Local Rule 1.05(a) and unlawful actions in this proceeding and commissions of fraud and additional illegal acts involving stalking, assaults, and batteries used during stays of proceedings, against the Plaintiff. The FLMD judge Mendoza therefore has a conflict of interest in this proceeding, and 28 U.S.C. §455 and the Code of Conduct of U.S. Judges require Mendoza's disqualification from the Court.

## RULE 3.01(g) CERTIFICATION OF COMPLIANCE

The Plaintiff certifies that, prior to filing this Motion, he provided a draft of this Motion to all counsel and self-represented defendants, and conferred with defendants or their counsels in good faith. There was no opposition to the Motion by any defendant or their counsel.

Respectfully submitted this day of 25th day of September, 2026.

/s/ Dennis G. Deppe
DENNIS G. DEPPE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September, 2026, I filed the above document through the U.S. District Court of the Middle District – Orlando, which will provide electronic service to self-represented defendants and defendants' counsels, and the Plaintiff will provide separate electronic service to defendants Robin Foret, at rforet@texaslaborlaw@icloud.com, and Linda Coco, at aas27725696@gmail.com.

/s/ Dennis G. Deppe
DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com