# Exhibit 1

**Reporting to the DOD Office of Inspector General of the military's use of SBIR contracts as part of intellectual property theft with the University of Illinois, The University of Texas at Austin, and the University of Central Florida (UCF), NASA description of oxide-free VCSEL invention**

Your form was submitted successfully. You may print this copy for your records.

Date Submitted: Fri Feb 17 2023 17:40:46 GMT+0100 (Central European Standard Time)

Request #: 202302171140288184_hotline_webform

*****IMPORTANT INFORMATION REGARDING YOUR COMPLAINT*****

What to expect depending on the nature of your complaint:

- NEW COMPLAINT: Your complaint is under review. If it's appropriate for another agency to investigate your complaint, it will be forwarded to the appropriate agency. You will only be contacted if we require additional information. Once a case is opened, we will not discuss its progress, and we will not respond to status requests. You will be notified when your complaint is closed. At that time you will be provided instructions on how to submit a records request.
- DISCRIMINATION COMPLAINTS: Equal Employment Opportunity (Civilian) and Equal Opportunity (Military) complaints must be filed with your agency or service's EEO or EO office within the timeframes specified in EEO guidelines or you may forfeit your rights under the EEO Act and Title VII of the Civil Rights Act. Your local EEO or EO office, as well as the EEO Commission (EEOC) at http://www.eeoc.gov/ and the DoD Office of Diversity Management and Equal Opportunity (ODMEO) at http://diversity.defense.gov/ can provide further information and guidance.
- ADDITIONAL INFORMATION: If you submitted additional information or consent to release your identity for investigating your complaint, we will process this information upon receipt.

You may have just made a "protected communication" under Whistleblower Protection Laws. If you suffer retaliation for filing this complaint, you may file a Retaliation complaint. To learn more please refer to the Department of Defense Whistleblower Program website at www.dodig.mil/programs/whistleblower.

Please print a copy of this receipt for your records.

This is an auto-generated response.

| Part 1. Your Current Information | |
|---|---|
| Receiving Organization | DoD OIG Hotline |
| I choose to identify myself | Yes |
| I give permission/consent to release my identity | Yes |
| Full Name | Dr. Deppe, Dennis |
| Job Title | Engineer, CEO |
| Grade or Rank | |
| Grade or Rank Title | |
| Employee Status | |
| Employee Type | Contractor |
| Assigned to DoD Branch | I am not a DoD Employee |
| Other Agency or Office | |
| Address | 5749 Aloma Woods Blvd. |
| City | Oviedo |
| State or APO/FPO | FL |
| Zip | 32765 |
| Country | US |
| Email | DennisDeppe02@gmail.com |
| Home telephone | Best Contact Time: |
| Work telephone | Best Contact Time: |
| Work telephone (DSN) | Best Contact Time: |
| Mobile telephone | Best Contact Time: |
| Interview | Yes |
| Are you submitting this complaint for someone else? | No |
| What is that person's last name? | |
| What is that person's first name? | |
| What is that person's middle name? | |
| What is their Job Title? | |
| What is their organization name? | |
| What city is their organization located? | |
| What state is their organization located? | |
| What country is their organization located? | |
| What is their phone number? | |
| What is their email address? | |
| Is that person aware you are submitting this complaint? | |

| Part 2. Complaint Details | |
|---|---|
| Is this complaint against a person? | Yes |

| | |
|---|---|
| Prefix | |
| Last Name | Harrod |
| First Name | William |
| Middle Name | |
| Suffix | |
| Job Title | DoD program monitor working for IARPA |
| Grade or Rank | |
| Grade or Rank Title | |
| Employee Status | |
| Employee Type | |
| Assigned to DoD Branch | |
| Other Agency or Office | |

February 17, 2023

The Honorable Robert P. Storch, Inspector General, Department of Defense (DoD)
Mr. Steven A. Stebbins, Acting Principal Deputy Inspector General and Chief of Staff
Mr. Kelly P. Mayo, Deputy Inspector General for Investigations and
Director of the Defense Criminal Investigative Service
DoD Hotline
The Pentagon
Washington, D.C. 20301-1900

**FILED THROUGH THE GOVERNMENT INTERNET HOTLINE: RE:** Matters related to fraud and violations of U.S. federal criminal codes by DoD program monitors involving intellectual property theft schemes on contracts and research agreements they issued

Dear Mr. Storch, Mr. Stebbins, and Mr. Mayo,

Information and records are being provided to the DoD Office of Inspector General (OIG) as having jurisdiction over matters that involve violations of U.S. criminal codes and state laws by DoD employees. In this letter are included information and records that provide evidence that military employees working as DoD program monitors engaged in multiple violations of U.S. criminal codes as part of fraud schemes involving intellectual property theft. The DoD program monitors work in the area of funding basic science, and became convinced a new laser invention by the research and development company sdPhotonics could make them wealthy. They worked with three universities with close ties to the company in devising and carrying out illegal fraud schemes involving the laser inventions.

The program monitors used their DoD issued contracts in the fraud schemes. The records provide evidence that from 2016 through 2022 the DoD program monitors engaged in patent fraud, tax fraud, bank fraud, identity theft, bribery, cover-ups, attempted extortion, and physical endangerments. The evidence indicates they planned assassinations to cover-up their actions.

From their own admissions the DoD program monitors engaged in their unlawful actions out of their desires to enrich themselves and others with the laser inventions, to take control of the laser inventions for use on their research projects while excluding sdPhotonics, and out of anger over research findings related to how they thought the laser inventions would impact their other research programs they monitored for the DoD.

The DoD program monitors involved in the many fraud schemes include Mr. Frank Tucker of the Army based in Orlando, FL, Ms. Latika Eifert of the Army based in Orlando, FL, Ms. Deborah Van Vechten of the Navy based in Washington, D.C., Mr. William Harrod of IARPA based in Washington, D.C., Mr. Mike Gerhold of the Army based in the Research Triangle in North Carolina, Mr. T.R. Govindan of the Army based in Research Triangle in North Carolina, Mr. Gernot Pomrenke of the AFOSR, and Mr. Mark Beranek of NAVAIR based in San Diego, CA.

The DoD program monitors used military contracts to carry out their fraud schemes that include W911NF14C0088, W911NF1920165, W911NF19C0010, W911NF17P0048, N6833520C0925, and N6833520C0442. Mr. Pomrenke of the AFOSR used a university research project which was a Multi-University Research Initiative (MURI) from the topic Atto-joule Nano-optoelectronics awarded to The University of Texas at Austin in 2016, at the beginning of the Trump presidency.

The sdPhotonics laser inventions are in essence a replacement technology for lasers already being used by the military known as oxide vertical-cavity surface-emitting laser (VCSEL). The

oxide VCSEL are used in the fiber optics of fly-by-light jet fighters. The DoD program monitors had tried unsuccessfully to replace the oxide VCSELs in the jet fighters and other military platforms with a competing technology that failed. This lack of success with the competing technology was the source of their anger.

sdPhotonics' laser inventions are simply replacements for the oxide VCSEL now used in jet fighters, but with the promise of improved performance. However this is far from proven. To make the laser inventions appear more valuable the DoD program monitors "pumped up" the apparent value using government appropriations. **Attachment 1** is a technical description that was written by the Army program monitor Mr. Gerhold describing he tracked the laser inventions since 2011, as sdPhotonics developed these with the University of Central Florida.

The DoD program monitors bribed and incentivized attorneys who were hired to protect the company's intellectual property. Some of these "switched sides" to worked instead with the DoD program monitors, or others simply refuse to continue to represent sdPhotonics with the DoD involved. These include Ms. Karen Kline, Mr. Robert Sweetapple, Mr. Alen Hsu, Mr. John Vetter, Mr. Floyd Anderson, Mr. Neil Jetter, and Mr. Joe Southron of Florida, Mr. John Bustamante, Mr. John Taboada, Mr. Mark Solomon, and Mr. Kevin Keeling from Texas, and Ms. Ary Chang from California. Mr. Vetter took the extreme position of attempting to extort a signature on the fraudulent intellectual documents to be used as a cover-up for patent fraud committed by the DoD program monitors and the University of Central Florida. Mr. Vetter ultimately used threats of physical repercussions and other repercussions for not signing.

From 2016 through Dec. 2020 and beyond the program monitors used their DoD contracts and connections to carry out patent fraud, tax fraud, bank fraud, identity theft, bribery, attempted cover-ups, civil rights violations, physical endangerments, and apparent bribery promising equity positions and future contracts related to the laser inventions. There's evidence the DoD program monitors violated U.S. federal codes and multiple state laws that include on the federal level at least Title 18 USC §241 Conspiracy against rights; Title 18 USC §1961 Racketeering, Title 18 USC §1001, False Statements, along with perjury with the USPTO, patent fraud, tax fraud, civil rights violations, physical endangerments, and additional violations involving medical records and medical fraud, including violations of the Health Insurance Portability and Accountability Act (HIPAA) and possible violation of Title 18 U.S. Code §201 Bribery of public official.

## TIMELINE AND ATTACHMENTS

**Attachments 2** and **Attachment 3** are records related to one of the first fraud schemes the DoD program monitors attempted to carry out after President Trump took office in 2016. Tax fraud and identity theft were set up through the AFOSR program monitor Mr. Pomrenke and The University of Texas at Austin as part of intellectual property theft. As part of the scheme, I was contacted in 2015 by one of The University of Texas professors and asked to join a program in which Mr. Pomrenke sought inclusion of the oxide-free VCSEL inventions. The project was conducted under a program known as Multi-University Research Innitiative (MURI) on the topic of Atto-Joule Optoelectronics.

The University of Texas committed apparent tax fraud in 2017 and 2018, using my 2017 tax return. Despite that I had not been employed by the University of Texas since 2005, the university created faculty appointments for me in the 2017 tax year during Mr. Pomrenke's MURI project, and in 2018 the university filed a W-2 on my 2017 IRS wage and income statement. The sdPhotonics' accountant then committed separate tax fraud on the 2017 tax return, entering incorrect values in numerous entries. He did not include or disclose the W-2

filing from The University of Texas, and I received no notice related to the W-2 from The University of Texas.

The tax fraud was partially uncovered in Aug. 2021 when I received an IRS mailing with a copy of the 2017 tax return. After carefully reviewing the return I found the sdPhotonics accountant had made numerous incorrect entries, with some simply taken from the 2016 tax year. I learned how to check my own IRS transcript in the same month of Aug. 2021 and found the 2017 tax return was missing from IRS records. Instead the IRS flagged the return for identity theft which was triggered by the unreported W-2 filing. I had received no notice from the IRS of the W-2 filing or identity theft.

In Dec. 2021 the entities identity that had filed the strange W-2 on my 2017 tax year and that it is The University of Texas at Austin. In an email dated March 25, 2022 shown in **Attachment 2** the university's head tax attorney, Mr. Zumberge, attempts to explain the strange W-2 filing for the 2017 tax year. His office had already admitted that university made faculty appointments for me in the 2017 tax year and provided the records of the appointments, despite that I was not employed by the university. This combination would enable The University of Texas to make a claim on some of the patents covering the oxide-free VCSEL inventions.

After receiving Mr. Zumberge's email in **Attachment 2,** more evidence was uncovered that the IRS had also sent false notices about the 2017 tax return. **Attachment 3** has some of the documents from the IRS responding to requests involving the identity theft, and contradictory statements between the IRS and the sdPhotonics accountant about the actual filing date of the return. The records indicate the DoD program monitors were able to pull some IRS employees into their criminal schemes during the Trump administration.

The tax fraud and identity theft had a timing that further appears to have involved a planned cover-up through medical doctors in Orlando, FL. Medical records obtained in Dec. 2021 show that improper treatments were being given for a well-known medical condition starting in 2018. I changed the medical treatments when I moved from Orlando to Richardson, Texas in mid-2019.

**Attachments 4** and **Attachment 5** are records involving the patent fraud scheme that then was set up in 2017 with the University of Central Florida that included the Army program monitors Mr. Tucker and Ms. Eifert who work in the Orlando, FL Army Research Laboratory, and monitored the W911NF14C0088 SBIR contract with sdPhotonics.

**Attachment 4** shows the emails, communications and signed agreements between sdPhotonics and the University of Central Florida involving jointly owned patent applications being filed that were separately targeted for patent fraud, that also had research and development partly supported with contract W911NF14C0088. Three parent patents related to W911NF14C0088 were targeted for patent fraud that include US10033156B2 "Low resistance vertical-cavity light source with PNPN blocking region," US10483719B2, "Semiconductor devices with depleted heterojunction blocking regions," and US10263393B2, "Vertical-cavity surface-emitting device with epitaxial index guide."

**Attachment 5** shows one of the fraudulent documents that the University of Central Florida began filing retroactively with the U.S. Patent and Trademark Office (USPTO) beginning in May 2019, after the patents had issued or were about to issue. Without warning and filed under the penalty of perjury, the university's in-house patent counsel Ms. Sandra Sovinski makes repeated false statements and misrepresentations in her USPTO filing shown in **Attachment 5** attempting to claim the university has exclusive ownership of the laser inventions. The false statements in **Attachment 5** by Ms. Sovinski are shown underlined in red. In fact Ms.

Sovinski's retroactive USPTO filing results in perjury and violates the university's own patent rules and regulations (these are given in UCF-2.029), and the university's collective bargaining agreement. As described further below, it would turn out that the patent fraud in **Attachment 5** by the University of Central Florida was also set up by the DoD program monitors.

The University of Central Florida did not deny their filing shown in **Attachment 5** and similar ones contain false statements. Instead, the DoD program monitors and the University of Central Florida continued crafting fraud schemes they attempted later in 2019 and 2020 to cover-up the false USPTO filings.

By Oct. 2019 the University of Central Florida had agreed to correct the false ownership documents that it filed retroactively with USPTO such as shown in **Attachment 5.**

The DoD program monitors then began "pumping up" the perceived value of the sdPhotonics' laser inventions as they arranged additional contracts and government funding sources to accelerate the research and development of the laser inventions.

In early Jan. 2020 the Army project monitor Mr. Gerhold began setting up meetings with elected officials. These included then Sen. Kamala Harris from California, Sen. John Cornyn from Texas, Rep. Colin Alfred from Texas, then Rep. Will Hurd from Texas, and Rep. John Carter from Texas in a set of meetings that took place as shown in the **Attachment 6** in March 2020. The meetings were designed to obtain government appropriations for the Ultra Comm and sdPhotonics technologies Mr. Gerhold had been pushing and described in **Attachment 1**.

Then in Apr. 2020 the University of Central Florida informed sdPhotonics that an Army office separate from Mr. Tucker's and Ms. Eifert's had instructed the university not to take action on the patents. When the university provided the communications these were found to include false information concerning sdPhotonics' W911NF14C0088 contract. When Ms. Eifert was informed and saw the communications that the University of Central Florida had regarding the Army contract W911NF14C0088 she monitored, she complained strongly about the university and asked that a fraud complaint be filed with the SBA OIG regarding the university actions.

The SBA OIG complaint Ms. Eifert asked to be filed was filed on Jun. 22, 2020. **Attachment 7** shows the filing receipt with reference number 20200622wrg2 from Mr. Ware's office for the SBA OIG complaint. After the Jun. 22, 2020 SBA OIG complaint was filed, the criminal action by the DoD program monitors, attorneys, and universities dramatically escalated. The University of Central Florida filed additional false ownership documents with the USPTO, and the attorneys hired by sdPhotonics refused to take action to defend the patents while refusing to explain why.

In Aug. 2020, sdPhotonics hired new attorneys to address the filings by the University of Central Florida, including Ms. Chang from CA and Mr. Bustamante from Texas. Not long after Ms. Chang began working on the patent fraud matter she informed me directly that the University of Central Florida was working with Ms. Eifert of the Army attempting to cover up the patent fraud. Mr. Bustamante made similar statements in Sep. 2020. Within a few weeks of starting, Ms. Chang made unusual comments about it not being possible to sue the Army. This was followed by her, Mr. Anderson, and Mr. Bustamante drafting a fraudulent settlement agreement that included both the Army and the University of Central Florida, and was clearly drafted as an attempt to cover-up the patent fraud shown in **Attachment 5**.

Then, in Nov. 2020, Mr. Vetter made repeated demands in a phone call that the fraudulent agreement that had been prepared by Ms. Chang, Mr. Bustamante, and Mr. Anderson be signed. When his demands were refused these became threats of physical and other

repercussions. After the phone call with Mr. Vetter, I was physically and intensely stalked in hotels and elsewhere and cyber-stalked while traveling on a scheduled trip. During this time at the start of Nov. 2020 the Navy program monitor Ms. Van Vechten also both made threats and offered to help related to the patent fraud. Ms. Van Vechten was also requesting a follow-on project with sdPhotonics as part of the DoD SBIR program.

In Nov. 2020 the company bank accounts and credit card accounts that became corrupted, and there were numerous identity theft issues with false address changes filed on financial accounts. I experienced the same on personal financial accounts. sdPhotonics had its government business site changed with my information as part of the company removed. There was also a security breach on the company business account. The stalking, corrupted financial accounts and security breaches were clearly linked to the threats from Mr. Vetter and his extortion attempt to obtain the signed agreement to be used as a cover-up for the patent fraud.

**Attachment 8** shows the contacts in Dec. 2020 to the GSA Federal Help Desk that assisted in recreating my appointment as the CEO with necessary government roles on the sdPhotonics' business site with the government. This was only a start of my attempts to untangle myself from the corrupt DoD program monitors and attorneys who had then become wrapped in fraud and criminal schemes they had set up as part of intellectual property theft from sdPhotonics.

From early Jan. 2021 through Sep. 2021 the company began exiting its government contracts with these DoD program monitors because of the fraud schemes they had set up. As the company did so the DoD program monitors, possibly realizing they were losing their opportunity to complete their patent fraud scheme, became more aggressive in attempting to obtain prototypes and trade secrets from sdPhotonics.

During this time in Apr. 2021 I again hired new attorneys to protect the sdPhotonics intellectual property who again indicated the DoD was involved in the patent fraud. Mr. Keeling and Mr. Solomon reviewed the university's UCF-2.029 rules and regulations on intellectual property and further determined that the University of Central Florida had likely lost its own rights in the patents with the retroactive ownership documents that violate UCF-2.029.

However Mr. Keeling and Mr. Solomon also did not take any action to protect the sdPhotonics patents because they also learned that the Army was working with the University of Central Florida.

