# Exhibit D

# Fl. St. §817.034 - Wire Fraud

# The Florida Senate

## 2026 Florida Statutes

| Title XLVI<br>CRIMES | Chapter 817<br>FRAUDULENT PRACTICES<br><br>Entire Chapter | SECTION 034<br>**Florida Communications Fraud Act.** |
|---|---|---|

**817.034 Florida Communications Fraud Act.—**

(1) LEGISLATIVE INTENT.—

(a) The Legislature recognizes that schemes to defraud have proliferated in the United States in recent years and that many operators of schemes to defraud use communications technology to solicit victims and thereby conceal their identities and overcome a victim's normal resistance to sales pressure by delivering a personalized sales message.

(b) It is the intent of the Legislature to prevent the use of communications technology in furtherance of schemes to defraud by consolidating former statutes concerning schemes to defraud and organized fraud to permit prosecution of these crimes utilizing the legal precedent available under federal mail and wire fraud statutes.

(2) SHORT TITLE.—This section may be cited as the "Florida Communications Fraud Act."

(3) DEFINITIONS.—As used in this section, the term:

(a) "Communicate" means to transmit or transfer or to cause another to transmit or transfer signs, signals, writing, images, sounds, data, or intelligences of any nature in whole or in part by mail, or by wire, radio, electromagnetic, photoelectronic, or photooptical system.

(b) "Obtain" means temporarily or permanently to deprive any person of the right to property or a benefit therefrom, or to appropriate the property to one's own use or to the use of any other person not entitled thereto.

(c) "Property" means anything of value, and includes:

1. Real property, including things growing on, affixed to, or found in land;

2. Tangible or intangible personal property, including rights, privileges, interests, and claims; and

3. Services.

(d) "Scheme to defraud" means a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, endorsements of nonconsenting parties, or promises or willful misrepresentations of a future act.

(e) "Value" means value determined according to any of the following:

1.a. The market value of the property at the time and place of the offense, or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.

b. The value of a written instrument that does not have a readily ascertainable market value, in the case of an instrument such as a check, draft, or promissory note, is the amount due or collectible or is, in the case of any other instrument which creates, releases, discharges, or otherwise affects any valuable legal right, privilege, or obligation, the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.

c. The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner, suffered by reason of losing an advantage over those who do not know of or use the trade secret.

2. If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $300.

3. Amounts of value of separate properties obtained in one scheme to defraud, whether from the same person or from several persons, shall be aggregated in determining the grade of the offense under paragraph (4)(a).

(4) OFFENSES.—

(a) Any person who engages in a scheme to defraud and obtains property thereby commits organized fraud, punishable as follows:

1. If the amount of property obtained has an aggregate value of $50,000 or more, the person commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

2. If the amount of property obtained has an aggregate value of $20,000 or more, but less than $50,000, the person commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

3. If the amount of property obtained has an aggregate value of less than $20,000, the person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) Any person who engages in a scheme to defraud and, in furtherance of that scheme, communicates with any person with intent to obtain property from that person commits, for each such act of communication, communications fraud, punishable as follows:

1. If the value of property obtained or endeavored to be obtained by the communication is valued at $300 or more, the person commits a third degree felony, punishable as set forth in s. 775.082, s. 775.083, or s. 775.084.

2. If the value of the property obtained or endeavored to be obtained by the communication is valued at less than $300, the person commits a misdemeanor of the first degree, punishable as set forth in s. 775.082 or s. 775.083.

(c) The penalty for committing an offense specified in paragraph (a) or paragraph (b) against a person age 65 years or older, against a minor, or against a person with a mental or physical disability, as defined in s. 775.0863(1)(b), shall be reclassified as follows:

1. A misdemeanor of the first degree is reclassified to a felony of the third degree.
2. A felony of the third degree is reclassified to a felony of the second degree.
3. A felony of the second degree is reclassified to a felony of the first degree.
4. A felony of the first degree is reclassified to a life felony.

(d) A person whose image or likeness was used without his or her consent in a scheme to defraud may file a civil action in a court of competent jurisdiction to recover damages caused by the use of his or her image or likeness. The remedies provided for in this paragraph shall be in addition to and not in limitation of the remedies available to any person under the common law or any other law.

(e) Notwithstanding any contrary provisions of law, separate judgments and sentences for organized fraud under paragraph (a) and for each offense of communications fraud under paragraph (b) may be imposed when all such offenses involve the same scheme to defraud.

(f) Notwithstanding any other law, a criminal action or civil action or proceeding under this section may be commenced at any time within 5 years after the cause of action accrues; however, in a criminal proceeding under this section, the period of limitation does not run during any time when the defendant is continuously absent from this state or is without a reasonably ascertainable place of abode or work within this state, but in no case shall this extend the period of limitation otherwise applicable by more than 1 year.

**History.**—s. 1, ch. 87-382; s. 1, ch. 2013-208; s. 1, ch. 2024-129.

Disclaimer: The information on this system is unverified. The journals or printed bills of the respective chambers should be consulted for official purposes.

Copyright © 2000- 2026 State of Florida.