FILED - USDC - FLMD - ORL
OCT 9 2026 AM10:13

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. DEPPE
Plaintiff,

CASE NO.: 6:24-cv-2098-CEM-NWH

v.

JOHN C. VETTER, ET AL., (Individually)
Defendants.
___________________________________/

## PLAINTIFF'S MOTION FOR DISQUALIFICATION OF CARLOS MENDOZA PURSUANT TO 28 U.S.C. §455 FOR FRAUD UPON THE U.S. CONSTITUTION, ITS OMISSION IN ORDER [DOC. 336], BREACH OF CONTRACT, AND ON-GOING CRIMES, MAKING MENDOZA SUBJECT TO SUIT BY THE PLAINTIFF

This Motion is brought by the Plaintiff Dennis G. Deppe (Plaintiff) for Disqualification of Carlos Mendoza Pursuant to 28 U.S.C. §455 for Fraud Upon the U.S. Constitution, Its Omission in Order [Doc. 336], Breach of Contract, and On-Going Additional Crimes, Making Mendoza Subject to Suit by the Plaintiff.

## BACKGROUND

It is undisputed in this proceeding that the U.S. District Court of the Middle District of Florida (FLMD) judges of the Court have issued orders based on fraud. The FLMD judge Carlos Mendoza issued Order [Doc. 312] violates Mendoza's oath to the U.S. Constitution [Docs. 331, 334]. Mendoza issued the unlawful Order [Doc. 312] to grant judges immunity who were engaged in fraud and bribery schemes, asserting the judges had immunity to do so. As part of the fraud, the FLMD judges

systematically violated the Court's Local Rule 1.05(a) to use proceedings to throw cases to cover up perjury in the U.S. Patent and Trademark Office (USPTO) that were part of bribery alleged by defendants in this case [Doc. 205, 312].

In response to the motion for the FLMD judge Mendoza to disqualify and recuse from the Court of this case because of the fraud on the U.S. Constitution he committed in Order [Doc. 312] that granted judges immunity to engage in fraud schemes, Mendoz issued the Order [Doc. 336] denying the motion that omitted any reference to the fraud on the U.S. Constitution or the U.S. Constitution. Instead, Mendoza cited 11th Circuit case law and baldly asserted that Order [Doc. 312] that he has done nothing "pervasive in bias or prejudicial" against the Plaintiff.

It is clear why the Mendoza Order [Doc. 336] omits the fraud schemes and his unlawful actions in the Mendoza Order [Doc. 336]. When fraud on the U.S. Constitution and fraud upon the court by violating the Court's Local Rule 1.05(a), are stacked against "pervasive in bias or prejudicial," Mendoza is required to disqualify pursuant to 28 U.S.C. §455.

However, the judges' actions in the commission of fraud on the U.S. Constitution and the involvement of attorneys in the fraud from the U.S. Department of Justice (DOJ) are amplified in their pervasiveness in bias and prejudice to the Plaintiff, because opposing counsels in this case are unable to address the fraud the judges have committed on the U.S. Constitution. They do not want to violate their own oaths to the U.S. Constitution, and instead violate the

Court's Local Rule 3.01(g), "conferring on motions," because of Mendoza's fraud on the U.S. Constitution in the Mendoza Order [Doc. 312].

Mendoza's unlawful use of this proceeding have been further amplified by multiples of the counsels with additional unlawful acts directly against the Plaintiff in the proceeding. There is clear evidence that two of the counsels, Defendant Kuznia's counsel, Connor Egan, and Jeffrey Weiss's counsel, Frank Sheppard, have engaged in fraudulent misrepresentation against the Plaintiff while conferring pursuant to the Court's Local Rule 3.01(g).

Egan has admitted the misrepresentation of a material fact about a court order, but insisted his was unintentional. The emails provide clear evidence Egan's first misrepresentation of court orders was intentional as part of retaliation for the Plaintiff having filed the federal lawsuit, and that the second misrepresentation following the 10-month stay was also intentional. Egan admitted he had misrepresented a material fact about the court order, but insisted it was not intentional. Egan has already admitted in emails records therefore to negligent misrepresentation, in violation of the Court's Local Rule 3.01(g) and the Court's order on the docket, and the actual records show misrepresentation was intentional.

