FILED - USDC - FLMD - ORL NOV 6 2025 AM9:25

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. DEPPE
Plaintiff, CASE NO.: 6:24-cv-2098-CEM-NWH
v.

JOHN C. VETTER, ET AL., (Individually)
Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO COURT ORDERS [DOC. 312] AND [DOC. 348], RULES 60(b)(1), (3) OF THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 201 OF THE FEDERAL RULES OF EVIDENCE, AND MENDOZA'S REFUSAL TO ACCEPT THE U.S. CONSTITUTION AS HIS CONTRACT**

This Motion is brought by the Plaintiff Dennis G. Deppe (Plaintiff) for Relief Pursuant to Court Orders [Doc. 312] and [Doc. 348], Rule 60(b)(1), (3) of the Rules of Civil Procedure, and Rule 201 of the Federal Rules of Evidence.

This Motion deals with Rule 60(b)(1), (3) and defendants Berger, Sneed, Warren, Kidd, and Brownlee concerning a long-standing fraud scheme involving judicial immunity, Mendoza's requirement to judicially notice the U.S. Constitution as his contract pursuant to Rule 201 of the Federal Rules of evidence, disqualification, and evidence of crimes with Defendant Weiss in [Doc. 347].

A second motion will follow pursuant to Rule 60(b)(1), (3) to show that Mendoza used false assertions about the Third Amended Complaint in order of [Doc. 348] as a shotgun pleading that came immediately after [Doc. 347].

## BACKGROUND

The U.S. Constitution required Carlos Mendoza to take an oath that presumably Mendoza took to become a federal judge. A short video cited in the footnote below explains that Mendoza's oath to the U.S. Constitution forms a binding contract.[1] Mendoza does not acknowledge that his oath to the U.S. Constitution forms a binding contract, and refused to judicially notice the U.S. Constitution as his contract as an adjudicative fact in this proceeding, [Doc. 337].

Mendoza was required to judicially notice the U.S. Constitution as his contract bound by oath in response to the request in [Doc. 332], pursuant to Rule 201 of the Federal Rules of Evidence as his contract, and to compare the terms set by his oath to the U.S. Constitution with his order, [Doc. 312]. The U.S. Constitution is controlling law on judicial immunity.

Instead, Mendoza argued that 11th Circuit case law gave him judicial immunity. However, the 11th Circuit case law cited by Mendoza in [Doc. 312] tracks back to Stephen Field and Field's king argument in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher* 80 U.S. 335 (1872). *Bradley v. Fisher* 80 U.S. 335 (1872) is attached in **Exhibit A**. Field claims he can only be bound by the word of a king and not his oath to the U.S. Constitution. Field used a clear fraud scheme to deny his oath to the U.S. Constitution. The U.S. Constitution was constructed to operate without a king.

---

[1] See also the short video that explains how oath to the U.S. Constitution forms a binding contract at https://www.youtube.com/watch?v=6-lmr6I2GAs.

All 11th Circuit case law Mendoza cites in [Doc. 312] and [Doc. 348] are daisy chained back to Stephen Field in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher* 80 U.S. 335 (1872). Mendoza uses the 11th Circuit ruling in *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) in [Doc. 312] and [Doc. 348] that is shown below [Doc. 312, pg. 7]:

> Plaintiff first objects to the R&R's conclusion that the judicial Defendants and Clerk Warren are entitled to immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Dixon v. Abruzzo*, No. 23-12277, 2024 WL 4132504, at *1 (11th Cir. Sept. 10, 2024) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Similarly, "[n]on-judicial officials are

Below is the text from *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), that uses *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) to assert judicial immunity:

> Plaintiffs also challenge the district court's grant of absolute immunity from plaintiffs' claims of injunctive relief to the defendant judges. Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. See Stump, 435 U.S. at 356, 98 S.Ct. 1099.

And below is the text from *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), that uses Stephen Field's arguments from *Bradley v. Fisher*, 80 U.S. 335 (1872), to assert judicial immunity:

**(a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but, rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction,"** ***Bradley v. Fisher,*** **13 Wall. 335, 80 U. S. 351. Pp. 435 U. S. 355-357.**

By the time the opinion was delivered by Stephen Field in *Bradley v. Fisher*, 80 U.S. 335 (1872), **Exhibit A**, Field had already ruled that an oath forms a binding contract for an attorney in *Randall v. Brigham* 74 U.S. 523 (1868). Yet Field uses nonsensical king arguments that he and other judges can only be bound in their acts by a king. Field used the king arguments in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872) and admits he will not be bound by oath to the terms set by the U.S. Constitution.

