UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

Plaintiff,

v. Case Number: 6:24-cv-2098- CEM-UAM

JOHN C. VETTER ET AL., (Individually)

Defendants.
_______________________________________/

**DEFENDANT, JEFFREY WEISS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO COURT ORDERS 312 AND 348**

Defendant, Jeffrey Weiss, responds in opposition to Plaintiff's Motion for Relief Pursuant to Court Orders Doc. 312 and Doc. 348, Rules 60(b)(1), (3) of the Federal Rules of Civil Procedure, Rule 201 of the Federal Rules of Evidence, and Mendoza's Refusal to Accept the U.S. Constitution as his Contract.

## I. INTRODUCTION

Following the Court's *sua sponte* review of Plaintiff's Third Amended Complaint (*see* Doc. 312), this Court dismissed the Third Amended Complaint with prejudice, finding that the 801-page Third Amended Complaint was a shotgun pleading [Doc. 348]. Plaintiff's Motion for Relief asks the Court to set aside that judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3), disqualify

the presiding judge, and enter "defaults" against Defendant Weiss and others. The Motion is unhinged[1] and unsupported by fact or law—it does not identify any error in the Court's shotgun-pleading analysis and does not point to any legal grounds on which relief under Rule 60(b) would be justified.

## II. ARGUMENTS AND AUTHORITY

Although Rule 60(b)(1) can reach judicial errors of law, the movant must identify such an error lying in the judgment. *Kemp v. United States*, 596 U.S. 528, 539 (2022). Here, Plaintiff has not identified any legal mistake in the Court's Order that would require reconsideration of the Court's Order dismissing the Third Amended Complaint. Plaintiff simply rehashes previously raised (and previously rejected) arguments relating to judicial immunity and constitutional oaths. The Motion says nothing which changes the basis for the final judgment: Plaintiff's repeated failure to cure his shotgun pleading. Because the Motion does not address the grounds on which judgment was entered, Rule 60(b)(1) provides no relief.

Moreover, Plaintiff is not entitled to relief under Rule 60(b)(3). Under Rule 60(b)(3), the movant must prove by clear and convincing evidence that an adverse party obtained the judgment through fraud, misrepresentation, or other misconduct

[1] Plaintiff baselessly alleges that the judicial system is replete with psychopaths who participate in organized government crime and suggests that the Honorable Judge Carlos Mendoza is one such "parasite" placed into the court system. [Doc. 350 at 9]. Plaintiff further alleges Judge Mendoza, Defendant Jeffrey Weiss, and Mr. Weiss' counsel conspired in a criminal scheme to stay this proceeding "under the guise that [the Honorable Judge] Mendoza needed to review the Third Amended Complaint to make sure defects of a prior complaint had been corrected." [Doc. 350 at 12]. Plaintiff does not contest that the Third Amended Complaint failed to correct the defects which were fatal to the Second Amended Complaint.

and that such fraud/misconduct prevented the party from fully presenting his case. *Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019). As to Defendant Weiss, Plaintiff fails to identify any statement, filing, or act by Weiss that was false or fraudulent, and provides no explanation as to how any conduct by Weiss prevented him from presenting his case. Indeed, Plaintiff has now had four opportunities to plead his claims. As such, there are no allegations by Plaintiff which would entitle him to relief under Rule 60(b)(3).

The remainder of the relief requested in Plaintiff's Motion is completely unsupported by the record and devoid of legal grounds, and therefore, should be denied.

## III. CONCLUSION

Plaintiff has not shown any mistake under Rule 60(b)(1) or any fraud, misrepresentation, or misconduct under Rule 60(b)(3). As such, Defendant Jeffrey Weiss respectfully requests that the Court deny Plaintiff's Motion for Relief [Doc. 350] in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed with the Clerk of Court via the CM/ECF e-filing system, which provides notice to all counsel and parties of record, this 20th day of November, 2026.

s/ *Hannah L. Steele*
FRANCIS H. SHEPPARD
Florida Bar No.: 0442290
E-mail: fsheppard@rumberger.com (primary)
docketingorlando@rumberger.com
fsheppardsecy@rumberger.com (secondary)
HANNAH L. STEELE
Florida Bar No.: 1048734
Email: hsteele@rumberger.com (primary)
docketingorlando@rumberger.com
hsteelesecy@rumberger.com (secondary)
Rumberger, Kirk, & Caldwell, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133
Attorneys for Defendant, Jeffrey S. Weiss