NOV 24 2026 AM10:54
FILED - USDC - FLMD - ORL

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. DEPPE
Plaintiff,                                        CASE NO.: 6:24-cv-2098-CEM-NWH
v.

JOHN C. VETTER, ET AL., (Individually)
Defendants.
_______________________________________/

**PLAINTIFF'S SECOND MOTION FOR RELIEF PURSUANT TO [DOC. 348], RULES 60(b)(1), (3) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND RULE 201 OF THE FEDERAL RULES OF EVIDENCE, FOR MALICIOUS MISTAKE AND FRAUD IN DISMISSAL OF THE THIRD AMENDED COMPLAINT**

This Motion is brought by the Plaintiff Dennis G. Deppe (Plaintiff) for Relief Pursuant to Court Orders [Doc. 312] and [Doc. 348], Rule 60(b)(1), (3) of the Rules of Civil Procedure, and Rule 201 of the Federal Rules of Evidence for Malicious Mistake. The defendant Jeffrey Weiss is using continuous fraud and false statements in court filings in the proceeding, see [Doc. 333], [Doc. 351].

The evidence in this proceeding is that [Doc. 348] was issued by the district judge, Mendoza, trying to end the case, because of the fraud scheme that is now apparent by the U.S. Supreme Court justice Stephen Field in *Bradley v. Fisher* 80 U.S. 335 (1872) concerning judicial immunity, [Doc. 331]. Court records show [Doc. 348] was not issued because the Third Amended Complaint is a shotgun pleading.

Mendoza issued two orders, [Doc. 335] and [Doc. 348], one month apart, that contradict each other about the Third Amended Complaint because of judicial immunity. Mendoza therefore already admits that one of these is a mistake. Mendoza was caught in fraud and crimes with defendant Weiss in the proceeding, [Doc. 347]. One day after receiving [Doc. 347], Mendoza issued [Doc. 348], incorrectly dismissing the Third Amended Complaint as a shotgun pleading.

The actual contractual terms of the U.S. Constitution concerning judicial immunity were analyzed in [Doc. 331], and the Court was required to judicially notice these in [Doc. 332], which Mendoza refused, [Doc. 337]. It is undisputed in this proceeding, even by Jeffrey Weiss and his counsel in [Doc. 333], that the Court **must** judicially notice the oath to the U.S. Constitution as contractually binding pursuant to Rule 201 of the Federal Rules of Evidence, as requested in [Doc. 332], and compare those terms with *Bradley v. Fisher* 80 U.S. 335 (1872) as the Plaintiff did in [Doc. 331].

Any judgement in this case has a legal avenue to eventually be overturned in a separate proceeding through Rule 60(d)(1), (3), for fraud upon the court that involving the U.S. Constitution, and the separate fraud on the court involving the judges' violations of the Court's Local Rule 1.05(a). This Motion therefore first addresses the relief sought pursuant to Rule 60(b)(1), (3) of the Federal Rules of Civil Procedure.

## BACKGROUND

## I. Mendoza made mistake on judicial immunity, *Bradley v. Fisher* 80 U.S. 335 (1872), and [Doc. 332] that requires the Court to judicially notice the U.S. Constitution as Mendoza's contract, that now impacts the Third Amended Complaint and the judgement in [Doc. 348].

The district judge, Carlos Mendoza, has been caught in fraud involving judicial immunity from *Bradley v. Fisher* 80 U.S. 335 (1872), [Doc. 331], and in use of this FLMD proceeding in fraud and crimes with the attorney and defendant, Jeffrey Weiss.[1] Mendoza and his colleagues who are judges with the U.S. District Court of the Middle District of Florida (FLMD) have been caught in a massive fraud scheme including numerous judges who systematically violate the Court's Local Rule 1.05(a) to take control of cases, [Doc. 101].

Mendoza is now in a "shoving match" with his oath to the U.S. Constitution, to which Mendoza and the other judges are contractually bound by oath, [Doc. 332], [Doc. 337]. These contract terms defined by the U.S. Constitution itself resolve the dispute of judicial immunity being asserted by Mendoza, [Doc. 312], [Doc. 348], and whether the judges possess judicial immunity to use court proceedings to commit malicious acts against litigants as Mendoza alleges for himself and other judges.

The Plaintiff did analyze those contractual terms of a judge set by oath to the U.S. Constitution in [Doc. 331], and that analysis is shown in **Exhibit A.** The

---

[1] Mendoza's orders and judgement, [Doc. 312], [Doc. 348], obscure the fact that 11th Circuit rulings are strictly based on opinions from the Freemason justice Stephen Field in from *Bradley v. Fisher* 80 U.S. 335 (1872). [Doc. 350] shows the 11th Circuit rulings in fact are "daisy-chained" back to Stephen Field's opinion in *Bradley v. Fisher* 80 U.S. 335 (1872).

analysis show that it is the ***dissenting*** opinions of U.S. Supreme Court justices David Davis and Nathan Clifford in *Bradley v. Fisher* 80 U.S. 335 (1872) that agree with the U.S. Constitution, and that judges do not possess judicial immunity to use court proceedings to commit malicious acts against litigants [Doc. 331].

