# Exhibit E

## Count 1 of [Doc. 338], violations of FLMD Court's Local Rule 1.05(a) by FLMD judges and clerk

**Count 1: Defendant Bustamante.**

649. The Plaintiff realleges and incorporates paragraphs 316-317, 322-329, 350-354, 375-385, 630-641, 642, 644-648, and Exhibits 8-10 of this Complaint as though fully set forth herein.

650. Defendant Bustamante was hired to represent the Plaintiff in matters involving the false declarations that had been filed by Sandra Sovinski into the USPTO in or about August, 2019, and again in April, 2020 during the Florida Whistleblower proceedings.

651. The Plaintiff and Bustamante discussed when he was Bustamante was hired that other attorneys had tried to damage the Plaintiff's position in the Florida Whistleblower proceeding.

652. Bustamante reviewed the 2014 IP Agreement, UCF Regulations UCF-2.029, and the declarations that Sovinski had filed into the USPTO, and advised the Plaintiff that the Plaintiff and sdPhotonics should sue UCF in federal court instead of the Florida state court, and that Bustamante would prepare the complaint to be brought in the U.S. District Court of the Middle District of Florida (FLMD court).

653. After the Bustamante prepared the complaint, but prior to filing the complaint, Bustamante contacted and informed the Plaintiff that Bustamante had learned the name of the federal judge who would be assigned to the case, and that the judge was a "Trump" judge named Wendy Berger.

654. In or about August, 2020, Bustamante filed the federal complaint into the FLMD court, and Wendy Berger was assigned as the judge to the case, which was FLMD Case No. 6:20-cv-1558.

655. It was later determined from subsequent lawsuits in the FLMD court system that Wendy Berger and the clerk of the FLMD court, Elizabeth Warren, and other FLMD judges, were in fact repeatedly violating FLMD Local Rule 1.05(a).[12]

656. The Plaintiff then learned that Bustamante had also brought the federal complaint improperly against UCF, and that UCF had sovereign immunity against suit in federal court.

657. After the Plaintiff was forced to dismiss the improper federal complaint Bustamante had prepared and filed, Bustamante began drafting a settlement agreement with Jeffrey Weiss, Ary Chang, Youndy Cook, and Sandra Sovinski.

658. When the Plaintiff asked Bustamante why he needed certain information from the Plaintiff, Bustamante became annoyed and informed the Plaintiff that sdPhotonics should have offered Bustamante an equity position, and Bustamante would have worked for sdPhotonics.

659. Bustamante violated 42 U.S.C. §1985(2), (3), when he tried to intimidate the Plaintiff with information that the FLMD court system would also be corrupt, and at the same time admitted he was in a conspiracy, by informing the Plaintiff that Bustamante had learned Wendy Berger would be assigned as judge to the case even before he filed the complaint.

660. In fact, Berger was assigned to the federal case, and Bustamante articulated his agreement in the conspiracy with the FLMD judges to intimidate the Plaintiff by Bustamante articulating that he was also part of the conspiracy to violate the Plaintiff's rights to a fair proceeding. The FLMD judges were in fact violating Local Rule 1.05(a), exactly as Bustamante explained he had learned from others.

661. Bustamante then repeated the pattern of intimidation, informing the Plaintiff in or about early October, 2020, that Bustamante had been offered an equity position from others to further damage the Plaintiff in the Florida Whistleblower proceeding, and that Bustamante would do nothing in response to the stalking, assaults, and batteries that had occurred when the military and attorneys working with UCF engaged in extortion.

662. Bustamante's actions prevented the Plaintiff from pursuing litigation in federal court to resolve the false declarations that had been filed by Sandra Sovinski, and Bustamante could have easily brought claims against Sovinski in her individual capacity, and did further damage to the Plaintiff and his company, and exposed the Plaintiff to further damages in the Florida Whistleblower proceedings using the settlement agreement Bustamante helped draft.

663. Defendant Bustamante engaged in the unlawful acts intentionally and maliciously, and Plaintiff is entitled to compensatory damages and punitive damages.