The IARPA program monitor Mr. Harrod and the Army program monitor Mr. Govindan made another attempt at obtaining sdPhotonics' intellectual property and covering-up the University of Central Florida's patent fraud in Sep. 2021. They attempted to claim that the laser inventions had now become owned by IARPA under the cooperative agreement W911NF1920165. While unsuccessful, they and the University of Illinois continued to refuse to return the sdPhotonics' laser prototypes that had been supplied on the W911NF1920165.

The DoD anger and animosity over the past research results made them desperate to control the sdPhotonics laser prototypes and messaging through journal articles that report results from the prototypes. **Attachment 9** shows a publication early in the W911NF1920165 project in which sdPhotonics laser prototypes, called Cryo VCSELs, have just been measured by the University of Illinois and Sandia National Laboratories. This was prior to Nov. 2020, and when sdPhtonics was developing a second set of prototypes to the project.

These prototypes were supposed to be returned to sdPhotonics so the company could conduct its own measurements on the laser prototypes to refine its advanced laser models

used to predict the laser performance. Instead the DoD program monitors even committed contract fraud on a basic science project, apparently out of spite and anger. After sdPhotonics delivered the second set of Cryo VCSEL prototypes the DoD program monitors kept the sdPhotonics prototypes to publish their own separate scientific journal articles.

**Attachment 10** shows one of what are now several publications from the University of Illinois, Mr. Feng, and the IARPA program monitor Mr. Harrod. The paper described in **Attachment 10** was submitted in Sep. 2022, which is how long they have continued to perform measurements and study the sdPhotonics laser prototypes. There is not a scientific reason for doing what Mr. Harrod or Mr. Feng have done. In another article from the University of Illinois Mr. Feng's group is credited with developing the new Cryo VCSEL, engaging in plagiarism and other misrepresentations. The DoD program monitors and Mr. Feng violate scientific standards for reasons that are not clear. Their actions appear to taken out of some type of spite, thrill-seeking, or both.

## STALKING WITH FOOD AND WATER POISONING

Physical stalking and cyber-stalking have been used extensively. The physical stalking was many times done in the open for the apparent purpose of intimidation and harassment. I was heavily stalked during the Nov. 2020 time frame with the attempt to use extortion to obtain a signed intellectual property agreement with the Army and University of Central Florida as part of a cover-up for the patent fraud shown in **Attachment 5**.

There was a temporary stop to the physical stalking at the end of Dec. 2020 at the end of President Trump's term in office. The physical stalking began again prior to the second attempts to obtain sdPhotonics intellectual property by the IARPA program monitor Mr. Harrod and Army program monitor Mr. Govindan in Sep. 2021. After Sep. 2021 the stalking intensified. By mid-2022 it was clear I was being openly stalked and cyber-stalked for the purposes of intimidation and harassment.

By Sep. 2022 the stalking progressed to food and water poisoning. The food and water poisoning was also used for intimidation and harassment, as well as physical endangerment. The food and water poisoning could be determined after the fact because the chemical being added to the food and water cause dehydration after being ingested. I was tracked to Washington, D.C. where I was further stalked and experienced food and water poisoning. As far as I could determine, the intent was to continue poisoning to the point of extreme physical endangerment and apparent assassination.

I was assaulted a large number of times with what was apparently RF/microwave transmitters producing directed energy beams. I understood that the DoD had this RF/microwave technology which is used in simulation and soldier training and under further development by the U.S. and others for use in battlefields. However the RF/microwave transmitters appear to have also been used by individuals working either with the military or law enforcement, or both. It appeared that the military or corrupt law enforcement working with the military also employed additional individuals who took part in the RF/microwave transmitter assaults.

The actions of the military personnel are on-going, and have targeted me with surveillance and physical endangerments as owner of the company. At the end of Dec. 2022 I was forced to leave the U.S. temporarily after numerous incidents of food and water poisoning, and assaults from individuals using RF/microwave transmitters described above. During this time I also began contacting congressional offices related to the possible involvement and need for investigations into elected officials participation in the fraud schemes that had been set up by the DoD program monitors.

**SUMMARY OF RECORDS RELATED TO DOD PROGRAM MONITORS AND ADDITIONAL FILINGS**

This document includes information and records involving evidence of unlawful actions by DoD program monitors working in the area of funding basic scientific research, who used their DoD contracts to carry out numerous fraud schemes and criminal actions involving intellectual property theft. Information and records provide evidence of patent fraud, tax fraud, identity theft, perjury, bribery, attempted cover-ups, and civil rights violations, related to intellectual property theft attempts by DoD employees. The DoD program monitors used their contracts and ability to award future contracts in the fraud schemes.

The information and records provide evidence the DoD program monitors violated U.S. federal codes and multiple state laws that include at least Title 18 USC §241 Conspiracy against rights; Title 18 USC §1961 Racketeering, Title 18 USC §1001, False Statements, along with perjury with the USPTO, patent fraud, tax fraud, civil rights violations, physical endangerments, and additional violations involving medical records and medical fraud, including violations of HIPAA. Additional records not included provide evidence of bank fraud, and possible violation of Title 18 U.S. Code §201 Bribery of public official. The actions have caused substantial damages to sdPhotonics and for me individually.

As described in the online submission form, this report to the DoD OIG and its attachments will be provided to additional congressional offices and the White House that have oversight responsibilities of elected officials and other entities involved with the DoD program monitors in the multiple fraud schemes.

Signed:

Dennis Deppe
Individual and CEO, sdPhotonics LLC
Home address: 5749 Aloma Woods Blvd., Oviedo, FL 32765

Small Business Innovation Research/Small Business Tech Transfer

# Ultralow Bit Energy VCSEL-Based Transceiver for High Efficiency, Radiation-Hardened Optical Data Links, Phase I

Completed Technology Project (2020 - 2021)

## Project Description

This SBIR project is to develop a new type of high-speed optical data link that can operate with high efficiency and reliability to enable optical data speeds that are much greater than currently possible. The optical data link will use a vertical-cavity surface-emitting laser (VCSEL) with a new type of cavity that eliminates internal strain and reduces the internal device temperature to operate with very high reliability under bias conditions needed for high speed. The currently used VCSELs in for example NASA's SpaceFibre are limited to 3-6.125 Gbps mainly due to reliability problems for bias currents needed to reach higher speeds. When reliability constraints are lessened for use in data centers for example, the same VCSEL technology used for data centers can produce 25 Gbps, with 50 Gbps VCSEL-based data links now under development. The VCSEL technology proposed for this project uses a new type of laser cavity that can be scaled smaller and operate with higher reliability than existing technology, and has already been shown to operate with very high reliability under extreme conditions exceeding that possible using commercially available VCSELs. The SBIR Phase I project will develop the new laser device for direct insertion into high quality transceiver packages being manufactured for space platforms. A Phase II effort will characterize the optical transceiver to develop a prototype that can be supplied to government laboratories and tested on various platforms. The new laser technology can be manufactured with a much smaller laser cavity than has been possible before, to improve the optical link efficiency by reducing bit energy. sdPhotonics will partner with a transceiver manufacture and utilize growth and fabrication foundries to develop a commercial supply of the new laser technology for use in high speed optical data networks for harsh environments.

## Anticipated Benefits

NASA applications are for radiation-hardened, high-speed, reliable optical interconnects for use in NASA satellites and space platforms. Data rates target speeds of 25 Gbps and greater with links that can operate with high efficiency and bit energy less than 10 pJ. Specific applications include satellites with optical data networks that must integrate reliable, low bit energy, low weight, radiation protection, and high-speed data transfer rates.

The non-NASA applications include a host of high speed optical data links and networks that operate with high efficiency, low cost directly modulated lasers. These include data centers, personal computing, high performance computing, and military optical interconnects including those that operate in harsh environments.




Ultralow Bit Energy VCSEL-Based Transceiver for High Efficiency, Radiation-Hardened Optical Data Links, Phase I

## Table of Contents

Project Description 1
Anticipated Benefits 1
Primary U.S. Work Locations and Key Partners 2
Organizational Responsibility 2
Project Management 2
Images 3
Technology Maturity (TRL) 3
Target Destination 3
Views on TechPort 3

Small Business Innovation Research/Small Business Tech Transfer

# Ultralow Bit Energy VCSEL-Based Transceiver for High Efficiency, Radiation-Hardened Optical Data Links, Phase I

Completed Technology Project (2020 - 2021)

## Primary U.S. Work Locations and Key Partners



| Organizations Performing Work | Role | Type | Location |
|---|---|---|---|
| sdPhotonics, LLC | Lead Organization | Industry | Richardson, Texas |
| Goddard Space Flight Center(GSFC) | Supporting Organization | NASA Center | Greenbelt, Maryland |

| Primary U.S. Work Locations | |
|---|---|
| Maryland | Texas |

## Organizational Responsibility

**Responsible Mission Directorate:**

Space Technology Mission Directorate (STMD)

**Lead Organization:**

sdPhotonics, LLC

**Responsible Program:**

Small Business Innovation Research/Small Business Tech Transfer

## Project Management

**Program Director:**

Jason L Kessler

**Program Manager:**

Carlos Torrez

**Project Managers:**

Harry C Shaw
Joseph Famiglietti

**Principal Investigator:**

Dennis Deppe

Small Business Innovation Research/Small Business Tech Transfer

# Ultralow Bit Energy VCSEL-Based Transceiver for High Efficiency, Radiation-Hardened Optical Data Links, Phase I

Completed Technology Project (2020 - 2021)

## Images




**Briefing Chart Image**
https://techport.nasa.gov/image/253029
Ultralow Bit Energy VCSEL-Based Transceiver fo
r High Efficiency, Radiation-Hardened Optical Da
ta Links, Phase I

## Technology Maturity (TRL)

Start: **3**
Current: **5**
Estimated End: **5**




## Target Destination

Earth

## Views on TechPort

69 views

# Exhibit 2

# Optoelectronics Program

## Current Scientific Objectives

### 01

Explore the limits of low energy and high-speed optoelectronics to assess ways to surpass the performance of conventional electronics or consider hybrid integrated microsystems of the two, that if successful will enable much faster and higher performance computing on mobile platforms with limited power supplies

### 02

Advance photonics capabilities through exploration of high intensity radiation generation within microscale systems, that if successful will enable chip-scale photonic light sources from UV to mid-infrared based upon novel materials, diffractive optical techniques for beam combining, shaping, and active control for use in Army surveillance, sensing, and communications

### 03

Demonstrate new power scaling methods and architectures along with adaptive optical control techniques to create directed energy solutions that if successful will reduce the size and power consumption of laser systems while revolutionizing beam control performance to mitigate the effects of atmospheric turbulence for greater power delivery

## Program Manager



**Dr. Michael Gerhold**

**Program Manager, Optoelectronics**

**Program Manager (Acting), Electronics Sensing**

**Electronics Division**

**ARO Engineering Sciences Directorate**

Dr. Gerhold completed his undergraduate studies at Purdue University, receiving his B.S. in Electrical Engineering in 1992, as well as a M.S. in Electrical Engineering in 1994. He received his Ph.D. in Electrical Engineering from the University of Michigan in 1999. He came to ARO in 1999 as the Program Manager for Optoelectronics.

SUCCESS STORY

## Oxide-Free Vertical Cavity Surface Emitting Lasers Demonstrate Superior Thermal Performance

**A laser of superior power and thermal performance** is transitioning to industry to enable the potential development of next-generation optical interconnects, such as fiber optics for communication or electronic systems with faster response times.

## Challenge

Semiconductor diode lasers have experienced success in both their edge-emitting and vertical cavity surface emitting laser (VCSEL) regimes. However, VCSELs have experienced road-blocks to achieving complete dominance of the market due to the thermal bottleneck within their active region. This bottleneck is a thermally insulating oxide which acts to control current flow into the light emitting region. However, it also causes significant increase in heat that grows as the aperture size is reduced. The future development of faster and higher-performing lasers will require discoveries that overcome this bottleneck by removing this oxide while maintaining a small-diameter beam.

This success supports these ARL Core Technical Competencies:

- Network and Information Sciences
- Materials and Manufacturing Sciences

## Action

Beginning in 2011, the ARO Optoelectronics program manager, Dr. Mike Gerhold, identified Army-relevant research interests by Professor Dennis Deppe of the University of Central Florida's Center for Research in Electro-Optics and Lasers (CREOL). Professor Deppe is credited as the inventor of the oxide-aperture VCSEL but at that time was investigating a new approach to remove the oxide. Although Professor Deppe took great care at that time to ensure the security of his invention, Dr. Gerhold was able to gain insight into the discovery thru meaningful site visits and discussions. This interchange built upon Professor Deppe's previous relationship with both Dr. Gerhold and CCDC ARL SEDD thru DARPA and CCDC ARL programs where Professor Deppe had pursued advances for his commercially successful oxide-aperture VCSELs. The key scientific challenge at the time was the unknown mechanism of action for the new oxide-free VCSELs. Knowing the history of oxide-VCSELs and the critical function that the oxide performed, the key barrier was how one could create a laser free of this oxide - having both a small beam diameter and a small divergence angle. Prior to the oxide-VCSEL invention in the 1990s, oxide-free, proton implanted VCSELs were the standard, but they were of much lower efficiency and with slower modulation speeds due to the inability to shrink the diameter while maintaining high beam quality.

**This success was made possible by the following ARO S&Es or Program Specialists:**

- Dr. Michael Gerhold, ARO Electronics Division

Dr. Gerhold worked with an SBIR contractor, Ultracommunications, Inc., to pioneer a working group that led to the establishment of a military standard for ruggedized optical interconnects. Operation of the interconnects from -40°C to 85°C and sometimes higher (up to 120 °C) became established requirements for various environments. However, the oxide-VCSELs clearly struggled to meet specs across this temperature range. At high temperatures their performance would degrade both in terms of reliability and output power. Dr. Gerhold's persistence to realize to implement VCSEL interconnects, in coordinate with CCDC ARL SEDD, guided the push for improved lasers.

It was Professor Deppe's phase shifting mesa placed very close to the active region which supplied the lateral isolation heretofore accomplished by the oxide. Oxide-free operation was soon proven under an ARO grant from Dr. Gerhold's program in 2012, and it quickly began to exceed expectations. The oxide-free active region was monumentally better performing than the oxide version. With just 1 micron diameter lasers, 5 mW of power could be emitted at up to 85°C or higher. Such power levels were unheard of and led Professor Deppe to immediately consider them for two important directions: integrated photonics, including silicon photonics, and for VCSEL arrays. Two patents were obtained for these applications which are yet poised for pursuit in recently announced and forthcoming programs.

Motivated by the challenge of developing oxide-free VCSELs into better high-speed lasers, Dr. Gerhold leveraged investments he had made with Professor Milton Feng of the University of Illinois, who was studying other high-speed optoelectronics. His group was renowned for high-speed electronics, having been the first to achieve THz speed transistors. Dr. Gerhold had invested several DURIP equipment grants for his lab, so he realized that Professor Feng could provide the needed VCSEL characterization. By organizing several years of GOMACTech technical sessions, Dr. Gerhold brought together Professors Feng and Deppe to hear about each other's work, and to consider the suggestion that they work together. As a result, each group submitted proposals that included cross-collaboration.

## Results

- ARO established a successful collaboration between leading researchers in optoelectronics that discovered how to create a specialized laser that operates at a wider-temperature range and higher speed.
- The resulting specialized laser transitioned to IARPA to explore potential quantum computing applications.

## Result

Figure 1 shows some data from prior ARO funded research proving the viability of oxide-free VCSELs for high-speed operation across a wide military relevant temperature range. As a result of this progress on both the direct current and high-speed modulation performance of the lasers, Dr. Gerhold was able to consider some technology transition plans, which ultimately led to a new collaboration with C5ISR Center's Night Vision Laboratory (NVESD) and sdPhotonics (led by Professor Deppe), to pursue the use of cryogenic VCSELs for high-speed focal plane read-out. Professor Deppe teamed with Ultra-communications who had made great progress on two prior ARO SBIR and STTR programs in making miniaturized, low cost optical transceivers that proved to be rugged enough for any military platform.




Figure 1: left) Bias dependent modulation results measured at 95 C showing 9 GHz operation; (right) Bit-Error-Rate Testing (BERT) transmission measured at 95 C showing 12 Gb/s data rate.

An additional interesting discovery, shown in Figure 2, was that the VCSELs can work well even at 4K, well below the carrier freeze-out temperature predicted in semiconductor doping theory. This led to sdPhotonics (jointly with Professor Feng) receiving a contract from a joint ARO and Intelligence Advanced Research Projects Activity (IARPA) program called "Supercables" aimed at low energy optical interconnects for superconducting qubit readout. Part of the motivation for this award is that the VCSEL threshold current exponentially decreases with temperature making them extremely efficient at 4 K, down to only tens of attojoules of energy/bit.




Figure 2: Cryogenic VCSEL SBIR program illustration

## Way Ahead

The future of the oxide-free VCSELs is bright, especially for military applications but also for commercial endeavors. Professor Deppe recently resigned from his distinguished professorship at the U. Central Florida to focus at sdPhotonics. There he is partnering with Intelligent Epitaxial Technologies (IET) to develop a foundry supply of epitaxy for the new oxide-free VCSELs. Oxide-free VCSELs can be made smaller and more closely packed to create higher intensity beams. These results promise a new means to address high power laser systems that can couple the dense laser arrays into high brightness, high power laser beams. These high power laser systems have applications in Light Detection and Ranging (LIDAR), surveillance, and directed energy.

A new program (DARPA LUMOS) has been announced aimed at manufacturable solutions to incorporate high performing III-V compound semiconductor devices into silicon photonics foundry processes. VCSELs such as the oxide-free one of Professor Deppe are poised to be used for such studies and hold numerous potential benefits to future photonic circuit technologies. Patented approaches achieved under ARO investment provide a new foundation for much more efficient and versatile photonic systems.

---

SUCCESS STORY

# From Slow-Light Laser to Enhanced Autonomous Navigation

ARO funded research is expected to foster the **transition of a narrow linewidth laser** to industry for the potential development of autonomous navigation systems.

This success supports these ARL Core Technical Competencies:

- Network and Information Sciences
- Materials and Manufacturing Sciences

## Challenge

The amplitude of light is commonly used in LIDAR for range finding and in binary digital communications to indicate the two states of "1" or "0". However, utilization of the phase of light brings much greater utility for the laser signal by providing additional information that can be garnered by creating multi-level phase states delineated in proportion to how low one can decrease the phase noise. The phase noise is directly related to the laser linewidth. Applications for both in enhanced data communications bandwidths and higher resolution LIDAR that utilizes both the amplitude and phase of the light are critical to significant system level performance advances.