Weiss's counsel, Frank Sheppard, engaged in the fraudulent misrepresentation of the response [Doc. 333] in conferring pursuant to the Court's Local Rule 3.01(g). Email records show Sheppard engaged in the misrepresentation intentionally. The filing by Weiss and Sheppard is already

known to contain the intentional false statement used to induce Mendoza into Mendoza's further unlawful acts, [Doc. 342]. Therefore, Weiss is subject to default in this case pursuant to issued order on the docket, and Sheppard's unlawful acts against the Plaintiff make Sheppard also subject to suit by the Plaintiff. There is considerable evidence now from multiple proceeding that Weiss is performing as an agent in nearly continuous fraud schemes with corrupt judges, and Weiss is subject to suit by the Plaintiff, and disbarment for his participation in a long-standing pattern of organized government crimes.

Additional counsels have engaged in unlawful acts, and all counsel are unable to fulfil their responsibility to confer in good faith on motions as required by the Court's Local Rule 3.01(g) because of the fraud on the U.S. Constitution by Carlos Mendoza that they are unable to dispute or refute, because of their own oaths.

Yet another issue is the fraud on the U.S. Constitution in which the 11th Circuit judges engaged in FLMD Case No. 6:23-cv-1484, and their conspiracy in the commission of perjury in the USPTO through issuing 11th Circuit rulings that assert an attorney has immunity to commit crimes of perjury in the USPTO. Their fraud on the U.S. Constitution, breach of their contractual oaths to the U.S. Constitution, and conspiracy to commit perjury in the USPTO, make these individuals acting as 11th Circuit judges also subject to suit by the Plaintiff in a separate complaint.

**MEMORANDUM OF LAW**

The U.S. Constitution contractually binds judges by oath to the terms of their employment defined within the U.S. Constitution, and makes judges subject to suit for use of their judicial positions to commit unlawful acts.

28 U.S.C. §455(a) states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

The 11th Circuit has ruled that under 28 U.S.C. §455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned...," and "The standard is further whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christ v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

The Supreme Court has further ruled that the touchstone for recusal under 28 U.S.C. § 455(a) is "not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). And "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "any doubts must be resolved in favor of recusal." Id.

The Code of Conduct of U.S. Judges[1] further requires Carlos Mendoza's disqualification from the Court for the 10-month stay in this third proceeding that was used for stalking, assaults, batteries and property damage against the Plaintiff.

**ARGUMENT: THE U.S. CONSTITUTION AS MENDOZA'S CONTRACT AND 28 U.S.C. §455**

Carlos Mendoza argued in Order [Doc. 336] that his actions were not sufficiently against "pervasive in bias or prejudicial" for his disqualification. The facts contradict Mendoza's assertion is bald, and contradicted by the facts he omitted in [Doc. 336]. The Mendoza Order [Doc. 336] and the Weiss- Sheppard response [Doc. 333], contradict the bald assertion, and presents clear and convincing Mendoza issued yet another unlawful order in violation of one or more criminal statutes, including Fl. St. §914.22(1)(a).

**Mendoza Order [Doc. 312] and Basis for Disqualification:**

Acting as district judge of the Court, Carlos Mendoza issued the Mendoza Order [Doc. 312] and asserted that Wendy Berger, Julie Sneed, Embry Kidd, Elizabeth Warren, and Paetra Brownlee, be dismissed with prejudice from this lawsuit because they possessed judicial immunity according to 11th Circuit Appellate Court rulings.

The dismissal of these defendants uses the fraudulent assertions of immunity that violate the U.S. Constitution, and is now objected to. There is no

[1] See https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges

dispute among the many defendants' counsels, nor even by this Court, that the U.S. Constitution contractually requires these individuals to serve in their positions subject to suit for unlawful actions. There is no dispute by the many defendants' counsels that Mendoza and the other federal employees are subject to suit by the Plaintiff for damages and injuries they have caused him.