Carlos Mendoza now uses Stephen Field's argument for judicial immunity from *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872), obscured through asserting 11th Circuit case law in [Doc. 312] and [Doc. 348], that is instead due to Stephen Field. Stephen Field refuses to acknowledge that he can be bound by oath to the U.S. Constitution, as Mendoza has also done. Mendoza asserted confusion to deny his oath about his contractual obligations set by the U.S. Constitution, [Doc. 337], [Doc. 348].

Below are the dissenting opinions from the justices David Davis and Nathan Clifford on the same U.S. Supreme Court from *Bradley v. Fisher*, 80 U.S. 335 (1872). The dissenting opinions from Davis and Clifford below, like those of the U.S. Supreme Court justice John Paul Stevens in *Mireless v. Waco*, 502 U.S. 9 (1991), are consistent with how the U.S. Constitution sets immunity to those who take its oath. Judges are not allowed to use their judicial positions as part of court

proceedings to issue unlawful orders or commit crimes, or malicious acts against litigants.

## DISSENTING OPINION

**Mr. Justice DAVIS, with whom concurred Mr. Justice CLIFFORD, dissenting.**

I agree that judicial officers are exempt from responsibility in a civil action for all their judicial acts in respect to matters of controversy within their jurisdiction. I agree, further, that judges of superior or general authority are equally exempt from liability, even when they have exceeded their jurisdiction, unless the acts complained of were done maliciously or corruptly. But I dissent from the rule laid down by the majority of the court, that a judge is exempt from liability in a case like the present, where it is alleged not only that his proceeding was in excess of jurisdiction, but that he acted maliciously and corruptly. If he did so, he is, in my opinion, subject to suit the same as a private person would be under like circumstances.

I also dissent from the opinion of the majority of the court for the reason that it discusses the merits of the controversy, which, in the state of the record, I do not consider open for examination.

The evidence against defendants Berger, Kidd, and Sneed, is beyond reasonable doubt that they used systematic violations of the Court's Local Rule 1.05(a) to throw cases as part of a court scheme with the U.S. Department of Justice (DOJ) and Jeffrey Weiss. The violations by judges of the Court's Local Rule 1.05(a) were admitted by defendant John Bustamante, and used for intimidation. The three judges were so brazen in violating the Court's Local Rule 1.05(a) that court records now prove their judicial fraud with statistical probability greater than 99.96 %, [Doc. 101]. The judges committed fraud on the Plaintiff with violations of the Court's Local Rule 1.05(a) to throw cases for three cases in a row, [Doc. 101].

The Plaintiff has been stalked, assaulted, and battered involving the DOJ using stays in three different cases, beginning in the Florida whistleblower case by Brownlee that was operated without a judge. Mendoza has falsified information

from the Third Amended Complaint about these stays in order [Doc. 348] that will be explained in the next motion.

Carlos Mendoza is running from the U.S. Constitution in [Doc. 312] and [Doc. 348], but the legal framework of the U.S. Constitution does not permit Mendoza's escape through lawful means. There is clear evidence that Mendoza was taught and trained to deny his oath to the U.S. Constitution, [Doc. 331], and to use 11th Circuit case law to cover up the fact that judicial immunity came from improper king arguments by Stephen Field from *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872). Mendoza tried to escape from his contract under the U.S. Constitution by asserting in [Doc. 348] that he is too confused to understand that his oath to the U.S. Constitution is contractually binding, and that the U.S. Constitution is his contract.

Rule 201 of the Federal Rules of Evidence require Mendoza to judicially notice the U.S. Constitution as his contract as an adjudicative fact in this case, [Doc. 332]. Mendoza is contractually obligated by oath to treat the U.S. Constitution as his contract and as an adjudicative fact in this proceeding, and explain the contractual terms set by his oath to the U.S. Constitution regarding judicial immunity as was done by the Plaintiff in [Doc. 331].

**MEMORANDUM OF LAW**

Rule 60(b)(1), (3) of the Federal Rules of Evidence allow a relief from a judgement for the reasons of (1) mistake, inadvertence, surprise, or excusable

neglect; and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

The U.S. Constitution contractually binds judges by oath to the terms of their employment defined within the U.S. Constitution, and makes judges subject to suit for use of their judicial positions to commit unlawful acts.

28 U.S.C. §455(a) states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(b) states that "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ..."