There are more than fifteen opposing counsels who have watched Mendoza get into a shoving match with the U.S. Constitution over Mendoza's contractual oath to that U.S. Constitution, [Doc. 332], [Doc. 337], and watched Mendoza refuse to accept that the Court is required to judicially notice that Mendoza and other judges serve under contractual oath to the U.S. Constitution, [Doc. 337].

The U.S. Constitution is attached to this Motion in **Exhibit B**. Mendoza is required by his oath and Rule 201 of the Federal Rules of Evidence to judicially notice the U.S. Constitution as his contract, and analyze those contract terms to determine what controlling law defines concerning the use by judges of court proceedings to commit malicious acts against litigants. Yet Mendoza refuses.

There is no dispute by any of the fifteen or more attorneys who serve as opposing counsels, that Mendoza is contractually bound by oath to the U.S. Constitution, and that the Court ***must*** (***shall***) judicially notice the U.S. Constitution as his contract and adjudicative fact in this case to analyze those terms, as required by Rule 201 of the Federal Rules of Evidence, [Doc. 332].

The opinions of the U.S. Supreme Court justices, David Davis and Nathan Clifford, in *Bradley v. Fisher* 80 U.S. 335 (1872), agree with the contractual terms

set by the U.S. Constitution from [Doc. 331], (see **Exhibit A**), and their opinions from the ruling at issue regarding judicial immunity are shown below:

## DISSENTING OPINION

**Mr. Justice DAVIS, with whom concurred Mr. Justice CLIFFORD,**

dissenting.

I agree that judicial officers are exempt from responsibility in a civil action for all their judicial acts in respect to matters of controversy within their jurisdiction. I agree, further, that judges of superior or general authority are equally exempt from liability, even when they have exceeded their jurisdiction, unless the acts complained of were done maliciously or corruptly. But I dissent from the rule laid down by the majority of the court, that a judge is exempt from liability in a case like the present, where it is alleged not only that his proceeding was in excess of jurisdiction, but that he acted maliciously and corruptly. If he did so, he is, in my opinion, subject to suit the same as a private person would be under like circumstances.

I also dissent from the opinion of the majority of the court for the reason that it discusses the merits of the controversy, which, in the state of the record, I do not consider open for examination.

Definitions[2,3] of what constitutes a malicious act include "*doing an intentionally wrong act*" and "*the intentional and wrongful action or actions of one or more persons, whether or not agents of a sovereign power.*"

Below are Stephen Field's arguments for why he needs to use the proceedings to commit the malicious or corrupt acts, first from Ran*dall v. Brigham*, U.S. 523 (1868):

In England, the superior judges are the delegates of the King. Through them he administers justice, and to him alone are they accountable for the performance of their trust. And it was said as long ago as 1608, as reported by Lord Coke in *Floyd and Barker's Case*, [Footnote 5] that insomuch as the judges of the realm have the administration of justice, under the King, to all his subjects, they ought not to be called in question for any judicial proceedings by them, except before the King himself, "for this would tend to the scandal and subversion of all justice; and those who are most sincere would not be free from continual calumniations."

---

[2] See https://thelawdictionary.org/malicious-act/.
[3] See https://www.lawinsider.com/dictionary/malicious-act.

Field repeated his "king" arguments in *Bradley v. Fisher*, 80 U.S. 335 (1871), and adds the additional conditions that even the purity of Field's motives could not be questioned, except of course by the king of England:

> Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry. This was adjudged in the case of *Floyd and Barker,* reported by Coke, in 1608,‡ where it was laid down that the judges of the realm could not be drawn in question for any supposed corruption im*348peaching the verity of their records, except before the king himself, and it was observed that if they were required to answer otherwise, it would " tend to the scandal and subversion of all justice, and those who are the most sincere, would not be free from continual calumniations."

It's easy to see from Field's opinions in Ran*dall v. Brigham,* U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1871) why Mendoza was taught and trained to rely on 11th Circuit rulings, and not Field. Stephen Field spits directly on the U.S. Constitution. The U.S. Constitution does not use, or rely, on a king at all, that was England. The U.S. Constitution replaced the king with the rule of law. Furthermore, Field fails to assert any legitimate reason under the U.S. Constitution as to why he needs immunity to use a court proceeding to commit malicious acts against litigants.