## Action

Narrow linewidth diode lasers known as distributed feedback (or DFB) lasers were developed by Professor Amnon Yariv of California Institute of Technology in the 1970s. They were advanced devices in their time utilizing special interference lithography techniques used to fabricate precise mirrors to create single frequency lasers with linewidths of several hundred kHz. Improving upon them became the challenge Dr. Gerhold put forth to Professor Yariv upon meeting him at ARO for the first time 2009.

**This success was made possible by the following ARO S&Es or Program Specialists:**

- Dr. Michael Gerhold, ARO Electronics Division

# Exhibit 3

**On July 11, 2017, Ms. Svetlana Shtrom's UCF OTT authorizes UCF patent prosecution attorney Neil Jetter to file the patent applications covering the oxide-free VCSEL invention with sdPhotonics and UCF as joint applicants with joint assignment of ownership rights.**

# RE: UCF-33708 'Second Deppe NP application' UCF confidential information Bar date July 13, 2017

**John Miner**
Tue 7/11/2017 2:53 PM

To: Dennis Deppe <ddeppe@creol.ucf.edu>; Arlene Simon <arlene.simon@jetterpatents.com>
Cc: Kristin Timpson <Kristin.Timpson@ucf.edu>; Neil Jetter <neil.jetter@jetterpatents.com>

Dear Group,

Dr. Deppe and I have spoken about the applications- we agree to joint assignment. Furthermore, I approve the applications for filing. Please proceed without delay! Thank you all for the hard work on these cases.

John

John Miner, MRA
Assistant Director- Physical Sciences
Office of Technology Transfer
University of Central Florida
12201 Research Parkway
Suite 201
Orlando, FL 32826
(407)882-1136
Fax (407)823-3299
John.Miner@ucf.edu

UCF50
1963–2013 YEARS

---

**From:** Dennis Deppe
**Sent:** Tuesday, July 11, 2017 2:35 PM
**To:** Arlene Simon; John Miner
**Cc:** Kristin Timpson; Neil Jetter
**Subject:** Re: UCF-33708 'Second Deppe NP application' UCF confidential information Bar date July 13, 2017

Hi Kristin,

I did speak to John on Monday and we want to go forward with the application and joint assignment.

I'm in Puerto Rico and will be traveling tomorrow, so we do not have much time to complete the documents.

Please respond quickly.

Thank you,

Dennis

---

# Exhibit 4

**UCF Research Foundation, Inc. and Ms. Svetlana Shtrom's UCF OTT office invoice Plaintiff for patent costs for jointly owned patents with Plaintiff's company covering oxide-free VCSEL inventions.**

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH FOUNDATION, INC.

| | |
|---|---|
| **Invoice #:** | 10272016 |
| **Invoice Date:** | 10/27/2016 |
| **Due Date:** | *11/27/2016* |
| **Licensee:** | *sdPhotonics, LLC* |

***John Miner, Assistant Director, Physical Sciences***
***Office of Technology Transfer***
***12201 Research Parkway, Suite 501***
***Orlando, FL 32826***

**RE: sdPhotonics, LLC Patent License Agreement – 80200**
Attn: Dr. Dennis Deppe
450 South Lake Jessup Ave
Oviedo, FL 32765
ddeppe@cfl.rr.com

| DESCRIPTION | SERIAL OR ISSUE # | UCF ID # | ATTORNEY INVOICE # | ATTORNEY INVOICE DATE | AMOUNT |
|---|---|---|---|---|---|
| Response to Office Action | 14/717,692 | 33264 | 101058 | 08/06/2016 | $2,250.00 |
| Provisional Application | 62/361,531 | 33459 | 101084 | 09/19/2016 | $5,070.00 |
| SUB-TOTAL | | | | | **$7,320.00** |
| 50% Reimbursable Patent Costs | | | | | $3,660.00 |
| **Total Amount Due**<br>**PLEASE NOTE: WHEN SELECTING THE WIRE OR CREDIT OPTION LICENSEE IS RESPONSIBLE FOR ANY FEE(S) (EXAMPLE: WIRE FEE OF CURRENCY CONVERSION FEE).** | | | | | **$3,660.00** |

**Remittance Address:**
University of Central Florida
4365 Andromeda Loop N
P.O. Box 160119
Orlando, FL 32816

Contact Person: Mieraf Tadesse
Phone: 407-823-0521
Fax: 407-882-2233
E-mail: Mieraf.Tadesse@ucf.edu

**Wiring Instructions:**
Contact Person: Mieraf Tadesse
Phone: 407-823-0521
Fax: 407-882-2233
E-mail: Mieraf.Tadesse@ucf.edu

**For credit to:**
University of Central Florida
Research Foundation Inc.
Account #898037226292

Contact Person: Ed Jacobs
Phone: 407-882-1113
Fax: 407-882-2233
E-mail: ejacobs@ucf.edu

Make all checks payable to University of Central Florida Research Foundation, Inc.

***Thank you for your business!***

**Jetter & Associates, P.A.**
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410 USA
*Where Quality is always the Highest Priority*

September 19, 2016
Inv #: 101084
File #: **UCF-33459**

University of Central Florida-Office of Research & Commercialization
12201 Research Parkway, Suite 501
Orlando, FL 32826

**Application #:** 62/361,531 Filing Date: 7/13/16 Lic. Assoc: John Miner
**Title:** VERTICAL-CAVITY SURFACE-EMITTING DEVICES

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| **FEES** | | | | |
| May-04-16 | Begin drafting application. | 0.40<br>$300.00 | 120.00 | NJ |
| May-05-16 | Continue drafting application. | 4.40<br>$300.00 | 1,320.00 | NJ |
| May-13-16 | Revise application per Inventor Deppe' comments. | 3.50<br>$300.00 | 1,050.00 | NJ |
| May-16-16 | Complete revised application based on Inventor Deppe' latest comments. | 2.70<br>$300.00 | 810.00 | NJ |
| May-17-16 | Revise application based on latest Inventor Deppe' comments. | 1.10<br>$300.00 | 330.00 | NJ |
| May-24-16 | Continue drafting application including defining new method aspects disclosed. | 1.50<br>$300.00 | 450.00 | NJ |
| May-27-16 | Integrate into application new method details provided by Inventor Deppe. | 0.70<br>$300.00 | 210.00 | NJ |
| May-31-16 | Review most recently revised application from Inventor Deppe deleting previously added method embodiments. | 0.40<br>$300.00 | 120.00 | NJ |
| Jun-30-16 | Complete revised patent application including substantial revisions to amended claim set provided. | 2.60<br>$300.00 | 780.00 | NJ |
| Jul-11-16 | Revise patent application now changed to a provisional. | 0.80<br>$300.00 | 240.00 | NJ |
| Jul-12-16 | Billing note: Inventor Deppe filed the provisional application himself on 7/12/16. | | 0.00 | NJ |
| Sep-14-16 | Fixed Fee for Preparation and Filing of Response to Missing Parts per Fee Schedule. | | 250.00 | NJ |
| | Totals | 18.10 | $5,680.00 | |
| | Discount | | 930.00 | |
| | Total Fees After Discount | | $4,750.00 | |

Approval: [signature]
LA Approval:
Approval Date: 9/28/2016
P.O. #
Check #
Check Date:

**DISBURSEMENTS**

Invoice #: 101084 Page 2 September 19, 2016

| | | |
|---|---|---|
| Sep-14-16 | Provisional Application Filing Fee. | 260.00 |
| | Surcharge - Late provisional filing fee or cover sheet | 60.00 |
| | Totals | $320.00 |
| | **Total Fees & Disbursements** | **$5,070.00** |
| | **Balance Now Due** | **$5,070.00** |

TAX ID Number 27-1367078

If there are any questions or concerns about this Invoice, please contact Arlene Simon at:
Phone # 561-727-0483, Fax # 561-847-3620, Email: Arlene.Simon@JetterPatents.com

ıport ID: IHVCIP

Date: 06/21/202
Time: 11:27:45

| Capture Date | Sequence Number | Aux OnUs | P/C | Amount | Posting Date | Posting Account |
|---|---|---|---|---|---|---|
| 11/10/2016 | 78029682 | | 5328 | $3,660.00 | 11/10/2016 | [redacted] |

DOCUMENT CONTAINS COLORED BACKGROUND ON WHITE PAPER "VOID" FEATURE SIMULATED WATERMARK (REVERSE SIDE) MICRO-PRINT BORDER

PLEASE POST THIS PAYMENT FOR OUR MUTUAL CUSTOMER

**Account: SDPHOTONICS, LLC** **$3,660.00**

Please Direct Any Questions To
(800) 278-6302
OUR OPERATIONS DEPARTMENT

10/610

**0000005328**

SDPHOTONICS LLC
5749 ALOMA WOODS
OVIEDO, FL 32765

SUNTRUST

**November 03, 2016**

**MEMO: Invoice: 10272016**

05187 4250454 005199 005199 00001/00001 k05187

Pay THREE THOUSAND SIX HUNDRED SIXTY AND 00/100 ------------------------------------ DOLLARS

$ *****3,660.00

TO THE ORDER OF
UNIVERSITY OF CENTRAL FLORIDA
PO BOX 160119
4365 N ANDROMEDA LOOP
ORLANDO, FL 32816-8007

05187

Void After 180 DAYS.
*Signature On File*
This check has been authorized by your depositor

⑈005328⑈ ⑆061000104⑆ [redacted]

04180063

ORLANDO 20161109 00729 00220

For Deposit Only
University of Central Florida-
Board of Trustees
Payment Processing Unit-Receivables
General Operating Fund
8900063766681-02501

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

Security features on this document include a Micro-Print Border, Artificial Watermark. Absence of these features may indicate alteration.

• FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

# Exhibit 5

**International patent filings dated July 11, 2017 and February 18, 2018 covering oxide-free VCSEL inventions signed by the UCF Office of Technology Transfer Director Ms. Svetlana Shtrom and UCF VP for Research and Development Mr. Thomas O'Neal.**

# PCT

## POWER OF ATTORNEY

*(for an international application filed under the Patent Cooperation Treaty)*

(PCT Rule 90.4)

The undersigned applicant(s) *(Names should be indicated as they appear in the Request Form (PCT/RO/101))*:

University of Central Florida Research Foundation, Inc.
12201 Research Parkway, Suite 501
Orlando, FL 32826-3246
UNITED STATES OF AMERICA

hereby appoints (appoint) the following person as: ☒ agent ☐ common representative

**Name and address**
*(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country.)*

JETTER, Neil R.
Jetter & Associates, P.A.
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410
UNITED STATES OF AMERICA

to represent the undersigned before

☒ all the competent International Authorities

☐ the International Searching Authority only

☐ the Authority specified for supplementary search only: ____________________
*(please indicate the Authority(ies) specified for supplementary search)*

☐ the International Preliminary Examining Authority only

in connection with the international application identified below:

**Title of the invention:** SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS

**Applicant's or agent's file reference:** UCF-33711

**International application number (if already available):**

filed with the following Office United States of America as receiving Office
and to make or receive payments on behalf of the undersigned.

**Signature of the applicant(s)** *(where there are several applicants, each of them must sign; next to each signature, indicate the name of the person signing and the capacity in which the person signs, if such capacity is not obvious from reading the request or this power)*:

UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC.

By: [signature]
Thomas O'Neal, Associate Vice President of Research

Date: July 11, 2017

# PCT

## POWER OF ATTORNEY

*(for an international application filed under the Patent Cooperation Treaty)*

(PCT Rule 90.4)

The undersigned applicant(s) *(Names should be indicated as they appear in the Request Form (PCT/RO/101))*:

University of Central Florida Research Foundation, Inc.
12201 Research Parkway, Suite 501
Orlando, FL 32826-3246
UNITED STATES OF AMERICA

hereby appoints (appoint) the following person as: ☒ agent ☐ common representative

**Name and address**
*(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country.)*

JETTER, Neil R.
Jetter & Associates, P.A.
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410
UNITED STATES OF AMERICA

to represent the undersigned before

☒ all the competent International Authorities

☐ the International Searching Authority only

☐ the Authority specified for supplementary search only: ____________
*(please indicate the Authority(ies) specified for supplementary search)*

☐ the International Preliminary Examining Authority only

in connection with the international application identified below:

**Title of the invention:** SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS

**Applicant's or agent's file reference:** UCF-33711

**International application number (if already available):**

filed with the following Office United States of America as receiving Office
and to make or receive payments on behalf of the undersigned.

**Signature of the applicant(s)** *(where there are several applicants, each of them must sign; next to each signature, indicate the name of the person signing and the capacity in which the person signs, if such capacity is not obvious from reading the request or this power)*:

sdPhotonics, LLC

By: [signature]
Dennis G. Deppe, Chief Executive Officer

Date: July 11, 2017

# PCT

## POWER OF ATTORNEY

*(for an international application filed under the Patent Cooperation Treaty)*

(PCT Rule 90.4)

The undersigned applicant(s) *(Names should be indicated as they appear in the Request Form (PCT/RO/101))*:

University of Central Florida Research Foundation, Inc.
12201 Research Parkway, Suite 501
Orlando, FL 32826-3246
UNITED STATES OF AMERICA

hereby appoints (appoint) the following person as: ☒ agent ☐ common representative

**Name and address**
*(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country.)*

JETTER, Neil R.
Jetter & Associates, P.A.
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410
UNITED STATES OF AMERICA

to represent the undersigned before

☒ all the competent International Authorities

☐ the International Searching Authority only

☐ the Authority specified for supplementary search only: ____________________
*(please indicate the Authority(ies) specified for supplementary search)*

☐ the International Preliminary Examining Authority only

in connection with the international application identified below:

**Title of the invention:** VERTICAL-CAVITY SURFACE-EMITTING DEVICE WITH EPITAXIAL INDEX GUIDE

**Applicant's or agent's file reference:** UCF-33835

**International application number (if already available):**

filed with the following Office United States of America as receiving Office
and to make or receive payments on behalf of the undersigned.

**Signature of the applicant(s)** *(where there are several applicants, each of them must sign; next to each signature, indicate the name of the person signing and the capacity in which the person signs, if such capacity is not obvious from reading the request or this power)*:

UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC.

By: Svetlana Shtrom [signature]
Svetlana Shtrom, PhD. Director, Technology Commercialization

Date: February 13 , 2018

# PCT

## POWER OF ATTORNEY

*(for an international application filed under the Patent Cooperation Treaty)*

(PCT Rule 90.4)

The undersigned applicant(s) *(Names should be indicated as they appear in the Request Form (PCT/RO/101))*:

University of Central Florida Research Foundation, Inc.
12201 Research Parkway, Suite 501
Orlando, FL 32826-3246
UNITED STATES OF AMERICA

hereby appoints (appoint) the following person as: ☒ agent ☐ common representative

**Name and address**
*(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country.)*

JETTER, Neil R.
Jetter & Associates, P.A.
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410
UNITED STATES OF AMERICA

to represent the undersigned before

☒ all the competent International Authorities

☐ the International Searching Authority only

☐ the Authority specified for supplementary search only: ____________________
*(please indicate the Authority(ies) specified for supplementary search)*

☐ the International Preliminary Examining Authority only

in connection with the international application identified below:

**Title of the invention:** VERTICAL-CAVITY SURFACE-EMITTING DEVICE WITH EPITAXIAL INDEX GUIDE

**Applicant's or agent's file reference:** UCF-33835

**International application number (if already available):**

filed with the following Office United States of America as receiving Office
and to make or receive payments on behalf of the undersigned.

**Signature of the applicant(s)** *(where there are several applicants, each of them must sign; next to each signature, indicate the name of the person signing and the capacity in which the person signs, if such capacity is not obvious from reading the request or this power)*:

sdPhotonics, LLC

By: [signature]
Dennis G. Deppe, Chief Executive Officer

Date: February 13 , 2018

Form PCT/Model of power of attorney (for a given international application) (January 2009)

# PCT

## REQUEST

The undersigned requests that the present international application be processed according to the Patent Cooperation Treaty.

| For receiving Office use only |
|---|
| International Application No. |
| International Filing Date |
| Name of receiving Office and "PCT International Application" |

Applicant's or agent's file reference *(if desired) (12 characters maximum)* UCF-33711

**Box No. I TITLE OF INVENTION**

SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS

**Box No. II APPLICANT** ☐ This person is also inventor

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country. The country of the address indicated in this Box is the applicant's State (that is, country) of residence if no State of residence is indicated below.)*

University of Central Florida Research Foundation, Inc.
12201 Research Parkway, Suite 501
Orlando, FL 32826-3246
UNITED STATES OF AMERICA

Telephone No.

Facsimile No.

Applicant's registration No. with the Office

**E-mail authorization**: Marking one of the check-boxes below authorizes the receiving Office, the International Searching Authority, the International Bureau and the International Preliminary Examining Authority to use the e-mail address indicated in this Box to send, notifications issued in respect of this international application to that e-mail address if those offices are willing to do so.

☐ as advance copies followed by paper notifications; or ☐ exclusively in electronic form (no paper notifications will be sent).

E-mail address:

State *(that is, country)* of nationality: US

State *(that is, country)* of residence: US

This person is applicant for the purposes of: ☒ all designated States ☐ the States indicated in the Supplemental Box

**Box No. III FURTHER APPLICANT(S) AND/OR (FURTHER) INVENTOR(S)**

☒ Further applicants and/or (further) inventors are indicated on a continuation sheet.

**Box No. IV AGENT OR COMMON REPRESENTATIVE; OR ADDRESS FOR CORRESPONDENCE**

The person identified below is hereby/has been appointed to act on behalf of the applicant(s) before the competent International Authorities as: ☒ agent ☐ common representative

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country.)*

JETTER, Neil R.
Jetter & Associates, P.A.
8295 North Military Trail, Suite B
Palm Beach Gardens, FL 33410
UNITED STATES OF AMERICA

Telephone No. 561-729-8181

Facsimile No. 561-847-3620

Agent's registration No. with the Office 46,803

**E-mail authorization**: Marking one of the check-boxes below authorizes the receiving Office, the International Searching Authority, the International Bureau and the International Preliminary Examining Authority to use the e-mail address indicated in this Box to send, notifications issued in respect of this international application to that e-mail address if those offices are willing to do so.