**Mendoza Order [Doc. 335] and Basis for Disqualification:**

The Mendoza Order [Doc. 312] stayed the proceeding in this lawsuit for 10-months under the guise that the Court needed to review the Third Amended Complaint for defects. Carlos Mendoza originally used the stay under the guise he needed to review the Third Amended Complaint for defects [Doc. 312]. Instead, during the 10-month stay was used to stalk, assault, batter, and cause property damage to the Plaintiff. The stay by Mendoza is pattern of criminal activities by the FLMD judges.

The use of the past stays for the similar actions were reported to the justices of the U.S. Supreme Court for FLMD Case 6:23-cv-1484, and the Florida Whistleblower lawsuit. The property damage is documented with other entities and tied to both proceedings. The Plaintiff intends to present the facts of these retaliatory acts that were used for harassment in a forthcoming federal complaint that names the individuals who now use this long-standing tactic through U.S. law enforcement to retaliate against those who file lawsuits against those in judicial positions.

Not a single counsel required to confer in good faith under the Court's Local Rule 3.01(g) disputes that Carlos Mendoza engaged in fraud on the U.S. Constitution in the Mendoza Order [Doc. 312], and is subject to suit for the fraud and contractual breach. Even Randy Harwell, who is under oath to the U.S. Constitution, has refused to dispute that Carlos Mendoza is subject to suit for his unlawful actions in this proceeding.

The Mendoza Order [Doc. 335] was issued after the 10-month stay, and only after, on September 22, 2026, Frank Sheppard, the counsel of defendant Jeffrey Weiss, filed the response [Doc. 333] that falsely stated to the Court that there were "pending motions to dismiss" for the Third Amended Complaint.

As the Plaintiff has already informed the Court, none of the defendants' counsels deny their oaths to the U.S. Constitution in conferring in good faith under the Court's Local Rule 3.01(g), or deny that Mendoza is subject to suit by the Plaintiff for Mendoza's unlawful acts that have damaged and injured the Plaintiff.

**Mendoza Order [Doc. 336] and Basis for Disqualification:**

The district judge Carlos Mendoza issued the Mendoza Order [Doc. 336] that omits Mendoza is under contractual obligation to the U.S. Constitution upon which Mendoza commits fraud. The text of the Mendoza Order [Doc. 336] is below:

**Docket Text:**

**ENDORSED ORDER denying [334] Motion to Disqualify. "A judge's rulings in the same or a related case may not serve as the basis for a recusal motion unless the movant demonstrates 'pervasive bias and prejudice.'" Hicks-Washington v. Hous. Auth. of the City of Ft. Lauderdale, No. 19-12094, 803 F. App'x 295, 303 (11th Cir. 2020) (quoting McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)). Plaintiff has not established**

**pervasive bias or prejudice or any other basis for recusal. See 28 U.S.C. § 144; 28 U.S.C. § 455(a). Signed by Judge Carlos E. Mendoza on 9/28/2026. (KMD)**

The Mendoza Order [Doc. 336] specifically omits and withholds the U.S. Constitution, omits any mention of the fraudulent Mendoza Order [Doc. 312], and baldly asserts there is nothing of "pervasive bias and prejudice" in committing fraud upon the U.S. Constitution, breaching his contractual terms set by oath to the U.S. Constitution, or setting the illegitimate 10-month stay under the guise he would review the Third Amended Complaint for defects. This is because Mendoza knows the stay was used to stalk, assault, and batter the Plaintiff, and cause the Plaintiff property damage, in retaliation for the current lawsuit.

By omitting the most important contract for Mendoza's judicial position, which is the U.S. Constitution to which he is bound, and instead coordinating with Jeffrey Weiss and Frank Sheppard and the other counsels to withhold this record from the proceeding, Carlos Mendoza has established the elements of the crimes in the proceeding in the Mendoza Order [Doc. 336] defined by Fl. St. §914.22(1)(a), to which the Plaintiff assumes Mendoza is now familiar.

Carlos Mendoza has entered the cascade of crimes that results from breaching the contractual terms set by the U.S. Constitution, and refusing to admit that he is contractually bound to adhere to the U.S. Constitution. As the many defendants' counsels cannot deny, the U.S. Constitution requires Carlos Mendoza to serve in his position fully liable to those who Mendoza causes damage by using

his judicial position to breach his contractual obligations pursuant to the U.S. Constitution.