The 11th Circuit has ruled that under 28 U.S.C. §455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned...," and "The standard is further whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christ v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

The Supreme Court has further ruled that the touchstone for recusal under 28 U.S.C. § 455(a) is "not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). And "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Patti*, 337 F.3d 1317, 1321 (11th

Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "any doubts must be resolved in favor of recusal." Id.

The Code of Conduct of U.S. Judges is also relevant and discussed below.

## ARGUMENT

Stephen Field argued from *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872) that his work was too important to be held accountable to any laws such as the U.S. Constitution. If one asks what Stephen Field's work actually was, it turns out it was analyzing and ruling on issues of law.

When Stephen Field argued he could only be held accountable to a king, Field was not referring to unintentional mistakes made in ruling on issues of law, or unintentional mistakes that may arise from ruling on issues of law outside jurisdiction. These unintentional mistakes by a judge are not unlawful and handled through the appeal process. Field's work was in that appeal process.

Field's argument instead from *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872) was that judges needed immunity to use judicial proceeding to commit crimes and malicious unlawful acts intentionally against litigants.

Carlos Mendoza's arguments in [Doc. 312] are in fact shown to be rulings from the 11th Circuit daisy-chained to obscure that they are the king arguments from Stephen Field in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872).

Mendoza adds the caveat in his order, [Doc. 348], that he is too confused to understand why his oath to the U.S. Constitution forms a contract, and what that contract means. How did that happen?

Mendoza's own actions provide evidence he is a parasite placed into the court system by the DOJ, as defined by the Revised Hare Checklist,[2] or he would not deny his oath to the U.S. Constitution, and it would understand its contractual terms. Therefore, the understanding from modern science of the psychopathic brain structure is important to understand how this occurs. Figure 1 is from [Doc. 331] and presents a model of the puppet process that is realistic in numbers of attorneys and judges available to participate in organized government crime with the DOJ. Only a small fraction are required to exert control of the court systems.




**Figure 1.** Schematic diagram that shows how attorneys who possess psychopathic brain structures can be selected from the ~1.4 M of active U.S. attorneys, along with a second group of attorneys who possess non-psychopathic brain structures but easily induced to commit crimes.

[2] https://criminologyweb.com/wp-content/uploads/2019/12/Hare-Psychopathy-Checklist-Revised-PCLR.pdf.

Mendoza could be feigning confusion, truly confused through intentional improper training that he is contractually bound to the U.S. Constitution by oath, or a combination of both. Mendoza could have been selected by the DOJ because he possesses the psychopathic brain structure, or could have been selected because he is of relatively lower intellect compared to many other attorneys, and thus more trainable and induced into unlawful actions.

Modern science now provides the mechanism for the U.S. government to prevent the psychopathic brain structure from entering the judicial employment through physical exam and brain imaging.[3] The employment laws are already set up to allow such screening for judges to occur, to the betterment of society. This is why the founding forefathers developed and signed the U.S. Constitution designed as a true meritocracy.

The evidence in this Motion is beyond reasonable doubt that Mendoza made mistake regarding the U.S. Constitution as his contract, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, and that Mendoza is contractually bound by oath to the U.S. Constitution. Mendoza made the separate mistake required by Rule 201 of the Federal Rules of Evidence to treat the U.S. Constitution as an adjudicative fact. Mendoza was required to compare the contractual terms set by his oath to the U.S. Constitution to assertions of judicial immunity he placed in

[3] See for example, https://www.med.wisc.edu/news/psychopaths-brains-differences-structure-function/; https://www.sciencedaily.com/releases/2026/05/260510030946.htm

[Doc. 312] and [Doc. 348], since the U.S. Constitution as Mendoza's contract is controlling law.

The evidence of fraud by defendants in this proceeding pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, which has been presented many times and accepted as beyond reasonable doubt, and part of the issue with the Mendoza orders [Doc. 312] and [Doc. 348], is that defendants Berger, Kidd, Sneed, and Warren committed fraud as part of the proceeding, through fraud on the court, with repeated and intentional violations of the Court's Local Rule 1.05(a), [Doc. 101].