The historical timeline and the actual opinions from the Stephen Field in Ran*dall v. Brigham,* U.S. 523 (1868) and *Bradley v. Fisher*, 80 U.S. 335 (1871) shows these obsessions for judges to use judicial proceedings to engage in malicious acts against litigants are not only psychopathic in nature, they can be traced to the same entities that were using the secret societies of Freemasons and

Skull and Bones that use government officials to engage in organized government crime also of a psychopathic nature, [Doc. 331].[4]




**Figure 1.** Timeline that shows when the criminal syndicate from Europe attacked the U.S. to take over law enforcement using Freemasons. The organized crime by law enforcement led to the creation of the Anti-masonic party, and 6th U.S. president John Quincy Adams spoke out against the secret societies.[5]

One can see that the Freemason U.S. Supreme Court justice Stephen Field used a lie in *Bradley v. Fisher*, 80 U.S. 335 (1871) that is in fact psychopathic, and connects contradictory statements. Field's lie, in asserting he must take action to protect something of value, is that he and other judges need to be able to use court proceedings to engage in malicious acts against litigants, because the judges have to protect the court system. Or the more straightforward lie, the ability for judges to use court proceeding to engage in malicious acts against litigants ***will*** protect the court system.

In contrast, the U.S. Supreme Court justices David Davis and Nathan Clifford, are completely consistent with the contractual oath of a judge to the U.S.

[4] See for example, https://en.wikipedia.org/wiki/Skull_and_Bones.
[5] See for example, https://dukereportbooks.com/books/letters-on-freemasonry/.

Constitution, and the terms set by the U.S. Constitution, that all attorneys in the case can analyze now as well, as was done by the Plaintiff in **Exhibit A**.

Mendoza had no legitimate reason for refusing to acknowledge his oath to the U.S. Constitution as his contract and controlling law as he did in [Doc. 337]. In the place of judicial notice, Mendoza repeated the lie told by Stephen Field in [Doc. 348], that Mendoza is somehow trying to protect the court system by refusing to judicially notice his oath to the U.S. Constitution, and analyze those terms to compare with the judicial immunity he asserts in [Doc. 312] and [Doc. 348], to use court proceedings to commit malicious acts against litigants.

## II. Why Mendoza needs judicial immunity: Crimes and fraud in the proceeding with Jeffrey Weiss that continues into [Doc. 351], pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

The judicial immunity that Mendoza is attempting to assert for himself and his fellow judges in [Doc. 312] and [Doc. 322] is **not** to protect the U.S. court system, as Mendoza alleges in [Doc. 348]. Mendoza has been caught in the opposite, which is systematic fraud that uses the proceeding with the attorney Jeffrey Weiss to engage in malicious acts against litigants. Weiss is now implicated in fraud, crime, stalking, assaults, and batteries, involving the DOJ and Florida court proceeding, in *Deppe I*, *Deppe II*, *Deppe III*, and *Deppe IV*, that include the violations by FLMD judges of their own Court's Local Rule 1.05(a), [Doc. 101], [Doc. 338].

The stay ordered by Mendoza in [Doc. 312] was not just any stay. Mendoza reviewed the Third Amended Complaint for more than ten (10) months while the

Plaintiff was once again stalked, assaulted, and battered, and suffered property damage, during the stay. Figure 2 below shows the timeline of the 10-month stay Mendoza used in the proceeding of FLMD Case No. 6:24-cv-2098 from [Doc. 347] discussed further below, with the similar tactics of harassment and stalking linked to the DOJ.




**Figure 2.** Timeline from [Doc. 347] that shows how the Plaintiff was stalked, cyber-stalked, harassed, assaulted, battered, and suffered property damage in retaliation for filing lawsuit of FLMD Case No. 6:24-cv-2098.

Defendant Weiss has made multiple filings that contain false statements as part of the schemes, that include [Doc. 333] and [Doc. 351]. [Doc. 351] continues the pattern by Weiss of the use of intentional false statements and court fraud.

However, the issue raised in [Doc. 351] about whether the court systems are "*replete with psychopaths who participate in organized government crime...*" should be addressed. The district judge Paul Byron doesn't exhibit psychopathic behavior at all, and exhibits the opposite (non-psychopathic), [Doc. 208]. Julie Sneed may be psychopathic, because she was pathological in crafting her own lies

in FLMD Case No. 6:23-cv1484, to cover up the existing crimes of expansive perjury by the Florida state actor and attorney, Sandra Sovinski, [Doc. 338].

The DOJ **is** the U.S. agency that appears to be "*replete with psychopaths,*" and that has been taken over by the same criminal syndicate of psychopathic nature that first took over U.S. law enforcement, [Doc. 331]. They did this by penetrating and corrupting elements of the Freemason secret society in the early 1800's, in Europe and the U.S., and continued into the DOJ and its Federal Bureau of Investigation (FBI), [Doc. 331].