☐ as advance copies followed by paper notifications; or ☒ exclusively in electronic form (no paper notifications will be sent).

E-mail address: Arlene.Simon@JetterPatents.com

☐ **Address for correspondence**: Mark this check-box where no agent or common representative is/has been appointed and the space above is used instead to indicate a special address to which correspondence should be sent.

Sheet No. . . .2 . . .

**Box No. III FURTHER APPLICANT(S) AND/OR (FURTHER) INVENTOR(S)**

*If none of the following sub-boxes is used, this sheet should not be included in the request.*

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country. The country of the address indicated in this Box is the applicant's State (that is, country) of residence if no State of residence is indicated below.)*

sdPhotonics, LLC
450 South Lake Jessup Avenue
Oviedo, FL 32765
UNITED STATES OF AMERICA

This person is:
- ☒ applicant only
- ☐ applicant and inventor
- ☐ inventor only *(If this check-box is marked, do not fill in below.)*

Applicant's registration No. with the Office

State *(that is, country)* of nationality: US

State *(that is, country)* of residence: US

This person is applicant for the purposes of: ☒ all designated States ☐ the States indicated in the Supplemental Box

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country. The country of the address indicated in this Box is the applicant's State (that is, country) of residence if no State of residence is indicated below.)*

DEPPE, Dennis G.
5749 Aloma Woods Blvd.
Oviedo, FL 32765
UNITED STATES OF AMERICA

This person is:
- ☐ applicant only
- ☐ applicant and inventor
- ☒ inventor only *(If this check-box is marked, do not fill in below.)*

Applicant's registration No. with the Office

State *(that is, country)* of nationality: US

State *(that is, country)* of residence: US

This person is applicant for the purposes of: ☒ all designated States ☐ the States indicated in the Supplemental Box

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country. The country of the address indicated in this Box is the applicant's State (that is, country) of residence if no State of residence is indicated below.)*

This person is:
- ☐ applicant only
- ☐ applicant and inventor
- ☐ inventor only *(If this check-box is marked, do not fill in below.)*

Applicant's registration No. with the Office

State *(that is, country)* of nationality:

State *(that is, country)* of residence:

This person is applicant for the purposes of: ☐ all designated States ☐ the States indicated in the Supplemental Box

Name and address: *(Family name followed by given name; for a legal entity, full official designation. The address must include postal code and name of country. The country of the address indicated in this Box is the applicant's State (that is, country) of residence if no State of residence is indicated below.)*

This person is:
- ☐ applicant only
- ☐ applicant and inventor
- ☐ inventor only *(If this check-box is marked, do not fill in below.)*

Applicant's registration No. with the Office

State *(that is, country)* of nationality:

State *(that is, country)* of residence:

This person is applicant for the purposes of: ☐ all designated States ☐ the States indicated in the Supplemental Box

☐ Further applicants and/or (further) inventors are indicated on another continuation sheet.

**Box No. V DESIGNATIONS**

The filing of this request **constitutes under Rule 4.9(a) the designation** of all Contracting States bound by the PCT on the international filing date, for the grant of every kind of protection available and, where applicable, for the grant of both regional and national patents.

However,

☐ DE Germany **is not designated** for any kind of national protection

☐ JP Japan **is not designated** for any kind of national protection

☐ KR Republic of Korea **is not designated** for any kind of national protection

*(The check-boxes above may only be used to exclude (irrevocably) the designations concerned if, at the time of filing or subsequently under Rule 26bis.1, the international application contains in Box No. VI a priority claim to an earlier national application filed in the particular State concerned, in order to avoid the ceasing of the effect, under the national law, of this earlier national application.)*

**Box No. VI PRIORITY CLAIM AND DOCUMENT**

**The priority of the following earlier application(s) is hereby claimed:**

| Filing date of earlier application *(day/month/year)* | Number of earlier application | Where earlier application is: national application: country or Member of WTO | regional application: regional Office | international application: receiving Office |
|---|---|---|---|---|
| item (1) 13 July 2016 | 62/361,531 | US | | |
| item (2) | | | | |
| item (3) | | | | |

☐ Further priority claims are indicated in the Supplemental Box.

**Furnishing the priority document(s):**

☒ The **receiving Office** is requested to prepare and transmit to the International Bureau a certified copy of the earlier application(s) *(only if the earlier application(s) was filed with the receiving Office which, for the purposes of this international application, is the receiving Office)* identified above as:

☐ all items ☒ item (1) ☐ item (2) ☐ item (3) ☐ other, see Supplemental Box

☒ The **International Bureau** is requested to obtain from a digital library a certified copy of the earlier application(s) identified above, using, where applicable, the access code(s) indicated below *(if the earlier application(s) is available to it from a digital library)*:

☒ item (1) access code ________ ☐ item (2) access code ________ ☐ item (3) access code ________ ☐ other, see Supplemental Box

**Restore the right of priority:** the receiving Office is requested to restore the right of priority for the earlier application(s) identified above or in the Supplemental Box as item(s) (____________________). *(See also the Notes to Box No. VI; further information **must** be provided to support a request to restore the right of priority.)*

**Incorporation by reference:** where an element of the international application referred to in Article 11(1)(iii)(d) or (e) or a part of the description, claims or drawings referred to in Rule 20.5(a) is not otherwise contained in this international application but is completely contained in an earlier application whose priority is claimed on the date on which one or more elements referred to in Article 11(1)(iii) were first received by the receiving Office, that element or part is, subject to confirmation under Rule 20.6, incorporated by reference in this international application for the purposes of Rule 20.6.

**Box No. VII INTERNATIONAL SEARCHING AUTHORITY**

**Choice of International Searching Authority (ISA)** *(if more than one International Searching Authority is competent to carry out the international search, indicate the Authority chosen; the two-letter code may be used)*:

ISA/ KR

Sheet No. ....4....

**Box No. IX** CHECK LIST for EFS-Web filings - this sheet is only to be used when filing an international application with RO/US via EFS-Web

| This international application **contains** the following: | Number of sheets |
|---|---|
| (a) request form PCT/RO/101 (including any declarations and supplemental sheets) ....... : | 5 |
| (b) description (excluding any sequence listing part of the description, see (f). below) ..... : | 31 |
| (c) claims ...................... : | 4 |
| (d) abstract ..................... : | 1 |
| (e) drawings (if any) ............. : | 10 |
| (f) sequence listing part of the description in the form of an **image file** (e.g. PDF) .......... : | |
| **Total number of sheets** (including the sequence listing part of the description **if filed as an image file**) .......... : | 51 |

(g) sequence listing part of the description

☐ filed in the form of an **Annex C/ST.25 text file**

☐ WILL BE filed separately on physical data carrier(s), on the same day and in the form of an **Annex C/ST.25 text file**

Indicate type and number of physical data carrier(s) ..............................

| This international application is **accompanied** by the following item(s) *(mark the applicable check-boxes below and indicate in right column the number of each item)*: | Number of items |
|---|---|
| 1. ☒ fee calculation sheet ........................... : | 1 |
| 2. ☐ original separate power of attorney ................ : | |
| 3. ☐ original general power of attorney ................. : | |
| 4. ☒ copy of general power of attorney; reference number: ...................................... : | 1 |
| 5. ☐ priority document(s) identified in Box No. VI as item(s) .................................... : | |
| 6. ☐ Translation of international application into *(language)*: .................................... : | |
| 7. ☐ separate indications concerning deposited microorganism or other biological material .......... : | |
| 8. ☐ *(only where item (f) is marked in the left column)* copy of the sequence listing in electronic form (Annex C/ST.25 text file) not forming part of the international application but **furnished only for the purposes of international search** under Rule 13*ter* ................................ : | |
| 9. ☐ *(only where item (f) (in the left column) and item 8 (above) are marked)* a statement confirming that "the information recorded in electronic form submitted under Rule 13*ter* is identical to the sequence listing as contained in the international application" as filed via EFS-Web: ...... : | |
| 10. ☐ copy of results of earlier search(es) (Rule 12*bis*.1(a)) .. : | |
| 11. ☐ other *(specify)*: ............................... : | |

**Figure of the drawings** which should accompany the abstract: 1

**Language of filing** of the international application: English

**Box No. X** **SIGNATURE OF APPLICANT, AGENT OR COMMON REPRESENTATIVE**

*Next to each signature, indicate the name of the person signing and the capacity in which the person signs (if such capacity is not obvious from reading the request).*

Neil R. Jetter, Agent for Applicants
Reg. No 46,803
Jetter & Associates, P.A.

For receiving Office use only

| | |
|---|---|
| 1. Date of actual receipt of the purported international application: | 2. Drawings: ☐ received: ☐ not received: |
| 3. Corrected date of actual receipt due to later but timely received papers or drawings completing the purported international application: | |
| 4. Date of timely receipt of the required corrections under PCT Article 11(2): | |
| 5. International Searching Authority (if two or more are competent): ISA / — 6. ☐ Transmittal of search copy delayed until search fee is paid | |

For International Bureau use only

Date of receipt of the record copy by the International Bureau:

*This sheet is not part of and does not count as a sheet of the international application.*

# PCT

**FEE CALCULATION SHEET**

**Annex to the Request**

For receiving Office use only

International Application No.

Date stamp of the receiving Office

Applicant's or agent's file reference UCF-33711

Applicant
University of Central Florida Research Foundation, Inc. & sdPhotonics, LLC

**CALCULATION OF PRESCRIBED FEES**

*(Applicants may be entitled to a reduction of certain fees as indicated in the PCT Fee Tables (http://www.wipo.int/pct/en/fees.pdf))*

1. TRANSMITTAL FEE: ........ $120.00 [T]

2. SEARCH FEE: ........ $1,114.00 [S]

   International search to be carried out by: KIPO

3. INTERNATIONAL FILING FEE

   Enter total number of sheets indicated in Box No IX: 51

   [i1] Fixed amount for the first 30 sheets ........ $1,264.00 [i1]

   [i2] 21 (number of sheets in excess of 30) x $15.00 (fee per sheet) = $315.00 [i2]

   Add amounts entered at i1 and i2 and enter total at I: ........ $1,579.00 [I]

   *(Applicants from certain States are entitled to a reduction of 90% of the international filing fee (see http://www.wipo.int/pct/en/fees/fee_reduction.pdf). Where the applicant is (or all applicants are) so entitled, the total to be entered at I is 10% of the international filing fee.)*

4. FEE FOR PRIORITY DOCUMENT *(if applicable)*: ........ [P]

5. FEE FOR RESTORATION OF THE RIGHT OF PRIORITY *(if applicable)*: ........ [RP]

6. FEE FOR EARLIER SEARCH DOCUMENTS *(if applicable)*: ........ [ES]

7. TOTAL FEES PAYABLE ........ $2,813.00 TOTAL

   Add amounts entered at T, S, I, P, RP and ES, and enter total in the TOTAL box

**MODE OF PAYMENT** *(Not all modes of payment may be available at all receiving Offices)*

- ☐ credit card *(details should not be included on this sheet)*
- ☒ authorization to charge deposit or current account (see below)
- ☐ bank transfer
- ☐ cash
- ☐ postal money order
- ☐ check
- ☐ revenue stamps
- ☐ other *(specify)*:

**AUTHORIZATION TO CHARGE (OR CREDIT) DEPOSIT OR CURRENT ACCOUNT**
*(This mode of payment may not be available at all receiving Offices)*

- ☒ Authorization to charge the total fees indicated above.
- ☒ *(This check-box may be marked only if the conditions for deposit or current accounts of the receiving Office so permit)* Authorization to charge any deficiency or credit any overpayment in the total fees indicated above.
- ☐ Authorization to charge the fee for priority document.

Receiving Office: RO/ US

Deposit or Current Account No.: 50-5135

Date: July 12, 2017

Name: Neil R. Jetter

Signature: [signature]

Form PCT/RO/101 (Annex) (July 2017)

*See Notes to the fee calculation sheet*

Deppe000332

# Exhibit 6

**Email Ms. Sovinski sent on December 11, 2018 to Ms. Shtrom admitting she knew that sdPhotonics, LLC has joint ownership on the patents covering the oxide-free VCSEL invention and has been splitting patent costs.**

**From:** Sandra Sovinski
**To:** Svetlana Shtrom
**Subject:** New Matter
**Date:** Tuesday, December 11, 2018 5:32:00 PM
**Attachments:** Deppe - Request for Withdrawal and Transfer of IP.PDF

---

Hi Svetlana,

I just got this letter, and I've forwarded it to Liz and Youndy. I took a quick look at the IP list attached, and in ARGIS, but need your help.

From a quick look at the patents, they look to be most, if not all, government funded.
Also, for at least one of them, Deppe is the only inventor, but it still shows co-ownership with his company, and I don't see any agreement as to why. I see the courting license, and I recall (and saw) that the company has been splitting the patent costs, but it looks like maybe they are late now?

Anyway, without necessarily sharing this letter/contents, can you find out about the IP and the related disclosures? I didn't readily see the disclosures on a quick look. I'd like to see the disclosure documents themselves, and what projects he identified they came under.

Also, are there any other disclosures/IP for Dr. Deppe that is not on this list, or any that are not co-owned with the company?

We can certainly meet in person to discuss, rather than by email, as it seems this is a complicated matter.

Thanks,

**Sandra Sovinski**
Senior Associate General Counsel

University of Central Florida
Office of General Counsel
Office of Research & Commercialization
12201 Research Parkway, 5th Floor
Orlando, FL 32826-3246
(407) 882-2118
(407) 823-3299 (fax)
sandra.sovinski@ucf.edu

***Registered Patent Attorney, Board Certified in Intellectual Property Law***

*Please Note:* Florida has a very broad open records law (F.S. 119). Emails may be subject to public disclosure.

# Exhibit 7

**Miguel works with UCF's Taft and Maier as Sovinski takes steps to damage sdPhotonics' business operations with eviction**

**From:** Tina Maier
**To:** "Weeks, Rebekah"; Robert Taft
**Cc:** Leftheris, Julie
**Subject:** RE: OIGC #2019-033; University Audit #428
**Date:** Monday, January 28, 2019 5:42:00 PM

---

Correction: Your office referring information to us, not the CIG.

**From:** Tina Maier
**Sent:** Monday, January 28, 2019 5:32 PM
**To:** 'Weeks, Rebekah' <Rebekah.Weeks@flbog.edu>; Robert Taft <Robert.Taft@ucf.edu>
**Cc:** Leftheris, Julie <Julie.Leftheris@flbog.edu>
**Subject:** RE: OIGC #2019-033; University Audit #428

Hello Rebekah,

Do you know if the Chancellor's office notified, and or did you notify Dr. Koculi that the information was referred to your office, then referred to our office?

I had a brief conversation with Dr. Koculi, in which she stated she will not speak with us (University Audit) and we are not to reach out to her for further information. She was also unhappy about the CIG referring information to our office without her permission. She, like Dr. Deppe, believes we are not independent.

**From:** Weeks, Rebekah <Rebekah.Weeks@flbog.edu>
**Sent:** Monday, January 28, 2019 3:38 PM
**To:** Robert Taft <Robert.Taft@ucf.edu>
**Cc:** Tina Maier <Tina.Maier@ucf.edu>; Leftheris, Julie <Julie.Leftheris@flbog.edu>
**Subject:** OIGC #2019-033; University Audit #428

Good Afternoon Robert,

On January 24 and 25, 2019, our office was copied on the attached additional information from Ms. Koculi. In each document, I've bookmarked the email attachments that were included.

We are providing this information to your office for inclusion in your whistle-blower status determination review.

Please feel free to contact me if you have any questions.

Sincerely,

**Rebekah Weeks, CIGI**
**Investigations and Audit Specialist**

State University System of Florida
Board of Governors
325 West Gaines Street, Suite 1633
Tallahassee, Florida 32399
(850) 245-0335 | Fax: (850) 245-9192

rebekah.weeks@flbog.edu | www.flbog.edu

STATE UNIVERSITY
SYSTEM of FLORIDA
Board of Governors

# Exhibit 8

**Retroactive assertions of ownership prepared by Ms. Sovinski and with USPTO filing date of August 21, 2019 on patents and patent applications jointly owned by sdPhotonics covering the oxide-free VCSEL invention after the patents had issued or were about to issue.**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT5678852

| | |
|---|---|
| **SUBMISSION TYPE:** | RESUBMISSION |
| **NATURE OF CONVEYANCE:** | CORRECTION OF ERRONEOUS RECORDATION AT REEL/FRAME 049066/0478 |
| **RESUBMIT DOCUMENT ID:** | 505488850 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 08/13/2014 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES |
| **Street Address:** | 4000 CENTRAL FLORIDA BLVD |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32816 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Patent Number:** | 10033156 |

**CORRESPONDENCE DATA**

**Fax Number:** (407)823-6155

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 4078822118
**Email:** Sandra.Sovinski@ucf.edu
**Correspondent Name:** SANDRA SOVINSKI
**Address Line 1:** 12201 RESEARCH PARKWAY
**Address Line 2:** SUITE 501
**Address Line 4:** ORLANDO, FLORIDA 32826

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 33708 |
| **NAME OF SUBMITTER:** | SANDRA M SOVINSKI |
| **SIGNATURE:** | /SMSovinski/ |
| **DATE SIGNED:** | 08/21/2019 |

**Total Attachments: 4**
source=Deppe executed IP assignment#page1.tif
source=Declaration#page1.tif
source=Declaration#page2.tif

source=Previous Coversheet from Erroneous Recordation with Corrections Crossed Out#page1.tif

May 21, 2019

To: Assignment Recordation Services
Director of the USPTO
P.O. Box 1450
Alexandria, VA 22313-1450

Re: Declaration pursuant to 323.01(c):
Assignment Improperly Filed and Recorded by Another Person Against Owner's Application
Application no. 16/014,305

Summary of True Chain of Title – Identification of Correct Owner: **UCF owns all inventions** in the field or discipline of each employee, and also all inventions made by employees with the use of university support. Dennis Deppe, sole inventor for the applications/patents referenced, has been and continues to be an employee of the University of Central Florida (UCF), since 2005.

**On August 13, 2014,** in recognition of his employment obligations, **Dennis Deppe executed an assignment of any and all rights to UCF** for all inventions conceived or invented during his employment. This assignment document is presented for recordation herewith. In accordance with Florida Statute 1001.72, UCF is a public body corporate with the name of "The University of Central Florida Board of Trustees", and **UCF continues to be the correct current owner of application 16/014305**, irrespective of the improperly filed assignment document discussed below. (Note: It is UCF's practice to further transfer its ownership to its direct support organization, the University of Central Florida Research Foundation, Inc., for management and licensing, and this further assignment action is intended to follow.)