**Action requested by the Court concerning Mendoza Order [Doc. 312], Mendoza Order [Doc. 335], and Mendoza Order [Doc. 336]:**

Carlos Mendoza, the individual, has caused damages to the Plaintiff. Mendoza with an illegitimate 10-month stay used to stalk, assault, batter, and cause property damage to the Plaintiff, breached his contractual oath to the U.S. Constitution, and committed fraud upon the U.S. Constitution in the Mendoza Orders [Doc. 312] and [Doc. 335]. Mendoza is subject to suit by the Plaintiff, for which even Mendoza does not deny, and Mendoza is required to disqualify from the Court pursuant to 28 U.S.C. §445.

The design of the U.S. Constitution does not allow the puppet judges of a psychopathic criminal syndicate that is pathological in its criminal behavior and induces violation of the contractual obligations set by the U.S. Constitution, or individuals who have been placed puppets in judicial positions to damage the U.S. and its citizens and cause constant war, taking from their own country, and crimes against their own country's citizens [Doc. 331]. This is what was intended by those who drafted and signed the U.S. Constitution, and is independent of whether the individual happens to be a judge of the FLMD, a judge of the 11th Circuit, or a justice of the Supreme Court.

The Plaintiff will be filing a number of motions based on the fraud scheme on the U.S. Constitution contractual breach that Mendoza and other judges employ

as they use stays of the federal court system to harass, stalk, assault, and batter parties of their cases who challenge their fraud. The evidence against Mendoza is clear and convincing, because he is so emboldened as a puppet judge that he placed the direct evidence of his acts on the Court's docket [Docs. 312, 335, 336].

There is clear and convincing evidence that the Mendoza Order [Doc. 336], and actions by Jeffrey Weiss and Frank Sheppard, violate Fl. St. §914.22(1)(a), and may violate Fl. St. §817.034 against organized wire fraud that uses the Court's electronic transmission system. This is the continuous cascade of crimes created by the Mendoza Order [Doc. 336], in refusing to accept the U.S. Constitution as his contract and breach of his contractual oath. Each new denial by Carlos Mendoza that omits the U.S. Constitution, his fraud, and his contract breaches, create the basis of a new crime in violation of Fl. St. §914.22(1)(a) and Fl. St. §817.034.

Any judge who asserts judicial immunity after served a complaint that attaches his or her contract to the U.S. Constitution, becomes legally liable for breach of contract and fraud on the U.S. Constitution, and violation of Fl. St. §944.22(1), and organized wire fraud pursuant to Fl. St. §817.034. The design of the U.S. Constitution forces the federal and state court systems to employ only those judges who intend to adhere to the U.S. Constitution and serve lawfully in their judicial positions. Therefore, the U.S. Constitution has the correct design to advance the U.S. as intended and true meritocracy.

Based on the same fraud upon the U.S. Constitution, the Plaintiff will move to amend the Third Amended Complaint and request the next judge of the Court's

identification of any defects, and to reinstate those defendants wrongly dismissed with prejudice in the Mendoza Order [Doc. 312] due to the same false assertions of immunities, that include Wendy Berger, Embry Kidd, Julie Sneed, Elizabeth Warren, and Paetra Brownlee.

These actions and the Constitution as Carlos Mendoza's contract make him liable to suit by the Plaintiff, and causes a conflict of interest for Mendoza because of Mendoza's unlawful acts, to remain as judge on the case. 28 U.S.C. §455(a) is clear and states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(a), the Constitution as his contract, and the Code of Conduct of U.S. Judges require Mendoza to disqualify from the Court due to the conflict of interest and his unlawful actions and orders in the proceeding.

**Plaintiff's Intended Motions for Disqualifications of Opposing Counsels and Defaults for Violations of Court's Local Rule 3.01(g):**

The actions by Carlos Mendoza in this proceeding have induced wide-spread violations by opposing counsels and pro-se defendants of the Court's Local Rule 3.01(g). Furthermore, Connor Egan has already admitted in emails he misrepresented material facts about one or more court orders. Egan insisted to the Plaintiff for more than three days in that Egan needed an extension to respond to a court order, knowing that the Plaintiff had not yet received from the court by mail. Once the Plaintiff did go to the courthouse to examine the order, it was not

an order to which Egan could even respond to, and the false conferring was for harassment.