The evidence of fraud and crimes by Weiss with Mendoza in the proceeding pursuant Rule 60(b)(3) of the Federal Rules of Civil Procedure, has been presented in [Doc. 347] and is beyond reasonable doubt, regarding defendant Weiss. Weiss used the intentional false statement about order [Doc. 312] in response, [Doc. 333], **Exhibit B** with the false statements underlined in red and shown below:

> 1. This Court entered a stay pending ruling on the outstanding Motions to Dismiss filed by the multiple Defendants in this case. See this Court's Order dated October 22, 2025 [Doc. 312]. As a result, Defendant believes that Plaintiff's Motion for Judicial Notice of Adjudicative Facts and Amended Motion for Judicial Notice of Adjudicative Facts were inappropriately filed by Plaintiff and are due to be denied by the Court without response by the Defendants. Nevertheless, in an

The first statement shown underlined above about [Doc. 312] is false, [Doc. 347], and there were no outstanding motions to dismiss that had been filed by defendants. The second statement is an intentional misrepresentation of Rule 201 of the Federal Rules of Civil Procedure on which the motion for judicial notice was

filed, that was not even accepted by the Court [Doc. 337]. In fact, Weiss has used the similar fraudulent misrepresentation about Rule 201 of the Federal Rules of Evidence in a different proceeding.[4]

Weiss' counsel, Frank Sheppard, makes no denials that Weiss has a pattern of making false and misleading statements defined under criminal statutes, Fl. St. §914.21(2) as misleading behavior. Sheppard was forced to use similar misleading behavior to cover up Weiss' false statement in [Doc. 333], and misrepresented Rule 201 of the Federal Rules of Evidence, shown below underlined. Rule 201 of the Federal Rules of Evidence allows judicial notice at any stage in a proceeding.

Gmail — Dennis Deppe <dennisdeppe01@gmail.com>

**Confer on Case 6:24cv2098 Motion for Judicial Disqualification**

**Sheppard, Frank <fsheppard@rumberger.com>** — Wed, Sep 23, 2026 at 8:02 AM
To: Dennis Deppe <dennisdeppe01@gmail.com>

Dr. Deppe,

I believe the case is stayed such that evidentiary motions are procedurally inappropriate. I think your immunity arguments, to the extent I understand them, are legal arguments and not facts which would otherwise be the subject of judicial notice.

While I'm conferring with you. I do not think you have asserted sufficient legal grounds for recusal and we oppose your motion to recuse Judge Mendoza.

I'm heading to the airport now and will be out of the office till Monday. If you feel it important to discuss matters over the phone, I will not be available to do so until Monday.

Frank
Sent from my iPhone

**Francis H. Sheppard**
Attorney at Law
fsheppard@rumberger.com | View my online bio

**Rumberger | Kirk**
300 South Orange Avenue — DIRECT 407.839.4541
Suite 1400 — MAIN 407.872.7300
Orlando, FL 32801

The actions by Weiss and Sheppard were part of a scheme in which the FLMD judge Mendoza issued a stay as part of [Doc. 312], under the guise that Mendoza needed to review the Third Amended Complaint to make sure defects of a prior complaint had been corrected. Instead, the stay implemented by Mendoza

[4] Court filings to be presented elsewhere related to FLMD Case No. 6:23-cv-1484.

was illegitimate and lasted 10-months, and repeated the scheme of stays being used in prior proceedings involving the DOJ that were used for stalking, assaults, and batteries of the Plaintiff, [Doc. 347], that was reported in filings and carried out by FLMD judges Julie Sneed and Embry Kidd, in FLMD Case No. 6:23-cv-1484, and are also detailed in the Third Amended Complaint for the Florida whistleblower case.

The Plaintiff has legitimate claims against Mendoza because of these continued crimes with defendant Weiss. Numerous U.S. Supreme Court justices agree that a judge who intentionally commits unlawful acts against a litigant, is subject to suit by that litigant. The Plaintiff's assertion that he has a constitution right to sue the judges who have used proceedings to unlawfully cause the Plaintiff injuries comes from the U.S. Constitution, and Mendoza's assertion that the Plaintiff does not comes from the fraud scheme by Stephen Field in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872). The Plaintiff argues controlling law with the U.S. Constitution as Mendoza's contract, and Mendoza argues fraud on the U.S. Constitution from 11th Circuit judges.

**Eleventh Circuit Rulings on Judicial Immunity and Disqualification of Eleventh Circuit Judges**

We have more than fifteen opposing counsels who watched Carlos Mendoza run and hide from the U.S. Constitution in this proceeding, because he knows that the U.S. Constitution is controlling law and provides citizens the right to sue judges for intentional unlawful acts in proceedings. They watched Mendoza lie about the

Third Amended Complaint in order to ask his brothers and sisters in the Eleventh Circuit for help, because he had been caught in a bigger lie. Carlos Mendoza has been trained to hate and despise the U.S. Constitution because of its legal design, which is to force a meritocracy.