Jeffrey Weiss may be a psychopath and is certainly pathological in using court proceedings and court filings to lie and commit crimes that involve the DOJ and Florida judges, i.e., [Doc. 347], (also see what Mendoza calls *Deppe I*, *Deppe II*, *Deppe III*, and *Deppe IV* in [Doc. 348]). However, it is not unlawful for attorneys to possess the psychopathic brain structure that causes a propensity for crime. 28 U.S.C. §455(a) and the objective observer standard are relevant to judges.

## MEMORANDUM OF LAW

Rule 60(b)(1), (3) of the Federal Rules of Evidence allow a relief from a judgement for the reasons of (1) mistake, inadvertence, surprise, or excusable neglect; and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

The U.S. Constitution contractually binds judges by oath to the terms of their employment defined within the U.S. Constitution, and makes judges subject to suit for use of their judicial positions to commit unlawful acts.

28 U.S.C. §455(a) states "Any justice, judge, or magistrate judge of the United States ***shall*** disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(b) states that "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ..."

The 11th Circuit has ruled that under 28 U.S.C. §455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned...," and "The standard is further whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christ v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

The U.S. Supreme Court has ruled that "in the absence of... undue delay, bad faith or dilatory motive... undue justice... futility of an amendment, etc. the leave should be 'freely given,'" *Foman v. Davis,* 371 U.S. 178, 182 (1962). *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) defines four types of shotgun pleadings, is cited in [Doc. 348], and compared in this Motion with the Third Amended Complaint, [Doc. 338].

## ARGUMENT

**I. Mendoza made mistake and issued contradictory orders, [Doc. 335], [Doc. 348], after the judicial immunity fraud in 11th Circuit rulings became apparent, and relief from [Doc. 348] is justified pursuant to Rule 60(b)(1).**

The mistake by Mendoza regarding judicial immunity now impacts the Third Amended Complaint through improper dismissal, [Doc. 348], and evidence of crimes by Paetra Brownlee, the state judge, contained in government records [Doc. 338]. More than fifteen opposing counsels have reviewed the alleged judicial fraud scheme involving the U.S. Supreme Court justices Stephen Field and opposition by David Davis and Nathan Clifford in *Bradley v. Fisher*, 80 U.S. 335 (1871), and compared this to contract law set by the oath of a judge to the U.S. Constitution **(Exhibit A**, [Doc. 331].

Every attorney in this proceeding, whether defendant or opposing counsel, refused to cite 11th Circuit rulings as legitimate in Mendoza's order [Doc. 312]. There is no dispute among defendants or opposing counsel that the Court is **required** to judicially notice the contractual oath to the U.S. Constitution as controlling law concerning judicial immunity, [Doc. 332].

The attorneys are sending Mendoza and other judges a clear message, [Doc. 332]. They were taught, trained, and required to obey their oaths to the U.S. Constitution, and they want judges to also obey. Their actions make apparent they do not want to be part of this judicial fraud with Mendoza and other judges that was set up in *Bradley v. Fisher*, 80 U.S. 335 (1871), and is causing damages to the U.S., and tied to illegal wars and government corruption, [Doc. 331].

None of the defendants or their counsels opposed the Motion to stay the proceeding, [Doc. 345], to work through the 11th Circuit rulings on judicial immunity in [Doc. 312] and now [Doc. 348], that are based on *Bradley v. Fisher*,

80 U.S. 335 (1871) and clearly fraudulent. No defendants or their counsels asserted that the Third Amended Complaint is a shotgun pleading in conferring or filings.

These are officers of the Court, whose actions make clear they don't want the judicial immunity fraud scheme from *Bradley v. Fisher*, 80 U.S. 335 (1871) in the court system any longer. They want the Court to judicially notice the oath to the U.S. Constitution as ***contractually binding***, and for the Court to compare these terms from the U.S. Constitution as required by Rule 201 of the Federal Rules of Evidence, [Doc. 332], with the assertions by Mendoza in [Doc. 312].

The recent filings by Weiss and his counsel, [Doc. 333] and [Doc. 351], contain a great deal of pretext, and intentional false statements that serve to instruct Mendoza on what orders to issue, [Doc. 347]. There is evidence in the proceeding records that the DOJ attorney, Randy Harwell, did the same [Doc. 312].

The statement concerning judicial notice from the Weiss response [Doc. 333] shown below, cites only [Doc. 330] and [Doc. 331], but **not** [Doc. 332].