Application no. 16/014305 was filed June 21, 2018, as a Continuation of application no. 15/648260, now issued patent 10,033,156B2, which claims priority to Provisional application no. 62/467,514, filed March 6, 2017 and also to Provisional application no. 62/361,531, filed July 13, 2016. **Application no. 16/014305 is owned solely by UCF.**

Previously Recorded Document is erroneous. Dennis Deppe filed provisional applications nos. 62/467,514 and 62/361,531, *pro se*, contrary to UCF regulations and policies, and **improperly designated his own company, sdPhotonics, LLC, as a co-applicant**. UCF's prosecution counsel carried on the improper co-applicant designation during the non-provisional phase. UCF's prosecution counsel also did not record any assignment documents for the application, also contrary to UCF policies. (Note: UCF intends to file a request to correct the applicant information.)

Despite the fact that Dennis Deppe contractually agreed not to take any action to transfer any invention rights to any third party without advance written agreement by UCF, and despite the fact that he had already assigned any and all of his rights to UCF on August 13, 2014, both as a condition of his employment, he erroneously executed subsequent documents on May 1, 2019 purporting to assign the same rights jointly to his company, sdPhotonics, LLC and to the University of Central Florida Research Foundation, Inc. Dennis Deppe possessed no rights to assign on May 1, 2019.

**The documents recorded on May 2, 2019 for application 16/014305, at Reel/Frame 049066/0647, were submitted with erroneous information because sdPhotonics, LLC is not a co-owner of the application, and Dennis Deppe possessed no assignable rights on May 1, 2019.**

As the correct and continuing owner, UCF is contacting the attorney who recorded the erroneous papers, without seeking verification or consent from UCF. The attorney is not engaged to perform services on behalf of UCF.

Please correct the record, confirming that the University of Central Florida Board of Trustees remains the owner of the application no. 16/014305.

I, declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2019.

Sandra M. Sovinski
Deputy General Counsel for Research
University of Central Florida
University of Central Florida Research Foundation, Inc.

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH & COMMERCIALIZATION

# INTELLECTUAL PROPERTY AGREEMENT

This Agreement is made this August 13, 2014, between the University of Central Florida, by and on behalf of its Board of Trustees ("University") and __Dr. Dennis Deppe__ ("Employee").

1. I have received and reviewed University Regulation UCF-2.029, entitled "Patents, Trademarks, and Trade Secrets." All terms in this Agreement are defined pursuant to UCF-2.029.

2. I agree that I have been bound by all terms and conditions of UCF-2.029, as a term of and since the first date of my employment, appointment, and/or affiliation as University Personnel, and that I shall remain as bound by any amendment to UCF-2.029 as may be made by the University so long as I remain University Personnel.

3. I understand and agree that in consideration of my status as University Personnel, Inventions that are (1) in the field or discipline in which I am employed by the University, or (2) made with the use of University Support are the property of the University, and the University is entitled to and shall own and hold title to any such Inventions.

4. I hereby assign and agree to assign to the University or its designee any and all rights in such Inventions that are invented and/or conceived at any time during my status as University Personnel, including any term as University Personnel prior to the execution of this Agreement.

5. I further understand by executing this Agreement, I am not waiving any rights to share in any proceeds received by the University for such Inventions.

6. I agree that I will not take any action to transfer rights or to disclose any such Inventions to any third party without advance written agreement by the University.

7. I agree that I will take any necessary steps to protect the University interest in such Inventions.

**SIGNED** Dennis Deppe **DATE** Aug. 13, 2014

# Exhibit 9

**2014 IP Agreement Contractually Requiring UCF and Deppe Follow UCF Regulations UCF-2.029**

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH & COMMERCIALIZATION

# INTELLECTUAL PROPERTY AGREEMENT

This Agreement is made this August 13, 2014, between the University of Central Florida, by and on behalf of its Board of Trustees ("University") and __Dr. Dennis Deppe__ ("Employee").

1. I have received and reviewed University Regulation UCF-2.029, entitled "Patents, Trademarks, and Trade Secrets." All terms in this Agreement are defined pursuant to UCF-2.029.

2. I agree that I have been bound by all terms and conditions of UCF-2.029, as a term of and since the first date of my employment, appointment, and/or affiliation as University Personnel, and that I shall remain as bound by any amendment to UCF-2.029 as may be made by the University so long as I remain University Personnel.

3. I understand and agree that in consideration of my status as University Personnel, Inventions that are (1) in the field or discipline in which I am employed by the University, or (2) made with the use of University Support are the property of the University, and the University is entitled to and shall own and hold title to any such Inventions.

4. I hereby assign and agree to assign to the University or its designee any and all rights in such Inventions that are invented and/or conceived at any time during my status as University Personnel, including any term as University Personnel prior to the execution of this Agreement.

5. I further understand by executing this Agreement, I am not waiving any rights to share in any proceeds received by the University for such Inventions.

6. I agree that I will not take any action to transfer rights or to disclose any such Inventions to any third party without advance written agreement by the University.

7. I agree that I will take any necessary steps to protect the University interest in such Inventions.

**SIGNED** Dennis Deppe **DATE** Aug. 13, 2014

This is the same contract as the first page, with pursuant to UCF-2.029 added.

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH & COMMERCIALIZATION

# INTELLECTUAL PROPERTY AGREEMENT

This Agreement is made this August 13, 2014, between the University of Central Florida, by and on behalf of its Board of Trustees ("University") and __Dr. Dennis Deppe__ ("Employee").

1. I have received and reviewed University Regulation UCF-2.029, entitled "Patents, Trademarks, and Trade Secrets." All terms in this Agreement are defined pursuant to UCF-2.029.

2. I agree that I have been bound by all terms and conditions of UCF-2.029, as a term of and since the first date of my employment, appointment, and/or affiliation as University Personnel, and that I shall remain as bound by any amendment to UCF-2.029 as may be made by the University so long as I remain University Personnel **pursuant to UCF-2.029**

3. I understand and agree that in consideration of my status as University Personnel, Inventions that are (1) in the field or discipline in which I am employed by the University, or (2) made with the use of University Support are the property of the University, and the University is entitled to and shall own and hold title to any such Inventions **pursuant to UCF-2.029**

4. I hereby assign and agree to assign to the University or its designee any and all rights in such Inventions that are invented and/or conceived at any time during my status as University Personnel, including any term as University Personnel prior to the execution of this Agreement **pursuant to UCF-2.029**

5. I further understand by executing this Agreement, I am not waiving any rights to share in any proceeds received by the University for such Inventions **pursuant to UCF-2.029**

6. I agree that I will not take any action to transfer rights or to disclose any such Inventions to any third party without advance written agreement by the University **pursuant to UCF-2.029**

7. I agree that I will take any necessary steps to protect the University interest in such Inventions **pursuant to UCF-2.029**

**SIGNED** Dennis Deppe **DATE** Aug. 13, 2014

# Exhibit 10

## UCF Regulations UCF-2.029

**UCF-2.029 Patents, Trademarks and Trade Secrets.**

(1) General.

(a) This regulation is applicable to all University Personnel (as defined in section (2)(a) ). Nothing herein shall be deemed to limit or restrict the University's full exercise of its legal rights and authority.

(b) The University possesses all rights to and has the authority, at its option, to take any action necessary and proper to secure Intellectual Property owned by the University, and the University may take all steps necessary and proper to protect and enforce its rights. University profits derived from Intellectual Property subject to this Regulation shall be shared with the Inventor and/or Creator in accordance with this Regulation, University Regulation UCF-2.033, any applicable collective bargaining agreements, and policies or procedures established by the University, including the Office of Research and Commercialization. In the event of a conflict between this regulation and any departmental or university policy, this Regulation shall control.

(c) It is a purpose of this Regulation to state University-wide policies governing the ownership, use, and commercialization of Inventions, Trademarks, and Trade Secrets. The University encourages University Personnel to engage in research and scholarly endeavors that may result in Inventions, Trademarks, and Trade Secrets. To that end, the University has developed a robust operation to support University personnel in research endeavors and to commercialize the Intellectual Property that may result from those endeavors. Where the University asserts ownership rights, the University will share proceeds of any commercialization efforts with the appropriate University Personnel.

(d) Research is a basic objective of the University, undertaken to educate students, stimulate a spirit of inquiry, solve problems, and create new knowledge. Although the research and teaching missions of the University always take precedence over intellectual property considerations, adequate recognition of and incentive to potential Inventors through the sharing of the financial benefits resulting from the transfer and development of patentable Inventions and other marketable forms of Intellectual Property encourages the creation of such Intellectual Property and serves the public interest. In sharing the proceeds with

Inventors, the University recognizes inventorship, encourages and supports research within the University, and recognizes the interests held by outside sponsors of University research.

(e) This Regulation addresses only Patents, Trademarks, and Trade Secrets. Copyrights and Works are addressed in University Regulation UCF-2.033 and in applicable collective bargaining agreements.

(2) Definitions. For purposes of interpreting and applying the substantive provisions of this Regulation, the following definitions shall apply:

(a) "University Personnel" shall mean all full-time and part-time employees of the University, whether or not they are members of a collective bargaining unit, including all faculty, staff, and post-doctoral fellows; appointees of the University who receive University Support (as defined below), including volunteers, adjuncts, and courtesy faculty; persons paid by or through the University, including contractors and consultants; and anybody working under University auspices and anybody receiving University-Support (as defined below). Students, including undergraduate, graduate and professional students, who are encompassed within any of these categories, shall be considered University Personnel for purposes of this Regulation.

(b) "Work" means, in accordance with Title 17 of the U.S. Code, any original work of authorship that is or may be subject to Copyright. "Work" includes but is not limited to printed material (such as books, articles, memoranda, and texts), computer software or databases, audio and visual material, circuit diagrams, architectural and engineering drawings, lecture, musical or dramatic compositions, musical works, dramatic works, motion pictures, multimedia works, web pages, sound recordings, choreography, and pictorial or graphic illustrations or displays, and any creative expression of a Trademark used in connection with these items. "Work" does not include any patentable material, which is encompassed within the definition of an Invention, but an Invention may include a related Work. Rights to Works are addressed in University Regulation UCF-2.033, Copyrights and Works.

(c) "Invention" shall include (i) any discovery, invention, process, composition of matter, article of manufacture, know how, design, model, technological

development, biological material, strain, variety, culture of any organism, or portion, modification, translation or extension of these items which is or may be patentable or otherwise protected under Title 35 of the United States Code, or that is or may be protected as a Trade Secret, under the Florida Trade Secrets Act, Ch. 688, Fla. Stat. or any similar act of another State, as may be relevant, (ii) any novel variety of plant that is or may be patentable or otherwise protected under the Plant Variety Protection Act (7 U.S.C. §2321 *et seq.*), (iii) any Trademark, and/or (iv) any directly related know-how used in connection with these items. Instructional Technology Material which is or may be patentable is included in this definition.

(d) "Creator" shall mean any University Personnel who create(s) a Work.

(e) "Inventor" shall mean any University Personnel who make(s) or discover(s) an Invention.

(f) "Makes" or "made" when used in conjunction with any Invention shall mean the conception or constructive or first actual reduction to practice of such Invention.

(g) "University Support" shall mean the non-incidental use of University funds, personnel, facilities, equipment, materials, technical information, or students in the creation or making of a Work or Invention; and does not include the inconsequential use of resources made available to the University community for common use. "University Support" includes support provided by other public or private organizations when it is arranged, administered or controlled by the University, including but not limited to research and investigations that are sponsored by the University and/or that are carried out by public funds.

(h) "Patent" means a property right granted by the Government of the United States of America to an Inventor to exclude others from making, using, offering for sale, or selling an Invention throughout the United States or importing the Invention into the United States for a limited time in exchange for public disclosure of the Invention. The term also includes patent rights that may be granted by foreign governments.

(i) "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to, and not

being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

(j) "Intellectual Property" refers to Works, Inventions, Trademarks and Trade Secrets.

(k) "UCFRF" means the University of Central Florida Research Foundation, Inc., a direct support organization of the University which supports the research and sponsored program activities of the University.

(l) "Trademark" means a name, symbol, figure, letter, word or mark adopted and used to designate the source of goods and/or services arising from an Invention or a Work.

(m) "Outside Activity" means private practice, private consulting, additional teaching or research, financial interest, or other activity, compensated or uncompensated that: (i) is not part of University Personnel's assigned duties; (ii) is not compensated by the University; and (iii) does not involve University Support. Outside Activity is subject to the requirements of this Regulation and other University Policies and Regulations, including but not limited to University Regulation UCF-3.018.

(3) Rights in Inventions, Trademarks, and Trade Secrets.

(a) *Inventions made as a result of personal endeavors are owned by University Personnel.*

(i) Inventions made outside the field or discipline in which the Inventor is employed by the University (i.e. the field or discipline in which the Inventor conducts research, teaches, and/or provides service activities for the University), for which the idea came from the Inventor, and for which there has been no University Support (as defined in 2(g)), are the property of the Inventor.

(ii) Inventions resulting from Outside Activity. University Personnel, after reporting the details in accordance with applicable University procedures and receiving authorization, may engage in Outside Activity. University Personnel seeking to engage in Outside Activity are advised to review the terms of University Regulation UCF-3.018 and any applicable collective

bargaining agreement. University Personnel engaged in Outside Activity should use great care to determine that Intellectual Property clauses in their Outside Activity agreement(s) do not involve conflicts of interest and are not in conflict with sponsored grants or contacts, or with University policy. If the individual seeking to engage in an Outside Activity is asked to sign an agreement relating to the Outside Activity that purports to waive any University right(s) in any Intellectual Property, a copy of this Regulation shall be provided to the person asking for a waiver before the Outside Activity begins. University Personnel are not authorized to waive University rights, and any such waiver is deemed rejected by the University unless specifically accepted by the Vice President of Research & Commercialization or designee.

(A) All Inventions arising from authorized Outside Activity and outside the field or discipline of the Inventor are the property of the Inventor.

(B) Undisclosed Outside Activity is considered unauthorized. Any Invention arising from undisclosed Outside Activity must be disclosed to the Vice President of Research & Commercialization (see 3(c)). If the Inventor claims the Invention resulted from Independent Effort(s), then as part of the disclosure, the Inventor shall provide sufficient documentation to substantiate the claim. As used in this section, the term "Independent Effort(s)" means that the Invention is outside the field or discipline of the Inventor and was made without University Support.

(C) Upon receipt of written notice from the Vice President of Research & Commercialization confirming the University's decision not to assert a University interest in an Invention resulting from unauthorized Outside Activity, the Inventor shall have the right to determine the disposition of such Invention. However, the Inventor and the Vice President of Research & Commercialization may agree that a patent for such Invention will be pursued by the University; in that event, the Inventor and University shall share in

the proceeds of any Invention as provided by this Regulation and any applicable policies or procedures established by the Vice President of Research & Commercialization including applicable UCFRF Guidelines and Procedures for Distribution of Funds or in such other manner as the parties may agree.

(b) *Inventions Owned by the University.* Inventions made in the field in which the Inventor is employed by the University (i.e. the field or discipline in which the Inventor conducts research, teaches, and/or provides service activities for the University), or for which there has been University Support (as defined in 2(g)), are the property of the University, and the Inventor(s) shall share in the proceeds therefrom. Such Inventions and related rights shall be the property of the University and are hereby assigned to the University by the Inventor(s).

(4) Disclosure/University Review.

University Personnel are required to disclose all Inventions owned by the University and all Inventions resulting from any Outside Activity within the field or discipline of the inventing University Personnel. It is the policy of the University that, in general, research results should be publishable; publication of such results in appropriate venues is encouraged. However, if the publication of research results may reveal an Invention in which the University has an interest, University Personnel should seek advice on how and when to publish the results in order that potential patent rights for the Invention are not compromised. That is, upon the making of an Invention and prior to any publication or public disclosure, University Personnel shall promptly and fully disclose to the Vice President of Research & Commercialization any Invention described in 3(b).

(a) The disclosure shall be made on the forms and according to procedures prescribed by the Vice President of Research & Commercialization. At a minimum the disclosure shall: (1) identify each Inventor, (2) provide a brief description of the Invention, and (3) identify and summarize the research project including the participants and applicable funding sources.

(b) The Vice President of Research & Commercialization shall inform the Inventor within one hundred twenty (120) days from the date of disclosure whether the University will assert its interest in the Invention and pursue patent, trademark,

and/or copyright protection for the Invention and/or define certain elements of the Invention for protection as trade secret.

(c) In the event the University elects to obtain a Patent, register a Trademark or a Copyright, or to formally define a Trade Secret to protect the University's rights in the Invention, University Personnel will execute any and all necessary documents to affirm, publicly formalize, and record the transfer of all rights to the University or to UCFRF. UCFRF is required to comply with the same policies and procedures regarding allocation of proceeds/royalties as the University.

(d) In the event the University asserts its rights in the Invention, all costs and expense of patenting, developing, and marketing the Invention and related activities, including those which may lead to active licensing of the Invention, shall be paid by the University.

(e) Allocation of proceeds/royalties shall be made in accordance with this Regulation and any applicable policies or procedures established by the Vice President of Research & Commercialization including the applicable UCFRF Guidelines and Procedures for Distribution of Funds. The University's costs and expenses shall be recovered before any division of revenue is made. For any Invention that results from research done in a thesis or dissertation or in connection with a thesis or dissertation related project, the amount allocated to the Inventor(s) shall be divided between the faculty member who directed the research and the graduate student(s) who invented the Invention in a manner that reflects their relative contributions to the Invention as determined by the Vice President of Research & Commercialization.

(f) The Inventor shall not commit any act that would tend to defeat the University's or Inventor's interest in the Invention, such as making a public disclosure of the Invention prior to the University obtaining applicable intellectual property protection, and shall take any necessary steps to protect such interests.

(5) Release of University Rights. If the University elects not to assert its interest in an Invention owned by the University, all rights to the Invention shall be released to the Inventor upon the Inventor's request and subject to any existing third party right.

(a) If the University's ownership interest in an Invention is waived, the Inventor must disclose any potential conflict of interest created by the Inventor's ownership of

the Invention when proposing research to be conducted using University resources that could reasonably appear to influence the financial value of the Invention.