Egan's defense is to the Plaintiff is that Egan did not intend to misrepresent those material facts about the court order. Egan admits he engaged in at least negligent misrepresentation, which makes Egan subject to suit for damages caused by his violation of the Court's Local Rule 3.01(g). The four days over which Egan conferred while he refused to send the Plaintiff the order, provide clear and convincing evidence that Egan's actions were intentional and constitute fraudulent misrepresentation. Egan violated the Court's Local Rule 3.01(g) a second times, misrepresenting and falsifying a material fact about one of the claims in the Third Amended Complaint. Egan engaged in his actions repeatedly of the same false statements, and evidence shows possible violation of Fl. St. §914.22(1)(a).

Carlos Mendoza induced this behavior because of Mendoza's own unlawful actions and breach of his contract set by oath to the U.S. Constitution. Mendoza's actions have caused opposing counsels to conspire in an illegitimate 10-month stay, in which they indirectly admit knowledge that the Plaintiff was stalked, assaulted, battered, and suffered property damage.

The consequence of Mendoza's unlawful behavior are both "pervasive in bias and prejudicial" against the Plaintiff, and the Plaintiff now has claims against Mendoza and the opposing counsel. Motions will be filed to disqualify Egan and default his client, pursuant to the egregious violations of the Court's Local Rule

1.05(a), and Egan's participation in the same type of stay during a court proceeding in which his own client, Charles Kuznia, also participated.

The evidence in email records against Frank Sheppard appears insurmountable that Sheppard engaged in fraudulent misrepresentation concerning the response he filed for his client, [Doc. 333]. In conferring under the Court's Local Rule 3.01(g), Sheppard was forced to engage in fraudulent misrepresentation about a material fact of the response he filed for his client, Jeffrey Weiss, because the response in [Doc. 333] falsely stated a material fact about the Mendoza Order [Doc. 312]. There is clear evidence Sheppard and Weiss violated Fl. St. §914.22(1)(a). Sheppard did not dispute that Weiss has demonstrated a pattern of falsely stating material facts in proceedings, and Sheppard is subject to disqualification and Weiss subject to default to the Plaintiff pursuant to the Court's order on the docket, for the pattern of unlawful acts, and conspiring with his counsel in unlawful violations of the Court's Local Rule 3.01(g).

The defendants of the DOJ attorney Randy Harwell, Robert Sniffen, state actors linked to the Florida governor's office, and others, are subject to similar motions that continue the pattern, and aren't discussed further in this Motion.

## CONCLUSION

Carlos Mendoza has committed fraud on the U.S. Constitution, and there is clear and convincing evidence he has used the FLMD judicial position in commissions of crimes in this proceeding, including Fl. St. §914.22(1)(a), as part of that fraud. Mendoza is now in the cascade of crimes because of how he has been

used as a puppet judge. Mendoza's actions are "pervasive in bias and prejudicial" to the Plaintiff, and to the U.S. as a country, because Mendoza refuses to obey law under the guise that he is allowed to use his judicial position to commit unlawful acts that damage citizens and his own country.

Mendoza is in the cascade of crimes created by those judicial officials who breach their contracts and commit fraud on the U.S. Constitution, and is required to disqualify from this Court pursuant to 28 U.S.C. §455 and the Code of Conduct of U.S. Judges require Mendoza's disqualification from the Court.

**RULE 3.01(g) CERTIFICATION OF COMPLIANCE**

The Plaintiff certifies that, prior to filing this Motion, he conferred with defendants' counsels and pro se defendants in good faith, and most opposed this Motion.

Respectfully submitted this day of 9th day of October, 2026.

/s/ Dennis G. Deppe
DENNIS G. DEPPE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October, 2026, I filed the above document through the U.S. District Court of the Middle District – Orlando, which will provide electronic service to self-represented defendants and defendants'

counsels, and the Plaintiff will provide separate electronic service to defendants Robin Foret, at rforet@texaslaborlaw@icloud.com, and Linda Coco, at aas27725696@gmail.com.

/s/ Dennis G. Deppe
DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com