The reason is clear as to why the Eleventh Circuit judges buried their fraudulent claims of judicial immunity in a shell game that hid the fact that they were using Stephen Field's opinion in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872). Field wrote a silly diatribe about how special he was and how the U.S. had the wrong legal system. Field's silly diatribe about kings was to bury, albeit only slightly, that Field had taken an oath to the U.S. Constitution and was contractually bound to those terms.

The Eleventh Circuit judges, with some likely psychopathic attorneys, some induced into puppet-hood for the criminal syndicate, and some who don't want any part of the organized government crime that the DOJ is running through their court but feel helpless to stop it, are of little lawful help to Mendoza and his ilk of judges from the FLMD obsessed with using proceedings to commit fraud.

Mendoza's brothers and sisters on the Eleventh Circuit have so much fraud, including on judicial immunity, that they are also subject to suit by the Plaintiff under the U.S. Constitution, unless they provide legal analysis to prove otherwise. Furthermore, once Florida attorneys know that victims of the Epstein crimes have a right directly from the U.S. Constitution to sue judges for criminal acts and

participating in crimes, these Eleventh Circuit judges could well have bigger issues with what they did on the Epstein crimes that operated with the DOJ in Florida.

As John Paul Stevens said in *Mireles v. Waco*, the U.S. Constitution is a contract that already defines the terms of judicial immunity. Judges who misuse their judicial positions in intentional unlawful acts that damage someone in a proceeding are subject to suit. The U.S. Constitution is contract law and the governing laws of the U.S., and nearly every attorney has the legal skills to analyze it once taught that.

The U.S. Constitution constitutes a contract to judges, and issuing immunity to defendant Sovinski to commit crimes of perjury is in itself a serious crime. The fact that the DOJ attorney from Tampa, Randy Harwell, watched the crimes make him negligent, as he took an oath to uphold the U.S. Constitution. The Plaintiff will file motions to disqualify the Eleventh Circuit judges based on lies about the U.S. Constitution that serves as their employment contract with the U.S. government, fraud on the §1983, and false assertions that defendant Sovinski possesses immunity to commit perjury in the USPTO. The Plaintiff will assert in the motions filed into the Eleventh Circuit, that for all involved and in equitable interest of justice, the appeal should go through a separate appellate court different than the Eleventh Circuit.

## RELIEF SOUGHT

The proceeding records show mistakes and fraud pursuant to Rule 60(b)(1), (3) of the Federal Rules of Civil Procedure that require the judgement of [Doc. 348]

be set aside, that Carlos Mendoza disqualify from the Court for participation in fraud and crimes, and refusal to accept the U.S. Constitution as his contract by oath to examine the terms under which he served. Mendoza's refusal to accept the U.S. Constitution as his contract and as an adjudicative fact pursuant to judicial immunity relative to the defendants Berger, Kidd, Sneed, and Brownlee, requires Mendoza's disqualification pursuant to 28 U.S.C. §455(b)(1).

The 11th Circuit case law cited in [Doc. 312] and [Doc. 348] track back to fraud by Stephen Field on the U.S. Supreme Court, who denied his contractual oath to the U.S. Constitution in *Randall v. Brigham* 74 U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1872), using the king argument. Therefore, Mendoza was required to analyze the U.S. Constitution as Mendoza's contract and as controlling law, as was done by the Plaintiff in [Doc. 331], and compare assertions of judicial immunity with terms set by oath to the U.S. Constitution.

The evidence of fraud, misrepresentation, and misconduct by opposing parties pursuant to Rule 60(b)(3) are justly addressed by defaults of at least defendants Weiss, Berger, Kidd, Warren, Sovinski and Shtrom.

**RULE 3.01(g) CERTIFICATION OF COMPLIANCE**

The Plaintiff certifies that, prior to filing this Motion, he conferred with all counsel and self-represented defendants in good faith who took no position on the Motion.

Respectfully submitted this day of 6th day of November, 2026.

/s/ Dennis G. Deppe

DENNIS G. DEPPE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2026, I filed the above document through the U.S. District Court of the Middle District – Orlando, which will provide electronic service to self-represented defendants and defendants' counsels, and the Plaintiff will provide separate electronic service to defendants Robin Foret, at rforet@texaslaborlaw@icloud.com, and Linda Coco, at aas27725696@gmail.com.

/s/ Dennis G. Deppe

DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com