> Defendant, Jeffrey Weiss, by and through undersigned counsel, files this Response to Plaintiff's Motion for Judicial Notice of Adjudicative Facts [Doc. 330] and Plaintiff's Amended Motion for Judicial Notice of Adjudicative Facts [Doc. 331], and would state:

It is not an accident that [Doc. 333] make no dispute about [Doc. 332]. Even Frank Sheppard, Weiss' counsel, refused to cite 11th Circuit rulings Mendoza used in [Doc. 312], during conferring on judicial immunity.

[Doc. 350] shows that 11th Circuit rulings Mendoza cited in [Doc. 312] and [Doc. 348] are pass throughs of the judicial immunity fraud scheme by Stephen Field in *Bradley v. Fisher*, 80 U.S. 335 (1871). Weiss does not even try to cite *Bradley v. Fisher*, 80 U.S. 335 (1871), or the 11th Circuit rulings in [Doc. 351]. But the Weiss response, [Doc. 351], still does **not** dispute that the Court must judicially notice the Mendoza's oath to the U.S. Constitution as contractually binding and controlling law, [Doc. 332].

The district judge made mistake pursuant to Rule 60(b)(1) of the Federal Rules of Evidence, about his "most important" contract, which is set by oath to the U.S. Constitution. Mendoza made mistake that impacts [Doc. 348] and the Third Amended Complaint. The Court **must** judicially notice the U.S. Constitution as contractually binding, as requested in [Doc. 332], and analyze those terms set regarding judicial immunity to use court proceedings to engage in malicious and unlawful acts, and crimes against the litigants, [Doc. 312], [Doc. 348].

**II. Defendant Weiss has engaged in repeated the crimes and fraud that continue in [Doc. 351], see [Doc. 333], [Doc. 347], and relief from [Doc. 348] is justified pursuant to Rule 60(b)(3).**

Jeffrey Weiss' filings, [Doc. 333] and [Doc. 351], contain intentional false statements used to instruct Mendoza on what orders should be issued, and how. Weiss engaged in crimes and fraud in what Mendoza cites as *Deppe I*, *Deppe II*, *Deppe III*, and *Deppe IV*. The intentional false statement shown below underlined in red is from [Doc. 333]:

1. This Court entered a stay pending ruling on the outstanding Motions to Dismiss filed by the multiple Defendants in this case. See this Court's Order dated October 22, 2025 [Doc. 312]. As a result, Defendant believes that Plaintiff's

The docket shows the statement: "*This Court entered a stay pending ruling on the outstanding Motions to Dismiss filed by multiple Defendants in this case*" is false.

There were no pending outstanding Motions to Dismiss upon which Mendoza could rule. [Doc. 312] already disposed of all such motions. The ten-month stay was entered by Mendoza supposedly to review the Third Amended Complaint, and determine if it was a shotgun pleading that should be filed, [Doc. 312].

Weiss filed [Doc. 351] just recently, that contains yet another intentional false statement, shown below:

*Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019). As to Defendant Weiss, Plaintiff fails to identify any statement, filing, or act by Weiss that was false or fraudulent, and provides no explanation as to how any conduct by Weiss prevented

The statement above by Weiss regarding [Doc. 333] that he placed in [Doc. 351] is again proven false, and directly contradicted by [Doc. 347]. [Doc. 347], [Doc. 350], and this Motion identify the statement in [Doc. 333], that is false as shown above.

Weiss has induced yet another counsel, Ms. Steele as part of [Doc. 351], into placing an intentional false statement into a court filing, and that is easily proven false by the proceeding records themselves. The proceeding records themselves provide clear and convincing evidence of criminal violation of Fl. St. §914.22.

The attorneys took an oath to the U.S. Constitution and want to protect the court system, not fraud and white-collar crimes between Jeffrey Weiss and judges that is evidenced in [Doc. 333] and [Doc. 351], that use court proceedings to engage in malicious acts against litigants. Weiss has done so in *Deppe I*, *Deppe II*, *Deppe III*, an *Deppe IV*. Weiss is pathological, and uses Ms. Steele and [Doc. 351] to make the intentional false statement in [Doc. 351], to instruct and induce Mendoza to omit the false statement by Weiss in [Doc. 333] identified in [Doc. 347].

Pursuant to Rule 60(b)(3) of the Federal Rules of Evidence, these fraud schemes by Weiss with judges in court proceedings merit relief from [Doc. 348], and merit default judgement against Weiss and his law-firm for damages caused by Weiss' actions in fraud and crimes against the Plaintiff.