(b) The University's release of the Invention to the Inventor(s) shall be contingent upon the execution of a written agreement with the Inventor(s) that grants to the University: (1) a right to a ten percent (10%) share of proceeds arising from or attributed to the Intellectual Property valuation of the Invention and received by the Inventor from a third-party for commercialization of the Invention or transfer of ownership of the Invention, and (2) a royalty free right to the Invention for educational and research purposes of the University and for the governmental purposes of the State of Florida.

(6) University Withdrawal and Transfer of Rights to Inventor.

At any stage in the formalizing of Intellectual Property registration (such as making a patent application or maintaining the patent)or in the commercial application of an Invention, the University at its sole discretion may elect to withdraw from further involvement in the protection or commercial application of the Invention. If the University elects to withdraw upon the Inventor's request, the University may transfer the Invention rights not subject to third-party rights to the Inventor. Under these circumstances, the Invention shall become the property of the Inventor and none of the costs incurred by the University or on its behalf shall be assessed against the Inventor; however, the provisions of paragraph (5) and this paragraph will apply. Where the University assigns or releases its rights to the Inventor, the Invention shall be available royalty-free for governmental purposes of the State of Florida and research or instructional purposes of the University unless otherwise agreed to in writing.

*Authority: BOG Regulation 1.001, Florida Statutes s. 1004.23. History–New 10-8-75, Amended 7-14-80, Formerly 6C7-2.29, Amended 3-16-03, Formerly 6C7-2.029, Amended 1-24-12.*

# Exhibit 11

**Application Data Sheet (ADS) for U.S. Patent No. 10,483,719 dated July 12, 2017 of the patent entitled "Semiconductor Devices with Depleted Heterojunction Current Blocking Regions,"showing the patent application was filed by sdPhotonics, LLC and University of Central Florida Research Foundation, Inc. as joint applicants with joint assignment of the patent ownership.**

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |

| | |
|---|---|
| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

Inventor 1 [Remove]

Legal Name

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | DENNIS | G. | DEPPE | |

Residence Information (Select One) ● US Residency ○ Non US Residency ○ Active US Military Service

| City | State/Province | Country of Residence |
|---|---|---|
| OVIEDO | FL | US |

Mailing Address of Inventor:

| | | | |
|---|---|---|---|
| Address 1 | 5749 ALOMA WOODS BLVD. | | |
| Address 2 | | | |
| City | OVIEDO | State/Province | FL |
| Postal Code | 32765 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. [Add]

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below. For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| | | |
|---|---|---|
| Customer Number | 11999 | |
| Email Address | | [Add Email] [Remove Email] |

## Application Information:

| | | | |
|---|---|---|---|
| Title of the Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS | | |
| Attorney Docket Number | UCF-33707 | Small Entity Status Claimed | ☒ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 10 | Suggested Figure for Publication (if any) | 1 |

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |

| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS |
|---|---|

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 11999 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | non provisional of | 62361531 | 2016-07-13 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. Add

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. Add

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |
| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS | |

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

| | |
|---|---|
| ☐ | This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.<br>NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA. |

## Authorization to Permit Access:

☒ Authorization to Permit Access to the Instant Application by the Participating Offices

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date o f filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |
| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS | |

**Applicant** 1 Remove

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here. ☒

| Organization Name | University of Central Florida Research Foundation, Inc. | | |
|---|---|---|---|
| **Mailing Address Information For Applicant:** | | | |
| **Address 1** | 12201 Research Parkway, Suite 501 | | |
| Address 2 | | | |
| **City** | Orlando | **State/Province** | FL |
| **Country** | US | Postal Code | 32826-3246 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button. Add

**Applicant** 2 Remove

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ◉ Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |
| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS | |

| If the Applicant is an Organization check here. | ☒ | | |
|---|---|---|---|
| Organization Name | sdPhotonics, LLC | | |
| **Mailing Address Information For Applicant:** | | | |
| **Address 1** | 450 South Lake Jessup Avenue | | |
| Address 2 | | | |
| **City** | Oviedo | **State/Province** | FL |
| **Country** | US | Postal Code | 32765 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button. [Add]

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Assignee 1**

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

[Remove]

If the Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

| **Mailing Address Information For Non-Applicant Assignee:** | | | |
|---|---|---|---|
| **Address 1** | | | |
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee Data may be generated within this form by selecting the Add button. [Add]

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | UCF-33707 |
|---|---|---|
| | Application Number | |
| Title of Invention | SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS | |

## Signature:

Remove

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Signature | /Neil R. Jetter/ | | | Date (YYYY-MM-DD) | 2017-07-12 |
|---|---|---|---|---|---|
| First Name | Neil | Last Name | Jetter | Registration Number | 46803 |

Additional Signature may be generated within this form by selecting the Add button. Add

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent C o o p eration Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Exhibit 12

**First page of patent from sdPhotonics and the University of Central Florida Research Foundation covering the oxide-free VCSEL invention entitled "Low Resistance Vertical-Cavity Light Source with PNPN Current Blocking," issued on July 24, 2018, from the jointly owned application with joint assignment of ownership.**

US010033156B2

(12) **United States Patent**
**Deppe**

(10) **Patent No.: US 10,033,156 B2**
(45) **Date of Patent: Jul. 24, 2018**

(54) **LOW RESISTANCE VERTICAL CAVITY LIGHT SOURCE WITH PNPN BLOCKING**

(71) Applicants: **University of Central Florida Research Foundation, Inc.**, Orlando, FL (US); **sdPhotonics, LLC**, Oviedo, FL (US)

(72) Inventor: **Dennis G. Deppe**, Oviedo, FL (US)

(73) Assignees: **University of Central Florida Research Foundation, Inc.**, Orlando, FL (US); **sdPhotonics, LLC**, Oviedo, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **15/648,260**

(22) Filed: **Jul. 12, 2017**

(65) **Prior Publication Data**

US 2018/0019572 A1 Jan. 18, 2018

**Related U.S. Application Data**

(60) Provisional application No. 62/467,514, filed on Mar. 6, 2017, provisional application No. 62/361,531, filed on Jul. 13, 2016.

(51) **Int. Cl.**
***H01S 5/00*** (2006.01)
***H01S 5/183*** (2006.01)
(Continued)

(52) **U.S. Cl.**
CPC ........ ***H01S 5/18308*** (2013.01); ***H01S 5/2018*** (2013.01); ***H01S 5/2054*** (2013.01);
(Continued)

(58) **Field of Classification Search**
CPC ...... H01S 5/3013; H01S 5/3201; H01S 5/323; H01S 5/18308; H01S 5/183; H01S 5/2018; H01S 5/2014
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,226,053 A 7/1993 Cho et al.
5,594,751 A 1/1997 Scott
(Continued)

FOREIGN PATENT DOCUMENTS

EP 0317007 A1 5/1989
JP 2005051124 2/2005
WO 9750109 12/1997

OTHER PUBLICATIONS

L.A. Coldren, et al., "Diode Lasers and Photonic Integrated Circuits", John Wiley & Sons, Inc., 1995, Wiley Series in Microwave and Optical Engineering, p. 22.
(Continued)

*Primary Examiner* — Kinam Park
(74) *Attorney, Agent, or Firm* — Jetter & Associates, P.A.

(57) **ABSTRACT**

A semiconductor vertical light source includes an upper mirror and a lower mirror. An active region is between the upper and lower mirror. The light source includes an inner mode confinement region and outer current blocking region. The outer current blocking region includes a common epitaxial layer that includes an epitaxially regrown interface which is between the active region and upper mirror, and a conducting channel including acceptors is in the inner mode confinement region. The current blocking region includes a first impurity doped region with donors between the epitaxially regrown interface and active region, and a second impurity doped region with acceptors is between the first doped region and lower mirror. The outer current blocking region provides a PNPN current blocking region that includes the upper mirror or a p-type layer, first doped region, second doped region, and lower mirror or an n-type layer.

**20 Claims, 6 Drawing Sheets**



# Exhibit 13

**Ownership document filed into USPTO patent records with false statements underlined in red.**

May 21, 2019

To: Assignment Recordation Services
Director of the USPTO
P.O. Box 1450
Alexandria, VA 22313-1450

Re: Declaration pursuant to 323.01(c):
Assignment Improperly Filed and Recorded by Another Person Against Owner's Application
Application no. 16/014,305

Summary of True Chain of Title – Identification of Correct Owner: **UCF owns all inventions** in the field or discipline of each employee, and also all inventions made by employees with the use of university support. Dennis Deppe, sole inventor for the applications/patents referenced, has been and continues to be an employee of the University of Central Florida (UCF), since 2005.

**On August 13, 2014,** in recognition of his employment obligations, **Dennis Deppe executed an assignment of any and all rights to UCF** for all inventions conceived or invented during his employment. This assignment document is presented for recordation herewith. In accordance with Florida Statute 1001.72, UCF is a public body corporate with the name of "The University of Central Florida Board of Trustees", and **UCF continues to be the correct current owner of application 16/014305,** irrespective of the improperly filed assignment document discussed below. (Note: It is UCF's practice to further transfer its ownership to its direct support organization, the University of Central Florida Research Foundation, Inc., for management and licensing, and this further assignment action is intended to follow.)

Application no. 16/014305 was filed June 21, 2018, as a Continuation of application no. 15/648260, now issued patent 10,033,156B2, which claims priority to Provisional application no. 62/467,514, filed March 6, 2017 and also to Provisional application no. 62/361,531, filed July 13, 2016. **Application no. 16/014305 is owned solely by UCF.**

Previously Recorded Document is erroneous. Dennis Deppe filed provisional applications nos. 62/467,514 and 62/361,531, *pro se*, contrary to UCF regulations and policies, and **improperly designated his own company, sdPhotonics, LLC, as a co-applicant.** UCF's prosecution counsel carried on the improper co-applicant designation during the non-provisional phase. UCF's prosecution counsel also did not record any assignment documents for the application, also contrary to UCF policies. (Note: UCF intends to file a request to correct the applicant information.)

Despite the fact that Dennis Deppe contractually agreed not to take any action to transfer any invention rights to any third party without advance written agreement by UCF, and despite the fact that he had already assigned any and all of his rights to UCF on August 13, 2014, both as a condition of his employment, he erroneously executed subsequent documents on May 1, 2019 purporting to assign the same rights jointly to his company, sdPhotonics, LLC and to the University of Central Florida Research Foundation, Inc. Dennis Deppe possessed no rights to assign on May 1, 2019.

**The documents recorded on May 2, 2019 for application 16/014305, at Reel/Frame 049066/0647, were submitted with erroneous information because sdPhotonics, LLC is not a co-owner of the application, and Dennis Deppe possessed no assignable rights on May 1, 2019.**

As the correct and continuing owner, UCF is contacting the attorney who recorded the erroneous papers, without seeking verification or consent from UCF. The attorney is not engaged to perform services on behalf of UCF.

Please correct the record, confirming that the University of Central Florida Board of Trustees remains the owner of the application no. 16/014305.

I, declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2019.

Sandra M. Sovinski
Deputy General Counsel for Research
University of Central Florida
University of Central Florida Research Foundation, Inc.

# Exhibit 14

**Court's docket from Florida Whistleblower Case**

Orange County Clerk - Court Records Search

## 2019-CA-015042-O : DEPPE, DENNISvs.UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES

| | | | |
|---|---|---|---|
| Case Type: | CA - Discrimination - Employment or Other | Date Filed: | 12/12/2019 |
| Location: | Div 34 | UCN: | 482019CA015042A001OX |
| Judge: | Paetra Brownlee | Status: | Closed |
| Citation Number: | CA - Discrimination - Employment or Other | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| DENNIS DEPPE | Plaintiff | ROBERT SWEETAPPLE | 561-392-1230 |
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES UNIVERSITY OF CENTRAL FLORIDA DBA | Defendant | JEFFREY WEISS | 407-425-9566 |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 5/21/2021 | Order of Dismissal | 2 |
| 5/21/2021 | Order of Dismissal | 2 |
| 5/21/2021 | Letter | 1 |
| 5/14/2021 | Joint Stipulation of Dismissal | 2 |
| 5/14/2021 | Joint Stipulation for Dismissal | 2 |
| 1/26/2021 | Notice Appearance of Counsel<br>Comments: Joseph F. Southron of the Four Rivers Law Firm | 2 |
| 12/21/2020 | Affidavit in Support<br>Comments: of Opposition to Defendant's Request for Production from Non-Party | 24 |
| 12/21/2020 | Opposition<br>Comments: to Defendant's Request for Production from Non-Party (sent to Judge) | 5 |
| 12/16/2020 | Notice of Production of Non-Party | 5 |
| 12/10/2020 | Request to Produce | 2 |
| 12/9/2020 | Response to Request to Produce | 15 |
| 12/7/2020 | Letter<br>Comments: sent to judge 12/7/2020 | 2 |
| 11/11/2020 | Notice of Change of Address | 1 |
| 10/25/2020 | Response to Request to Produce | 2 |
| 10/19/2020 | Notice of Service of Answers to Interrogatories | 2 |

| Date | Description | Pages |
|---|---|---|
| 10/1/2020 | Request to Produce | 11 |
| 9/22/2020 | Opposition | 5 |
| 9/18/2020 | Order on Motion to Withdraw as Counsel | 2 |
| 9/16/2020 | Motion to Withdraw<br><br>Comments: SWEETAPPLE, BROEKER & VARKAS, P.L. | 7 |
| 9/16/2020 | Letter | 1 |
| 9/15/2020 | Correspondence<br><br>Comments: from Plaintiff Re: Notice of Additional Information Related to Whistleblower Complaint and Fl Statutes 112.3187 | 3 |
| 9/15/2020 | Affidavit in Support<br><br>Comments: OF SWEETAPPLE, BROEKER & VARKAS P.L. S MOTION TO WITHDRAW | 5 |
| 9/10/2020 | Court Minutes | 1 |
| 9/10/2020 | HEARING - Ex Parte - Brownlee, Paetra (Actual: Brownlee, Paetra) | |
| 9/4/2020 | Notice of Hearing<br><br>Comments: on September 10, 2020 at 8:30 a.m | 2 |
| 9/4/2020 | Letter<br><br>Comments: Re: Motion to Withdraw | 1 |
| 9/4/2020 | Correspondence<br><br>Comments: from Plaintiff Re: Notice of Suspected Malfeasance and/or Misfeasance Related to Civil Proceedings | 3 |
| 9/4/2020 | Correspondence<br><br>Comments: from Plaintiff Re: Notice of Additional Information Related to Whislteblower Complaint and FL Stat Section 112.3187 | 3 |
| 8/28/2020 | Affidavit in Support<br><br>Comments: of Plaintiff's Motion for Substitution of Counsel (amended) | 9 |
| 8/28/2020 | Petition or Motion for Substitution of Counsel<br><br>Comments: and consent (amended) (sent to Judge with proposed order) | 6 |
| 8/25/2020 | Affidavit in Support<br><br>Comments: PLAINTIFF S MOTION FOR SUBSTITUTION OF COUNSEL | 9 |
| 8/25/2020 | Motion to Withdraw | 7 |
| 8/24/2020 | Petition or Motion for Substitution of Counsel | 5 |
| 8/24/2020 | Response to Request for Admissions | 24 |
| 8/21/2020 | Response to Request to Produce | 11 |
| 8/19/2020 | Motion to Compel Discovery<br><br>Comments: DEFENDANTS MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION | 4 |
| 5/26/2020 | Request for Admissions | 7 |
| 5/25/2020 | Notice of Service of Answers to Interrogatories | 23 |
| 4/30/2020 | Notice of Service<br><br>Comments: OF DEFENDANT S RESPONSES AND OBJECTIONS TO PLAINTIFF S REQUEST FOR ADMISSIONS | 2 |
| 4/10/2020 | Notice of Service of Interrogatories | 2 |
| 4/10/2020 | Request to Produce | 9 |

| Date | Description | Pages |
|---|---|---|
| 3/26/2020 | Request for Admissions | 9 |
| 2/12/2020 | Answer & Affirmative Defenses | 6 |
| 1/6/2020 | Notice Appearance of Counsel<br>Comments: AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF COURT DOCUMENTS | 2 |
| 12/16/2019 | Summons Issued Electronically as to | 3 |
| 12/13/2019 | Complaint | 14 |
| 12/12/2019 | Civil Cover Sheet | 2 |
| 12/12/2019 | Case Initiated | |

## Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|
| 9/10/2020 | Ex Parte - Brownlee, Paetra (Actual: Brownlee, Paetra) | 8:30 AM | Hearing Room 1100.02 | |

## Financial

| Date | Description | Payer | Amount |
|---|---|---|---|
| 12/12/2019 | Transaction Assessment | | 410.00 |
| 12/12/2019 | Payment | Sweetapple, Broeker Varkas, PL Attorney Trust Ac | -410.00 |
| | | Balance Due: | 0.00 |

## Bonds

| Description | Status Date | Bond Status | Amount |
|---|---|---|---|

## Warrants

| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |
|---|---|---|---|---|---|---|

# Exhibit 15

**Meetings set up in March, 2020 in Washington, DC with then California Senator Kamala Harris and four Texas congressman, to issue additional government contracts to sdPhotonics**

**sdPhotonics with UltraComm**
**DC Congressional Visit Itinerary**
**Thursday, March 5, 2020**

**11am** **Meet with Matthew Williams**, *National Security Adviser*
**Meet with Joanna Derman**, *Legislative Aide*
Sen. Kamala Harris, D-CA | Hart 112 | (202) 224-3553

*Committees: Senate Budget Committee, Senate Homeland Security and Governmental Affairs Committee, Senate Judiciary Committee, Senate Select Committee on Intelligence*

**11:30am** **Meet with Garrett Beer**, *Defense Fellow*
Sen. John Cornyn, R-TX | Hart 517 | (202) 224-2934

*Committees: Senate Caucus on International Narcotics Control, Senate Finance Committee, Senate Judiciary, Senate Select Committee on Intelligence*

**1pm** **Meet with Emily Weber**, *Legislative Assistant*
Rep. Colin Allred, D-TX-32 | Cannon 328 | (202) 225-2231

*Committees: House Foreign Affairs Committee, House Transportation and Infrastructure Committee, House Veterans' Affairs Committee*

**2pm** **Meet with Matthew Stubeck**, *Legislative Correspondent*
Rep. Will Hurd, R-TX-23 | Cannon 317 | (202) 225-4511

*Committees: House Appropriations Committee, House Permanent Select Committee on Intelligence*