**III. Mendoza himself admits mistake. [Doc. 348] contradicts [Doc. 335], and both cannot be correct. [Doc. 348] is based on mistake, and relief is justified pursuant to Rule 60(b)(1).**

Mendoza himself admits that he has made a mistake through his orders, and [Doc. 348] contradicts [Doc. 335] about the Third Amended Complaint. Mendoza issued order [Doc. 335] after reviewing the Third Amended Complaint for more than ten months specifically for defects, after the Plaintiff corrected the defects identified in the Second Amended Complaint and added defendants. Mendoza determined in [Doc. 335] that the Plaintiff had corrected those defects, and that the Third Amended Complaint should be filed. Mendoza issued the order [Doc. 335] shown below:

**Document Number:** 335(No document attached)

**Docket Text:**
**ENDORSED ORDER denying as moot [318] Motion for Leave to File Third Amended Complaint. Plaintiff was granted leave to file a Third Amended Complaint in the Court's previous order dismissing the Second Amended Complaint (Doc. 312 at 17). However, the claims against Paetra T. Brownlee were dismissed with prejudice, (id.), and therefore, to the extent the Third Amended Complaint asserts claims against her, they are STRICKEN. The Clerk is directed to file Plaintiff's Third Amended Complaint (Doc. Nos 318-1through 318-5) and the exhibits thereto (Doc. Nos. 318-6 through 318-30) as a separate docket entry with the filing date of September 28, 2026. Signed by Judge Carlos E. Mendoza on 9/28/2026. (KMD)**

In between orders, [Doc. 335] and [Doc. 348], Mendoza discovered that the 11th Circuit rulings Mendoza cited in [Doc. 312] on judicial immunity are fraudulent and based on Field's king argument in *Bradley v. Fisher*, 80 U.S. 335 (1871). Opposing counsels refuse to cite the 11th Circuit rulings cited by Mendoza in [Doc. 312], [Doc. 348], because they can do contract law on the U.S. Constitution and know the oath is contractually binding, [Doc. 332].

Mendoza issued [Doc. 348] one day after receiving [Doc. 347], showing that the ten-month stay issued by Mendoza had been used again stalk, assault, batter, and cause property damage to the Plaintiff through the "harassment network" linked to the DOJ and secret societies such as St. Elmo and Skull and Bones attached to Yale, and the court system controlled by the DOJ.

Mendoza calls the current proceeding *Deppe IV* in [Doc. 348], which was used for stalking, assaults, and batteries, during Mendoza's illegitimate ten-month stay in this proceeding, just like *Deppe I* and *Deppe III*. The stalking, assaults, batteries, and property damage are shown below in the timeline of this proceeding.




**Figure 3.** Timeline from [Doc. 347] that shows how the Plaintiff was stalked, cyber-stalked, harassed, assaulted, battered, and suffered property damage in retaliation for filing lawsuit of FLMD Case No. 6:24-cv-2098.

This is a large case with more than fifteen opposing counsels because of how many individuals were induced by attorneys like Weiss and Sovinski, and their connections to the Florida governor's office, to participate in organized government crime described in the Third Amended Complaint. Many of the defendants are themselves attorneys, [Doc. 338]. The defendants and opposing counsels had more than ten months to review the Third Amended Complaint.

None of these defendants or opposing counsels, including defendant Weiss in [Doc. 351], asserted to the Plaintiff that they are confused by the Third Amended Complaint, its allegations, the exhibits, or its claims, or that it is a shotgun pleading. Below is the reasoning from *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) against a shotgun pleading.

> and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.

The Plaintiff has not tried to confuse or prejudice any defendants, and has done the opposite. The Plaintiff agrees that the Third Amended Complaint is long, but this is because of the large number of defendants induced into the scheme. The actual pages per defendant, including claims, is less than fifteen pages per defendant, [Doc. 338]. The actual records of conferring contradict [Doc. 348], and show the defendants and opposing counsels understand the alleged facts and claims of the Third Amended Complaint, despite it may not be perfectly written.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) defines four types of shotgun pleadings. The **first** is a complaint containing multiple counts where each count adopts allegations of all preceding counts, which the Third Amended Complaint **does** not do. The **second** is being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Portions of the first two claims of the Third Amended Complaint are included with this Motion and show that the Third Amended Complaint does **not** do this. The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. The Third Amended Complaint does **not** do this, and separates each claim. The fourth type of shotgun pleading asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omission. The Third Amended Complaint therefore also does **not** do this.

Mendoza dismissed the Third Amended Complaint [Doc. 348], knowing the government records attached as exhibits in *Deppe I* contain proof crimes by state

actors Jeffrey Weiss, Paetra Brownlee, and Sandra Sovinski, [Doc. 338]. Mendoza, as a district judge, is literally an expert on these types of government records shown in **Exhibit C** and **Exhibit D**, that are indisputable. It's virtually impossible for Mendoza to be confused about these as he asserts in [Doc. 348].