**3pm** **Meet with Wes Dempster**, *Military Fellow*
Rep. John Carter, R-TX-31 | Rayburn 2110 | (202) 225-3864

*Committees: House Appropriations Committee*

# Exhibit 16

**USPTO filing made on April 7, 2020 by Ms. Sovinski in which she makes new assertions of ownership while acknowledging certain false statements from prior filing from August 21, 2019.**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6049949

| | |
|---|---|
| **SUBMISSION TYPE:** | CORRECTIVE ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | Corrective Assignment to correct the DECLARATION, PARAGRAPH 4 previously recorded on Reel 049654 Frame 0186. Assignor(s) hereby confirms the CORRECTION OF ERRONEOUS RECORDATION BY DECLARATION. |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 08/13/2014 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES |
| **Street Address:** | 4000 CENTRAL FLORIDA BLVD |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32816 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Patent Number:** | 10263393 |

**CORRESPONDENCE DATA**

**Fax Number:** (407)823-6155

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 4078822118
**Email:** sandra.sovinski@ucf.edu
**Correspondent Name:** SANDRA M SOVINSKI
**Address Line 1:** 12201 RESEARCH PARKWAY
**Address Line 2:** SUITE 501
**Address Line 4:** ORLANDO, FLORIDA 38286-3246

| | |
|---|---|
| **NAME OF SUBMITTER:** | SANDRA M SOVINSKI |
| **SIGNATURE:** | /SMSovinski/ |
| **DATE SIGNED:** | 04/07/2020 |

**Total Attachments: 4**
source=Corrective Assignment Docs 10263393#page1.tif
source=Corrective Assignment Docs 10263393#page2.tif
source=Corrective Assignment Docs 10263393#page3.tif
source=Corrective Assignment Docs 10263393#page4.tif

Form PTO-1595 (Rev. 6-18)
OMB No. 0651-0027 (exp. 06/30/2021)

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

RECORDATION FORM COVER SHEET

# PATENTS ONLY

To the Director of the U.S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

**1. Name of conveying party(ies)**

University of Central Florida Board of Trustees

Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No

**2. Name and address of receiving party(ies)**

Name: University of Central Florida Board of Trustees

Internal Address:

Street Address: 4000 Central FL Blvd

City: Orlando

State: FL

Country: USA Zip: 32816

Additional name(s) & address(es) attached? ☐ Yes ☒ No

**3. Nature of conveyance/Execution Date(s):**

Execution Date(s)

☐ Assignment ☐ Merger

☐ Security Agreement ☐ Change of Name

☐ Joint Research Agreement

☐ Government Interest Assignment Executive

☐ Order 9424, Confirmatory License Other

☒ correction of erroneous recordation

**4. Application or patent number(s):** ☐ This document serves as an Oath/Declaration (37 CFR 1.63).

A. Patent Application No.(s)

B. Patent No.(s)

10,263,393B2

Additional numbers attached? ☐ Yes ☒ No

**5. Name and address to whom correspondence concerning document should be mailed:**

Name: Sandra M. Sovinski

Internal Address: Suite 501

Street Address: 12201 Research Pkwy

City: Orlando

State: FL Zip: 32826

Phone Number: 407-882-2118

Docket Number: 33891

Email Address: sandra.sovinski@ucf.edu

**6. Total number of applications and patents involved:** 1

**7. Total fee** (37 CFR 1.21(h) & 3.41) $ 40.00

☐ Authorized to be charged to deposit account

☒ Enclosed

☐ None required (government interest not affecting title)

**8. Payment Information**

Deposit Account Number

Authorized User Name

**9. Signature:** [signature]

Signature

5/21/2019

Date

Sandra M. Sovinski, UCF Deputy General Counsel for Research

Name of Person Signing

Total number of pages including cover sheet, attachments, and documents: 5

Documents to be recorded (including cover sheet) should be faxed to (571) 273-0140, or mailed to:
Mail Stop Assignment Recordation Services, Director of the USPTO, P.O.Box 1450, Alexandria, V.A. 22313-1450

May 21, 2019

To: Assignment Recordation Services
Director of the USPTO
P.O. Box 1450
Alexandria, VA 22313-1450

Re: Declaration pursuant to 323.01(c):
Assignment Improperly Filed and Recorded by Another Person Against Owner's Patent
Patent 10,263,393B2/Serial no. 15/897,672

Summary of True Chain of Title – Identification of Correct Owner: **UCF owns all inventions** in the field or discipline of each employee, and also all inventions made by employees with the use of university support. Dennis Deppe, sole inventor of the patent referenced, has been and continues to be an employee of the University of Central Florida (UCF), since 2005.

**On August 13, 2014,** in recognition of his employment obligations, **Dennis Deppe executed an assignment of any and all rights to UCF** for all inventions conceived or invented during his employment. This assignment document is presented for recordation herewith. In accordance with Florida Statute 1001.72, UCF is a public body corporate with the name of "The University of Central Florida Board of Trustees", and **UCF continues to be the correct current owner of patent 10,263,393B2, application no. 15/897672,** irrespective of the improperly filed assignment document discussed below. (Note: It is UCF's practice to further transfer its ownership to its direct support organization, the University of Central Florida Research Foundation, Inc., for management and licensing, and this further assignment action is intended to follow.)

Application no. 15/897672, now issued patent no. 10,263,393B2, was filed February 15, 2018, with priority to Provisional application no. 62/459,078, filed February 15, 2017. **Patent no. 10,263,393B2, issued from application no. 15/897672 is owned solely by UCF.**

Previously Recorded Document is erroneous. Dennis Deppe filed Provisional application no. 62/459,078, *pro se*, contrary to UCF regulations and policies~~, and improperly designated his own company, sdPhotonics, LLC, as a co-applicant~~. ~~UCF's prosecution counsel carried on the improper co-applicant designation during the non-provisional phase.~~ UCF's prosecution counsel also did not record any assignment documents for the application, also contrary to UCF policies. [initials] 4/7/2020

Despite the fact that Dennis Deppe contractually agreed not to take any action to transfer any invention rights to any third party without advance written agreement by UCF, and despite the fact that he had already assigned any and all of his rights to UCF on August 13, 2014, both as a condition of his employment, he erroneously executed subsequent documents on May 1, 2019 purporting to assign the same rights jointly to his company, sdPhotonics, LLC and to the University of Central Florida Research Foundation, Inc. Dennis Deppe possessed no rights to assign on May 1, 2019.

**The documents recorded on May 2, 2019 for application 15/897672, now issued patent 10,263,393B2, at Reel/Frame 049066/0590, were submitted with erroneous information because sdPhotonics, LLC is not a co-owner of the patent, and Dennis Deppe possessed no assignable rights on May 1, 2019.**

As the correct and continuing owner, UCF is contacting the attorney who recorded the erroneous papers without seeking verification or consent from UCF. The attorney is not engaged to perform services on behalf of UCF.

Please correct the record, confirming that the University of Central Florida Board of Trustees remains the owner of the application no. 15/879672, now issued patent 10,263,393B2.

I, declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2019.

Sandra M. Sovinski
Deputy General Counsel for Research
University of Central Florida
University of Central Florida Research Foundation, Inc.

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH & COMMERCIALIZATION

# INTELLECTUAL PROPERTY AGREEMENT

This Agreement is made this August 13, 2014, between the University of Central Florida, by and on behalf of its Board of Trustees ("University") and Dr. Dennis Deppe ("Employee").

1. I have received and reviewed University Regulation UCF-2.029, entitled "Patents, Trademarks, and Trade Secrets." All terms in this Agreement are defined pursuant to UCF-2.029.

2. I agree that I have been bound by all terms and conditions of UCF-2.029, as a term of and since the first date of my employment, appointment, and/or affiliation as University Personnel, and that I shall remain as bound by any amendment to UCF-2.029 as may be made by the University so long as I remain University Personnel.

3. I understand and agree that in consideration of my status as University Personnel, Inventions that are (1) in the field or discipline in which I am employed by the University, or (2) made with the use of University Support are the property of the University, and the University is entitled to and shall own and hold title to any such Inventions.

4. I hereby assign and agree to assign to the University or its designee any and all rights in such Inventions that are invented and/or conceived at any time during my status as University Personnel, including any term as University Personnel prior to the execution of this Agreement.

5. I further understand by executing this Agreement, I am not waiving any rights to share in any proceeds received by the University for such Inventions.

6. I agree that I will not take any action to transfer rights or to disclose any such Inventions to any third party without advance written agreement by the University.

7. I agree that I will take any necessary steps to protect the University interest in such Inventions.

SIGNED Dennis Deppe DATE Aug. 13, 2014

# Exhibit 17

## Receipt from SBA IG Hannibal Ware's Office
## Dated June 22, 2020

**SBA OIG Complaint Submission Form**

Your complaint has been successfully saved and reported to the SBA OIG.

Your Complaint ID is 20200622wrg2.

Please save this ID and refer to the SBA OIG Hotline website, https://www.sba.gov/oig/hotline , for additional guidance regarding our Hotline procedures.

OIG Hotline Telephone Number: 1-800-767-0385

If you provided an email address, you will receive an acknowledgement message from the SBA Office of Inspector General.

# Exhibit 18

**False ownership documents filed into USPTO
Patent Records October 29, 2020,
prior to extortion attempt and stalking
in Nov. 2020**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6374876

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | DECLARATION OF JACK G. ABID UNDER MPEP §323.01(C) |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| JACK ABID | 10/29/2020 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | JACK ABID |
| **Street Address:** | 1135 E. STATE ROAD 434 |
| **Internal Address:** | SUITE 3001 |
| **City:** | WINTER SPRINGS |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32708 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16551258 |

**CORRESPONDENCE DATA**

**Fax Number:** (407)841-2343

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Email:** sscheibe@allendyer.com
**Correspondent Name:** JACK G. ABID
**Address Line 1:** 255 S. ORANGE AVE. STE. 1401
**Address Line 4:** ORLANDO, FLORIDA 32801

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 0133204 |
| **NAME OF SUBMITTER:** | JACK G. ABID |
| **SIGNATURE:** | /JACK G. ABID/ |
| **DATE SIGNED:** | 10/29/2020 |

**Total Attachments: 2**
source=16551258DECLARATION#page1.tif
source=16551258DECLARATION#page2.tif

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

First Named Inventor:
**DEPPE**

Patent No. **10,673,206**

Serial No. **16/551,258**

Filing Date: **August 26, 2019**

Attorney Docket No.
**0133204**

For: **SEMICONDUCTOR DEVICES WITH DEPLETED HETEROJUNCTION CURRENT BLOCKING REGIONS**

**DECLARATION OF JACK G. ABID**
**UNDER MPEP §323.01(c)**

**EFILE**
Commissioner for Patents

Sir:

I, **Jack G. Abid**, do hereby declare as follows:

1. I am a Registered Patent Attorney, and represent the University of Central Florida Research Foundation.

2. On October 15, 20120, I erroneously recorded a document against the above noted patent/patent application at reel **054072**, and frame **0204**.

3. I was not instructed by my client, University of Central Florida Research Foundation, nor its affiliated parent

entity to record the document.

4. I hereby authorize and request the Commissioner for Patents of the USPTO to record this correction that the recorded document at reel **054072**, and frame **0204** should be disregarded.

5. I hereby declare that all statements made herein are of my own knowledge and are true, and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title XVIII of the United States Code, and that such willful and false statements may jeopardize the validity of the application or any patent issued thereon.

| | |
|---|---|
| 10/29/2020 | /JACK ABID/ |
| Date | **JACK G. ABID** |

506306078 10/15/2020

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6352827

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 07/16/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC. |
| **Street Address:** | 12201 RESEARCH PARKWAY |
| **Internal Address:** | SUITE 501 |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32826 |

**PROPERTY NUMBERS Total: 2**

| Property Type | Number |
|---|---|
| **Application Number:** | 16551338 |
| **Patent Number:** | 10673206 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 4078412330 |
| **Email:** | JABID@ALLENDYER.COM |
| **Correspondent Name:** | JACK G. ABID |
| **Address Line 1:** | 255 SOUTH ORANGE AVE, |
| **Address Line 2:** | SUITE 1401 |
| **Address Line 4:** | ORLANDO, FLORIDA 32801 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 0133204 |
| **NAME OF SUBMITTER:** | JACK ABID |
| **SIGNATURE:** | /JACK ABID/ |
| **DATE SIGNED:** | 10/15/2020 |

**Total Attachments: 1**
source=UCF BOT TO UCFRF#page1.tif

Patent Assignment

The UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, referred to as Assignor, and the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., referred to as Assignee:

WHEREAS, the UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES has designated the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., existing by virtue of the laws of the State of Florida, and having an office at 12201 Research Parkway, Ste. 501, Orlando, FL 32826, to be the owner and administrator of the University of Central Florida Board of Trustees' intellectual property;

Assignor hereby assigns to Assignee, and its heirs, Assignor's entire right, title, and interest in and to the U.S. Patent Application No. 15/648,235 ***Semiconductor Devices with Depleted Heterojunction Current Blocking Regions***, including rights to apply for patents or to practice the invention worldwide.

IN WITNESS WHEREOF, the parties HAVE EXECUTED THIS Agreement as of the date first written below.

University of Central Florida Board of Trustees (Assignor)

By: Svetlana Shtrom

Name: Dr. Svetlana Shtrom

Title: Director, Technology Transfer

Date: 7/16/19

University of Central Florida Research Foundation, Inc. (Assignee)

By: [signature]

Name: Kim Smith

Title: COO, UCF Research Foundation, Inc.

Date: 7/18/19

# Exhibit 19

**USPTO filing on sdPhotonics patent applications dated April 2, 2021, in which Ms. Sovinski's changed declaration from April 7, 2020 is used to falsely assert UCF ownership rights and damage sdPhotonics' patent ownership rights.**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6638042

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| DENNIS G DEPPE | 04/02/2021 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES |
| **Street Address:** | 4000 CENTRAL FLORIDA BLVD |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32816 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16551338 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 407-841-2330
**Email:** jabid@allendyer.com
**Correspondent Name:** JACK ABID
**Address Line 1:** 255 SOUTH ORANGE AVE
**Address Line 2:** SUITE 1401
**Address Line 4:** ORLANDO, FLORIDA 32801

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 0133204 |
| **NAME OF SUBMITTER:** | JACK ABID |
| **SIGNATURE:** | /JACK ABID/ |
| **DATE SIGNED:** | 04/02/2021 |

**Total Attachments: 8**

source=SECOND DECLARATION BY JACK ABID#page1.tif
source=SECOND DECLARATION BY JACK ABID#page2.tif
source=assignment-pat-52332-97#page1.tif
source=assignment-pat-52332-97#page2.tif
source=assignment-pat-52332-97#page3.tif

source=assignment-pat-52332-97#page4.tif
source=assignment-pat-52332-97#page5.tif
source=assignment-pat-52332-97#page6.tif

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| First Named Inventor: **DEPPE** | ) | |
| Serial No. **16/551,338** | ) | |
| Patent No. **10,886,701** | ) | Attorney Docket No. **0133204** |

**DECLARATION OF JACK G. ABID UNDER MPEP §323.01(c)**

**EFILE**
Commissioner for Patents

Sir:

I, **Jack G. Abid**, do hereby declare as follows:

1. I am a Registered Patent Attorney, and represent the University of Central Florida Research Foundation (UCFRF).

2. The above noted patent is a continuation of U.S. Patent No. 10,530,127, which is a continuation of U.S. Patent No. 10,033,156, which claims priority to application serial numbers 62/361,531; and 62/467,514.

3. Dennis Deppe is the sole inventor for each of these priority applications.

First Named Inventor: **DEPPE**
Serial No. **16/551,338**
_______________________________/

4. At noted in attached Declaration by Sandra M. Sovinski recorded at reel/frame 052332/0097, these priority applications properly belong to "The University of Central Florida Board of Trustees" (UCFBOT).

5. UCFBOT was not aware of the filing of the above noted application, now patent.

6. UCFBOT has transferred its ownership to the UCFRF, as the designated owning entity for UCF intellectual property, and as per the assignments recorded at reel/frame 049790/0482 for the parent applications and reel/frame 054072/0230 for the present application.

7. Since the applications in the chain of priority belong to the UCFBOT, the above noted application also belongs to UCFBOT.

8. I hereby declare that all statements made herein are of my own knowledge and are true, and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title XVIII of the United States Code, and that such willful and false statements may jeopardize the validity of the application or any patent issued thereon.

| | |
|---|---|
| April 2, 2021 | /JACK ABID/ |
| Date | **JACK G. ABID** |

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6049989

| | |
|---|---|
| **SUBMISSION TYPE:** | CORRECTIVE ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | Corrective Assignment to correct the DECLARATION, PARAGRAPH 4 previously recorded on Reel 049654 Frame 0227. Assignor(s) hereby confirms the THE CORRECTION BY DECLARATION OF ERRONEOUS FILED APPLICATION NUMBER 16014305 RECORDED AT REEL/FRAME. |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 08/13/2014 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES |
| **Street Address:** | 4000 CENTRAL FLORIDA BLVD |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32816 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16014305 |

**CORRESPONDENCE DATA**

**Fax Number:** (407)823-6155

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 4078822118
**Email:** sandra.sovinski@ucf.edu
**Correspondent Name:** SANDRA M SOVINSKI
**Address Line 1:** 12201 RESEARCH PARKWAY
**Address Line 2:** SUITE 501
**Address Line 4:** ORLANDO, FLORIDA 38286-3246

| | |
|---|---|
| **NAME OF SUBMITTER:** | SANDRA M SOVINSKI |
| **SIGNATURE:** | /SMSovinski/ |
| **DATE SIGNED:** | 04/07/2020 |

**Total Attachments: 4**
source=Corrective Assignment Docs 16014305#page1.tif
source=Corrective Assignment Docs 16014305#page2.tif
source=Corrective Assignment Docs 16014305#page3.tif

source=Corrective Assignment Docs 16014305#page4.tif

Form PTO-1595 (Rev. 6-18)
OMB No. 0651-0027 (exp. 06/30/2021)

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

RECORDATION FORM COVER SHEET

# PATENTS ONLY

To the Director of the U.S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

**1. Name of conveying party(ies)**

University of Central Florida Board of Trustees

☐ Yes ☒ No

**2. Name and address of receiving party(ies)**

Name: University of Central Florida Board of Trustees

Internal Address:

Street Address: 4000 Central FL Blvd

City: Orlando

State: FL

Country: USA Zip: 32816

Additional name(s) & address(es) attached? ☐ Yes ☒ No

**3. Nature of conveyance/Execution Date(s):**

Execution Date(s)

☐ Assignment ☐ Merger

☐ Security Agreement ☐ Change of Name

☐ Joint Research Agreement

☐ Government Interest Assignment Executive

☐ Order 9424, Confirmatory License Other

☒ correction of erroneous recordation

**4. Application or patent number(s):** ☐ This document serves as an Oath/Declaration (37 CFR 1.63).

A. Patent Application No.(s)

16014305

B. Patent No.(s)

Additional numbers attached? ☐ Yes ☒ No

**5. Name and address to whom correspondence concerning document should be mailed:**

Name: Sandra M. Sovinski

Internal Address: Suite 501

Street Address: 12201 Research Pkwy

City: Orlando

State: FL Zip: 32826

Phone Number: 407-882-2118

Docket Number: 33891

Email Address: sandra.sovinski@ucf.edu

**6. Total number of applications and patents involved:** 1

**7. Total fee** (37 CFR 1.21(h) & 3.41) $ 40.00

☐ Authorized to be charged to deposit account

☒ Enclosed

☐ None required (government interest not affecting title)

**8. Payment Information**

Deposit Account Number

Authorized User Name

**9. Signature:** [signature] 5/21/2019

Signature Date

Sandra M. Sovinski, UCF Deputy General Counsel for Research

Name of Person Signing

Total number of pages including cover sheet, attachments, and documents: 5

Documents to be recorded (including cover sheet) should be faxed to (571) 273-0140, or mailed to:
Mail Stop Assignment Recordation Services, Director of the USPTO, P.O.Box 1450, Alexandria, V.A. 22313-1450

May 21, 2019

To: Assignment Recordation Services
Director of the USPTO
P.O. Box 1450
Alexandria, VA 22313-1450

Re: Declaration pursuant to 323.01(c):
Assignment Improperly Filed and Recorded by Another Person Against Owner's Application
Application no. 16/014,305

Summary of True Chain of Title – Identification of Correct Owner: **UCF owns all inventions** in the field or discipline of each employee, and also all inventions made by employees with the use of university support. Dennis Deppe, sole inventor for the applications/patents referenced, has been and continues to be an employee of the University of Central Florida (UCF), since 2005.