The timeline shown below from the state court docket in **Exhibit C** and facts given in the Third Amended Complaint about Paetra Brownlee show that the 9th Judicial Circuit proceeding allowed Weiss and defendant Sweetapple to operate the state court proceeding ***without a judge*** for more than six months.

Below is the timeline of the 9th Judicial Circuit proceeding from the court's docket, **Exhibit C. Exhibit C** shows that Brownlee is the only judge of record. The case began December 12, 2019, when Paetra Brownlee was not yet a state judge. Brownlee was appointed judge by DeSantis in May, 2020, [¶¶ 365, 366, Doc. 338].

**Florida's 9th Judicial Circuit allowed Weiss/Sweetapple to operate whistleblower proceeding without judge for retaliation for six-months, followed by extortion, stalking, assaults, batteries, confinement, poisoning of the Plaintiff, [Doc. 338]**




In April, 2020 of *Deppe I*, while Weiss and Sweetapple were operating the state court proceeding without a judge, Sovinski began filing changed patent records trying to correct her earlier perjury in the USPTO [¶¶ 305-311, Exhibit 16, Doc. 338]. One of these patent records in **Exhibit D**, [Exhibit 16, Doc. 338], and

the section shown below in which she tried to cross out the statement after learning from the Plaintiff it could be proven false.

> Previously Recorded Document is erroneous. Dennis Deppe filed Provisional application no. 62/459,078, tol:15/897672 *pro se*, contrary to UCF regulations and policies~~, and improperly designated his own company, sdPhotonics, LLC, as a co-applicant. UCF's prosecution counsel carried on the improper co-applicant designation during the non-provisional phase.~~ UCF's prosecution counsel also did not record any assignment documents for the application, also contrary to UCF policies. 4/7/2020

Sovinski was so emboldened in *Deppe I* to use her state position to commit crimes, she committed more perjury in the USPTO in *Deppe I* to cover up prior perjury in the USPTO that was under litigation, [Doc. 338]. Sovinski violated the Florida perjury statute, Fl. St. §837 directly in the proceeding of *Deppe I*, in a way that is unable to dispute, **Exhibit D**, during the 9th Judicial Circuit court operated by Jeffrey Weiss without a judge assigned, [**Exhibit C**, Doc. 338].

Mendoza made mistake in presenting facts from the Third Amended Complaint related to the stalking, assaults, batteries, and property damage used during stays in court proceedings that Mendoza thought was important, [Doc. 348]. What Mendoza calls *Deppe I* in [Doc. 348] is the 9th Judicial Circuit proceeding shown above.

The Plaintiff did not "take a different tact" in later cases, such as *Deppe III*. After the Plaintiff fired Sweetapple in August, 2020, and became pro se in *Deppe I*, the Plaintiff was extorted, (Mendoza omits the threats by attorney John Vetter in Nov. 2020, [Doc. 338], [Doc. 348]), followed by being stalked, assaulted, battered, confined, and poisoned, and targeted with property damage in Q4 2020.

The same tactic with Jeffrey Weiss was used in *Deppe III* and *Deppe IV*. The Plaintiff was stalked, assaulted and battered as part of the long stay involving Weiss in *Deppe III*. The Plaintiff has now been stalked, assaulted, battered, and targeted with property damage, in this proceeding, *Deppe IV*, during the ten-month stay by Mendoza involving Weiss, [Doc. 347].

In each of the cases the Plaintiff was stalked, assaulted, and battered in stays in what Mendoza labels *Deppe I*, *Deppe III*, and this proceeding, [Doc. 347], *Deppe IV*, when the Plaintiff went pro se. The same happened in *Deppe I* when the Plaintiff went pro se, because the court scams Jeffrey Weiss was running with the Florida judges could not be implemented by bribing or corrupting the attorneys. Mendoza tries to paint a different picture in [Doc. 348] about *Deppe I*, which is proven false by the facts and **Exhibit C.**

*Deppe II* that Mendoza cites, is the case in which the attorney John Bustamante informed the Plaintiff that Bustamante had obtained knowledge of which FLMD judge would be assigned to the case, which was Wendy Berger, [Doc. 338]. **Bustamante** was the attorney who prepared and then filed an improper complaint into *Deppe II*, that the Plaintiff was forced to dismiss. It was not the Plaintiff who filed the improper complaint in *Deppe II*.

The Plaintiff was forced to dismiss the improper complaint that Bustamante prepared and filed, as part of what even Bustamante asserted at the time, and now proven beyond reasonable doubt, that FLMD judges were systematically violating

the Court's Local Rule 1.05(a) to join the DOJ and attorneys in organized government crime, [Doc. 101].