**On August 13, 2014,** in recognition of his employment obligations, **Dennis Deppe executed an assignment of any and all rights to UCF** for all inventions conceived or invented during his employment. This assignment document is presented for recordation herewith. In accordance with Florida Statute 1001.72, UCF is a public body corporate with the name of "The University of Central Florida Board of Trustees", and **UCF continues to be the correct current owner of application 16/014305**, irrespective of the improperly filed assignment document discussed below. (Note: It is UCF's practice to further transfer its ownership to its direct support organization, the University of Central Florida Research Foundation, Inc., for management and licensing, and this further assignment action is intended to follow.)

Application no. 16/014305 was filed June 21, 2018, as a Continuation of application no. 15/648260, now issued patent 10,033,156B2, which claims priority to Provisional application no. 62/467,514, filed March 6, 2017 and also to Provisional application no. 62/361,531, filed July 13, 2016. **Application no. 16/014305 is owned solely by UCF.**

Previously Recorded Document is erroneous. Dennis Deppe filed provisional applications nos. 62/467,514 and 62/361,531, *pro se*, contrary to UCF regulations and policies~~, and improperly designated his own company, sdPhotonics, LLC, as a co-applicant~~. ~~UCF's prosecution counsel carried on the improper co-applicant designation during the non-provisional phase.~~ UCF's prosecution counsel also did not record any assignment documents for the application, also contrary to UCF policies. (Note: UCF intends to file a request to correct the applicant information.) SMS 4/7/2020

Despite the fact that Dennis Deppe contractually agreed not to take any action to transfer any invention rights to any third party without advance written agreement by UCF, and despite the fact that he had already assigned any and all of his rights to UCF on August 13, 2014, both as a condition of his employment, he erroneously executed subsequent documents on May 1, 2019 purporting to assign the same rights jointly to his company, sdPhotonics, LLC and to the University of Central Florida Research Foundation, Inc. Dennis Deppe possessed no rights to assign on May 1, 2019.

**The documents recorded on May 2, 2019 for application 16/014305, at Reel/Frame 049066/0647, were submitted with erroneous information because sdPhotonics, LLC is not a co-owner of the application, and Dennis Deppe possessed no assignable rights on May 1, 2019.**

As the correct and continuing owner, UCF is contacting the attorney who recorded the erroneous papers, without seeking verification or consent from UCF. The attorney is not engaged to perform services on behalf of UCF.

Please correct the record, confirming that the University of Central Florida Board of Trustees remains the owner of the application no. 16/014305.

I, declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2019.

Sandra M. Sovinski
Deputy General Counsel for Research
University of Central Florida
University of Central Florida Research Foundation, Inc.

UNIVERSITY OF CENTRAL FLORIDA
RESEARCH & COMMERCIALIZATION

# INTELLECTUAL PROPERTY AGREEMENT

This Agreement is made this August 13, 2014, between the University of Central Florida, by and on behalf of its Board of Trustees ("University") and Dr. Dennis Deppe ("Employee").

1. I have received and reviewed University Regulation UCF-2.029, entitled "Patents, Trademarks, and Trade Secrets." All terms in this Agreement are defined pursuant to UCF-2.029.

2. I agree that I have been bound by all terms and conditions of UCF-2.029, as a term of and since the first date of my employment, appointment, and/or affiliation as University Personnel, and that I shall remain as bound by any amendment to UCF-2.029 as may be made by the University so long as I remain University Personnel.

3. I understand and agree that in consideration of my status as University Personnel, Inventions that are (1) in the field or discipline in which I am employed by the University, or (2) made with the use of University Support are the property of the University, and the University is entitled to and shall own and hold title to any such Inventions.

4. I hereby assign and agree to assign to the University or its designee any and all rights in such Inventions that are invented and/or conceived at any time during my status as University Personnel, including any term as University Personnel prior to the execution of this Agreement.

5. I further understand by executing this Agreement, I am not waiving any rights to share in any proceeds received by the University for such Inventions.

6. I agree that I will not take any action to transfer rights or to disclose any such Inventions to any third party without advance written agreement by the University.

7. I agree that I will take any necessary steps to protect the University interest in such Inventions.

SIGNED Dennis Deppe DATE Aug. 13, 2014

# Exhibit 20

**Jeff Shainline from NIST June 21, 2021 email following discussion about Biden's "Build Back Better Plan"**

## RE: Non-disclosure agreement

Shainline, Jeff (Fed) <jeffrey.shainline@nist.gov>
Mon 6/21/2021 6:38 PM
To: ddeppe sdphotonics.com <ddeppe@sdphotonics.com>

Hi Dennis,

We are likely to learn about your VCSELs and their operation at low temperature. We hope to thoroughly explore the devices physics in this operating environment, including studying carrier lifetimes, surface recombination velocity, I-Vs vs temperature, etc. We may identify a new market for low-temperature VCSELs related to single-photon imaging. This application space may be broader still, leading to a number of applications wherein data must be extracted from the cold space, but without the extreme speed, efficiency, and voltage requirements of SuperCables. We will inform you regarding possible superconductor-semiconductor interfaces that open new technological horizons. We may even be able to give you money, if you're interested in that sort of thing.

Thank you,
Jeff

# Exhibit 21

**False ownership documents filed into USPTO patent records September 21, 2021**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT6927298

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 07/16/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC. |
| **Street Address:** | 12201 RESEARCH PARKWAY |
| **Internal Address:** | SUITE 501 |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 32826 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 17141100 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 407-841-2330 |
| **Email:** | jabid@allendyer.com |
| **Correspondent Name:** | JACK ABID |
| **Address Line 1:** | 255 SOUTH ORANGE AVE |
| **Address Line 2:** | SUITE 1401 |
| **Address Line 4:** | ORLANDO, FLORIDA 32801 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 0133204 |
| **NAME OF SUBMITTER:** | JACK ABID |
| **SIGNATURE:** | /jack abid/ |
| **DATE SIGNED:** | 09/21/2021 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 1**
source=UCF BOT TO UCFRF TO BE RECORDED#page1.tif

Patent Assignment

The UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, referred to as Assignor, and the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., referred to as Assignee:

WHEREAS, the UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES has designated the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., existing by virtue of the laws of the State of Florida, and having an office at 12201 Research Parkway, Ste. 501, Orlando, FL 32826, to be the owner and administrator of the University of Central Florida Board of Trustees' intellectual property;

Assignor hereby assigns to Assignee, and its heirs, Assignor's entire right, title, and interest in and to the U.S. Patent Application No. 16/014,305 ***Low Resistance Vertical Cavity Light Source with PNPN Blocking***, including rights to apply for patents or to practice the invention worldwide.

IN WITNESS WHEREOF, the parties HAVE EXECUTED THIS Agreement as of the date first written below.

University of Central Florida Board of Trustees (Assignor)

By: [signature]

Name: Dr. Svetlana Shtrom

Title: Director, Technology Transfer

Date: 7/16/19

University of Central Florida Research Foundation, Inc. (Assignee)

By: [signature]

Name: Kim Smith

Title: COO, UCF Research Foundation, Inc.

Date: 7/18/19

# Exhibit 22

**IRS confirms identity theft on Deppe's IRS 2017 tax records**

IRS
Department of the Treasury
Internal Revenue Service
Fresno, CA 93888-0025

| | |
|---|---|
| **Notice** | CP01 |
| **Notice date** | September 11, 2023 |
| **To contact us** | 800-908-4490 |
| **Your Caller ID** | 189964 |
| **Page 1 of 2** | 29H |

171111.361407.359100.28604 1 AB 0.537 532

DENNIS G DEPPE
5749 ALOMA WOODS BLVD
OVIEDO FL 32765-9437

171111

# We have verified your claim of identity theft

We placed an identity theft indicator on your account to monitor activity and help prevent future fraud.

Identity theft is a serious issue, and we're committed to helping taxpayers who are affected by it.

## What you need to do

You don't need to take immediate action. Read the steps below and continue to file all federal tax returns.

## Next steps

- We'll review all tax returns with your social security number for the possibility of identity theft.

  You'll need an Identity Protection Personal Identification Number (IP PIN) to file your tax returns in the future. You will receive your IP PIN in a notice from us in December or January. You will receive a new IP PIN each year.

  **Note**: If your address changes before December, complete Form 8822, Change of Address. Visit irs.gov/form8822.
- An IP PIN is a six-digit number used on a paper or electronically filed return that helps us verify your identity and prevents the misuse of your Social Security number (SSN) on fraudulent federal income tax returns. A missing or incorrect IP PIN prevents the electronic filing of a tax return, and a paper return filed with a missing or incorrect IP PIN will be subject to additional review.
- If you want an IP PIN immediately, visit our website at irs.gov/getanippin, verify your identity and we will assign an IP PIN to prevent misuse on tax returns filed for the rest of this year. A new IP PIN will be generated each year and can be retrieved starting in mid-January by logging into the account you created at irs.gov/getanippin. You will not receive a notice as stated in the 2nd paragraph above.

Continued on back...

# Exhibit 23

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT7186856

| | |
|---|---|
| **SUBMISSION TYPE:** | CORRECTIVE ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | Corrective Assignment to correct the DOCUMENT previously recorded on Reel 057557 Frame 0128. Assignor(s) hereby confirms the CORRECTION OF THE PATENT NUMBER 10,263,393 TO APPLICATION 16/537,139. |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES | 02/15/2022 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC. |
| **Street Address:** | 12201 RESEARCH PARKWAY |
| **Internal Address:** | SUITE 501 |
| **City:** | ORLANDO |
| **State/Country:** | FLORIDA |
| **Postal Code:** | 38286 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16537139 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 407-841-2330 |
| **Email:** | jabid@allendyer.com |
| **Correspondent Name:** | JACK G. ABID |
| **Address Line 1:** | 1135 EAST S.R. 434 |
| **Address Line 2:** | SUITE 3001 |
| **Address Line 4:** | WINTER SPRINGS, FLORIDA 32708 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 0133204 |
| **NAME OF SUBMITTER:** | JACK ABID |
| **SIGNATURE:** | /JACK ABID/ |
| **DATE SIGNED:** | 02/21/2022 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 2**
source=UCFBOT-UCFRF CORRECTION#page1.tif

source=UCFBOT-UCFRF CORRECTION#page2.tif

DocuSign Envelope ID: 9A69E782-4FC1-4714-981F-25A484F73A48

Patent Assignment

The UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, referred to as Assignor, and the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., referred to as Assignee:

WHEREAS, the UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES has designated the UNIVERSITY OF CENTRAL FLORIDA RESEARCH FOUNDATION, INC., existing by virtue of the laws of the State of Florida, and having an office at 12201 Research Parkway, Ste. 501, Orlando, FL 32826, to be the owner and administrator of the University of Central Florida Board of Trustees' intellectual property;

Assignor hereby assigns to Assignee, and its heirs, Assignor's entire right, title, and interest in and to the U.S. Patent Application No. 16/537,139 ***Vertical-Cavity Surface-Emitting Device With Epitaxial Index Guide***, including rights to apply for patents or to practice the invention worldwide.

IN WITNESS WHEREOF, the parties HAVE EXECUTED THIS Agreement as of the date first written below.

University of Central Florida Board of Trustees (Assignor)

DocuSigned by:
By: Svetlana Shtrom
3431C1AE5C15478...

Name: Dr. Svetlana Shtrom

Title: Director, Technology Transfer

Date: 2/15/2022

University of Central Florida Research Foundation, Inc. (Assignee)

DocuSigned by:
By: Kim Smith
B609B397F16D4FD...

Name: Kim Smith

Title: COO, UCF Research Foundation, Inc.

Date: 2/15/2022

# Exhibit 24

STATE OF FLORIDA

# Office of the Governor

THE CAPITOL
TALLAHASSEE, FLORIDA 32399-0001

www.flgov.com
850-717-9418

RON DESANTIS
GOVERNOR

December 28, 2022

Mr. Dennis Deppe
denn32765@yahoo.com

**RE: Chief Inspector General Correspondence # 2022-10-12-0020**

Dear Mr. Deppe:

The Office of the Chief Inspector General received your additional information on December 23, 2022, in which you expressed concerns about tax and patent fraud, the military, possible criminal activity, and the referral of your information to the University Audit office at the University of Central Florida (UCF).

Please be advised that this office does not have jurisdiction over federal government issues, such as tax fraud and the military. You may wish to report your concerns to the appropriate Federal Office of Inspector General (i.e., The Treasury Inspector General for Tax Administration). You may find their contact information online at https://www.ignet.gov/content/inspectors-general-directory.

Additionally, this office does not have jurisdiction over criminal matters. You may wish to report your concerns to the appropriate law enforcement entity or speak to an attorney who can advise you of any civil remedies that may be available to you. The Florida Bar offers a Lawyer Referral Service which you may contact by calling toll-free at (800) 342-8011 or by submitting a request online at https://lrs.floridabar.org/. Florida Legal Services, Inc. also provides pro-bono legal services to those who qualify. You may find their contact information online at https://www.floridalegal.org/contact-us.

Please note that this office is not conducting an investigation. Your concerns were referred to the UCF's University Audit office on October 13, 2022 for determination of whether your complaint met the criteria to be designated as a "Whistle-blower" complaint. Therefore, after having had the opportunity to review your continued concerns, by copy of this letter, we are forwarding your additional information to the Chief Audit Executive for the University Audit office at the UCF for incorporation into their on-going review.

If you have concerns regarding the University Audit office at the UCF, you may wish to contact the Office of Inspector General for the Board of Governors. You may contact their office by calling (850) 245-0466 or by emailing BOGInspectorGeneral@flbog.edu.

In the event you have any further questions or concerns related to your issues, please contact the University Audit office at the UCF by calling (407) 823-2889 or by emailing Robert.Taft@UCF.edu.

Sincerely,

Office of the Chief Inspector General

cc: Robert Taft, Chief Audit Executive

# Exhibit 25

**Tina Maier email dated January 20, 2023 after Robert Taft received reports from Melinda Miguel of stalking and additional criminal activities by UCF employees**

Gmail

Dennis Deppe <dennis.sdphotonics@gmail.com>

## Notification on Whistleblower Status

1 message

**Tina Maier** <Tina.Maier@ucf.edu> Fri, Jan 20, 2023 at 12:44 PM
To: "dennis.sdphotonics@gmail.com" <dennis.sdphotonics@gmail.com>, "denn32765@yahoo.com" <denn32765@yahoo.com>

Dear Dr. Deppe:

The Office of the Chief Inspector General referred your complaint to University Audit on October 13, 2022, in which you expressed concerns about several elected officials, federal and state agencies, universities, and a Texas law firm being involved in the intellectual property theft from sdPhotonics LLC. Additionally, you alleged that threats, physical stalking, cyber stalking, and physical endangerment were used to sign fraudulent intellectual property agreements. Lastly, you expressed concerns of UCF filing multiple false ownership documents with the United States Patent and Trademark Office involving sdPhotonics' patents and patent applications, and that Robert Taft, UCF Chief Audit Executive and our office has covered-up those alleged false USPTO filings.

For all complaints provided to our office where the complainant self identifies, we will perform a whistle-blower status review. After having had the opportunity to review your concerns, this office has determined that your complaint **does not** reach the threshold required to meet the criteria for whistle-blower status as defined by ss.112.3187-112.31895, Florida Statutes, also known as the Whistle-blower's Act.

Specifically, the statute sets a high standard for the impact of the allegations. The language in the statute is intended for us to evaluate the complaint for a violation of any federal, state, or local law, rule or regulation which a) presents a substantial and specific danger to the public's health, safety, or welfare or b) rises to an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty.

University Audit **does not** plan to conduct a non-whistle-blower investigation. Your concern of the university filing multiple false

ownership documents was previously assessed by our office and you also notified our office that you have filed a complaint with the Department of Justice (DOJ) Office of Inspector General (OIG) and DOJ Civil Rights Division to investigate matters related to the USPTO documents.

Thank you for bringing this information to our attention. We consider this matter closed.

Sincerely,

**Tina Maier, CPA, CFE, CIG**

Associate Director

University Audit

University of Central Florida

4365 Andromeda Loop N, MH 341

Orlando, FL 32816-0080

Office: (407) 823-2889

FAX: (407) 823-6330

tina.maier@ucf.edu

**http://www.universityaudit.ucf.edu/**