Bustamante was part of conferring on motions, and never asserted to the Plaintiff that he was confused by Claim 1 in **Exhibit E**, or that Bustamante was not placed on proper notice. Count 1 from the Third Amended Complaint involving Bustamante and the Court's Local Rule 1.05(a) violations by Wendy Berger, pursuant to 48 U.S.C. §1985, [Doc. 338], is now shown in **Exhibit E**.

Bustamante admitted, which was later proven true, that Bustamante acted in conspiracy with FLMD judges, and obtained the information that Wendy Berger would be assigned as judge to the case that Bustamante used for intimidation prior to filing the improper complaint in *Deppe II*, [Doc. 338]. The facts show the FLMD judges actively engaged in fraud upon the court using the violations of the Court's Local Rule 1.05(a), [Doc. 101], [Doc. 338], and why Mendoza asserted immunity to commit fraud in [Doc. 312].

The U.S. Supreme Court has ruled that "in the absence of… undue delay, bad faith or dilatory motive… undue justice… futility of an amendment, etc. the leave should be 'freely given,'" *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Plaintiff has none of these, but Mendoza and Jeffrey Weiss have, [Doc. 333], [Doc. 347], [Doc. 351]. Mendoza used *Deppe IV* to engage in fraud and crimes with the attorney Weiss, who records show has been pathological in his crimes and fraud in *Deppe I*, *Deppe II*, *Deppe III*, and *Deppe IV*, involving judges, court proceedings, and Florida state actors.

Proceeding records and the complaint show that Mendoza made mistake in [Doc. 348], and issued the order and judgement because Mendoza had been caught in fraud with Weiss, [Doc. 347], and made mistake that all opposing counsels and attorneys in the case witnessed, when Mendoza refused to judicially notice the U.S. Constitution as his contract from [Doc. 332]. Relief from the judgement of [Doc. 348] is therefore appropriate pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

Carlos Mendoza has been induced into the 150-year-old fraud scheme using a psychopathic argument involving judicial immunity that records show was put in place by secret societies with criminal intent, i.e., *Bradley v. Fisher*, 80 U.S. 335 (1871). The argument is a circular legal argument that states upfront a judge's intent to use court proceedings to commit malicious acts to retaliate against litigants, [Doc. 312], and based on a king that is illusory over the U.S. Constitution. Mendoza maliciously issued contradictory orders, [Doc. 335] and [Doc. 348], and the facts make clear [Doc. 348] is mistake, and fraud by Mendoza and Weiss.

## RELIEF SOUGHT

Carlos Mendoza entered the domain of insurrection and rebellion defined in 18 U.S.C. §2383, by denying that his oath to the U.S. Constitution is contractually binding in [Doc. 337] and [Doc. 348], in support of a criminal syndicate that exerts control over the DOJ, causes wars and government crimes, and uses the fraud from Field's king argument in *Bradley v. Fisher*, 80 U.S. 335 (1871) to corrupt judges.

28 U.S.C. §455(a) and (b) require Mendoza's disqualification from the Court, and to turn the proceeding over to a randomly selected judge not part of the Court's Local Rule 1.05(a) violations, [Doc. 101]. Mendoza himself admits confusion in [Doc. 348] about the U.S. Constitution and why he is contractually bound by oath, which points to inducement. This also impacts the appellate judges, and 11th Circuit rulings based on *Bradley v. Fisher*, 80 U.S. 335 (1871), [Doc. 312], [Doc. 348].

A new judge should be assigned to this case to 1.) Judicially notice and analyze the U.S. Constitution and its contractual oat to determine judicially immunity, [Doc. 332]; 2.) Review motions to default defendants Weiss and Sovinski pursuant to existing court orders, i.e., [Doc. 8], [Doc. 347]; and 3.) Address the fraud and commission of crimes in the proceeding against the Plaintiff by Weiss, and for damages caused to the Plaintiff in this proceeding and prior proceedings, and reinstate the Third Amended Complaint, [Doc. 338].

**RULE 3.01(g) CERTIFICATION OF COMPLIANCE**

The Plaintiff certifies that, prior to filing this Motion, he conferred with all counsel and self-represented defendants in good faith who took no position on the Motion.

Respectfully submitted this day of 24th day of November, 2026.

/s/ Dennis G. Deppe
DENNIS G. DEPPE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2026, I filed the above document through the U.S. District Court of the Middle District – Orlando, which will provide electronic service to self-represented defendants and defendants' counsels, and the Plaintiff will provide separate electronic service to defendants Robin Foret, at rforet@texaslaborlaw@icloud.com, and Linda Coco, at aas27725696@gmail.com.

/s/ Dennis G. Deppe
DENNIS G. DEPPE, PRO SE
5749 Aloma Woods Blvd.
Oviedo, FL 32765
Telephone: (407) 929-1062
E-Mail: dennisdeppe01@gmail.com